PAUL S. AOKI, 1286
Acting Corporation Counsel

ROBERT M. KOHN, 6291
NICOLETTE WINTER, 9588
Deputies Corporation Counsel
City and County of Honolulu
530 South King Street, Room 110
Honolulu, Hawaii  96813
Tel. No.: (808) 768-5129/(808) 768-5234
Facsimile:  (808) 768-5105
Email: robert.kohn@honolulu.gov/
nwinter@honolulu.gov

Attorneys for Defendants
CITY AND COUNTY OF HONOLULU

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TODD YUKUTAKE and DAVID KIKUKAWA,<br><br>           Plaintiffs,<br><br>     vs.<br><br>CLARE E. CONNORS, in her Official Capacity as the Attorney General of the State of Hawaii and the CITY AND COUNTY OF HONOLULU,<br><br>           Defendants. | CIVIL NO. 19-00578 JMS-RT<br><br>DEFENDANT CITY AND COUNTY OF HONOLULU'S ANSWER TO PLAINTIFFS' COMPLAINT, FILED ON OCTOBER 24, 2019; CERTIFICATE OF SERVICE<br><br>Trial Date: None |

DEFENDANT CITY AND COUNTY OF HONOLULU'S ANSWER TO
PLAINTIFFS' COMPLAINT, FILED ON OCTOBER 24, 2019

Defendant City and County of Honolulu ("City") hereby answers Plaintiffs'

Complaint, filed on October 24, 2019 (ECF No. 1) as follows:

## FIRST DEFENSE

1. Plaintiffs fail to state a claim upon which relief can be granted.

## SECOND DEFENSE

2. With respect to the allegations in paragraphs 2, 7-79, and 92 of the Complaint, the City has insufficient knowledge or information as to the truth or falsity of the allegations and therefore denies them.

3. With respect to the allegations in paragraph 3, the City admits that Clare E. Connors is the Attorney General of the State of Hawaii. The capacity in which Clare E. Connors is sued requires no admission or denial. With respect to the remaining allegations, the City has insufficient knowledge or information as to the truth or falsity of the allegations made therein and therefore denies them.

4. With respect to the allegations contained in paragraph 4, the City admits that it is a municipal corporation of the State of Hawaiʻi, that the Honolulu Police Department ("HPD") is a department of the City and County of Honolulu, and that the City was served with the Complaint in the instant case. The City denies all liability in this case and thus denies the remainder of the allegations.

5. With respect to the allegations contained in paragraphs 5 and 6, they are legal conclusions to which no answer is required.

6. With respect to the allegations contained in paragraphs 80 and 85,

they are not factual allegations requiring an answer.

7. With respect to paragraphs 81 through 84, the City denies that it violated the Second Amendment and that Plaintiffs are entitled to relief against the City. With respect to the remainder of the allegations contained in the paragraphs, the City has insufficient knowledge or information as to the truth or falsity of the allegations made therein; therefore it denies all allegations.

8. With respect to paragraph 86 of the Complaint, the City denies that the paragraph contains an accurate quotation of 28 U.S.C. § 2201 (a), and contends that the language of the Declaratory Judgment Act speaks for itself.

9. With respect to the allegations contained in paragraphs 87 through 91, and 93, the City denies such allegations.

10. All allegations set forth in the Complaint that are not specifically admitted herein are denied.

### THIRD DEFENSE

11. The City gives notice that it may rely on the defense that Plaintiffs lack standing.

### FOURTH DEFENSE

12. Plaintiffs have failed to prove requisite damages, including nominal damages, and/or failed to mitigate their damages, if any.

## FIFTH DEFENSE

13. The City gives notice that it may rely on the affirmative defense that Plaintiffs failed to name necessary and/or indispensable parties.

## SIXTH DEFENSE

14. The City gives notice that it may rely on the defense that it has immunity.

## SEVENTH DEFENSE

15. The City is not liable under the theory of respondeat superior or any theory of imputed liability.

## EIGHTH DEFENSE

16. The City gives notice that it may rely on the defenses of estoppel, res judicata, collateral estoppel, and claim and issue preclusion.

## NINTH DEFENSE

17. The City gives notice that it may rely on the defense that each cause of action must fail against any and all defendants because they were fulfilling their duties as provided by law.

## TENTH DEFENSE

18. The City gives notice that it may rely on the defense of law of the case.

## ELEVENTH DEFENSE

19. If a City employee or officer is immune from liability, then his employer, the City, is likewise immune from liability.

## TWELFTH DEFENSE

20. The City is not liable for Plaintiffs' alleged injuries and/or damages on the basis of City employees' qualified immunity.

## THIRTEENTH DEFENSE

21. There was no unconstitutional policy or custom of the City which resulted in or was the moving force behind the alleged deprivation of Plaintiffs' constitutional rights.

## FOURTEENTH DEFENSE

22. The City is not liable based on the acts and omissions of its officers or agents in performing or failing to perform a discretionary function or duty.

## FIFTEENTH DEFENSE

23. The City gives notice that it may rely on the defense that Plaintiffs' right to maintain this action is barred by the applicable statute of limitations and/or notice requires pursuant to HRS § 46-72.

## SIXTEENTH DEFENSE

24. Plaintiffs' rights, privileges and immunities secured under the laws and constitutions of the United States and the State of Hawai'i have not been

violated by any alleged action of the City.

### SEVENTEENTH DEFENSE

25.     The City gives notice that it may rely upon the defense that one or more defendants are improper parties.

### EIGHTEENTH DEFENSE

26.     The City gives notice that it may rely upon the defense that if it is determined that an employee, agent, servant, appointee or representative of the City was responsible for Plaintiffs' injuries and/or damages, such individuals' actions, omissions, or conduct were outside the course and scope of their reemployment or relationship with the City.

### NINETEENTH DEFENSE

27.     The City is not liable for the alleged injuries and/or damages to Plaintiffs on any claims based on their alleged failure to adequately enforce statutes, ordinances, rules, regulations and/or any other applicable law.

### TWENTIETH DEFENSE

28.     The City did not violate Plaintiffs' rights under the United States or Hawaiʻi Constitutions or 42 U.S.C. § 1983.

### TWENTY-FIRST DEFENSE

29.     The City was not a substantial factor in causing any damages as may be alleged in the Complaint.

## TWENTY-SECOND DEFENSE

30. The City cannot be liable for enforcing a state statute pursuant to *Wong v. City & Cnty. of Honolulu*, 333 F. Supp. 2d 942 (2018) and its progeny.

## TWENTY-THIRD DEFENSE

31. The City gives notice that one or more of the policies alleged to be unconstitutional in Plaintiffs' Complaint are not City policies.

## TWENTY-FOURTH DEFENSE

32. The City gives notice that it may rely on the defenses that the claims are not ripe for adjudication, and/or are moot.

## TWENTY-FIFTH DEFENSE

33. Declaratory and/or injunctive relief is not warranted as against the City.

## TWENTY-SIXTH DEFENSE

34. The City reserves all rights to assert any affirmative defenses or to rely on any matter constituting avoidance pursuant to Rule 8(c) of the Federal Rules of Civil Procedure and to seek leave to amend its Answer to allege any such defenses and to assert any other defenses, claims and counterclaims as discovery and the evidence may merit.

WHEREFORE, the City respectfully requests as follows:

1.    That the Court dismiss Plaintiffs' Complaint and enter judgment in favor of the City forthwith;

2.    That the Court award the City all fees and costs recoverable herein;

3.    That the Court grants all further relief in law and equity to which the City is entitled.

DATED:  Honolulu, Hawai'i, December 5, 2019

        PAUL S. AOKI
        Acting Corporation Counsel


By  /s/ Nicolette Winter
     ROBERT M. KOHN
     NICOLETTE WINTER
     Deputies Corporation Counsel

     Attorneys for Defendant
     CITY AND COUNTY OF
     HONOLULU

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TODD YUKUTAKE and DAVID KIKUKAWA,<br><br>    Plaintiffs,<br><br>vs.<br><br>CLARE E. CONNORS, in her Official Capacity as the Attorney General of the State of Hawaii and the CITY AND COUNTY OF HONOLULU,<br><br>    Defendants. | CIVIL NO. 19-00578 JMS-RT<br><br>CERTIFICATE OF SERVICE<br><br>[RE: DEFENDANT CITY AND COUNTY OF HONOLULU'S ANSWER TO PLAINTIFFS' COMPLAINT, FILED ON OCTOBER 24, 2019] |

## CERTIFICATE OF SERVICE

I hereby certify that, on the date and by the methods of service noted below, a true and correct copy of DEFENDANT CITY AND COUNTY OF HONOLULU'S ANSWER TO PLAINTIFFS' COMPLAINT, FILED ON OCTOBER 24, 2019 was served CM/ECF at their last known addresses as shown below:

ALAN ALEXANDER BECK           Alan.alexander.beck@gmail.com
Law Office of Alan Beck
2692 Harcourt Drive
San Diego, California  92123

-2-

STEPHEN D. STAMBOULIEH          stephen@sdslaw.us
Stamboulieh Law, PLLC
P.O. Box 4008
Madison, Massachusetts  39130

Attorneys for Plaintiffs
TODD YUKUTAKE and
DAVID KIKUKAWA

DATED:  Honolulu, Hawaiʻi, December 5, 2019.

                                        PAUL S. AOKI
                                      Acting Corporation Counsel

                                      By   /s/ Nicolette Winter
                                           ROBERT M. KOHN
                                           NICOLETTE WINTER
                                           Deputies Corporation Counsel

                                           Attorneys for Defendant
                                           CITY AND COUNTY OF
                                           HONOLULU