Alan Alexander Beck
Law Office of Alan Beck
2692 Harcourt Drive
San Diego, CA  92123
(619) 905-9105
Hawaii Bar No. 9145
Alan.alexander.beck@gmail.com

Stephen D. Stamboulieh
Stamboulieh Law, PLLC
P.O. Box 4008
Madison, MS  39130
(601) 852-3440
stephen@sdslaw.us
MS Bar No. 102784
*Admitted Pro Hac Vice*
Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TODD YUKUTAKE and DAVID KIKUKAWA, <br><br> Plaintiffs, <br><br> v. <br><br> CLARE E. CONNORS, in her Official Capacity as the Attorney General of the State of Hawaii and the CITY and COUNTY OF HONOLULU <br><br> Defendants. | Civil Action No. 19-578 (JMS-RT) <br> REPORT OF THE PARTIES' <br> PLANNING MEETING PURSUANT <br> TO FED. R. CIV. P. RULE 26(f); <br> CERTIFICATE OF SERVICE <br><br> <u>SCHEDULING CONFERENCE</u>: <br> DATE: January 7, 2020 <br> TIME: 9:00 AM <br> JUDGE: Hon. Rom Trader |

1

# REPORT OF THE PARTIES' PLANNING MEETING PURSUANT TO FED. R. CIV. P. RULE 26(f)

1. The following persons participated in the Fed. R. Civ. P. 26(f) conference via telephone on December 10, 2019: Alan Beck and Stephen D. Stamboulieh for the Plaintiffs; Kendall Moser for Defendant Clare Connors; and Nicolette Winter and Robert Kohn for Defendant City and County of Honolulu.

2. Initial Disclosures.  The parties will provide initial disclosures required by Rule 26(a)(1) sixty days after the Scheduling Conference.

3. Discovery Plan.  The parties propose this discovery plan:

    a. Discovery may be needed on Plaintiffs' allegations in the Complaint; and the Defendants' responses to the allegations set forth in the Complaint. Other discovery may be sought by the parties.

    b. Discovery or disclosure of electronically stored information.  The parties will work together to facilitate any disclosure of this information and will seek the assistance of the court if necessary.

    c. The parties have agreed to follow the process outlined in Fed. R. Civ. P. 26(b)(4)(B) regarding claims of privilege or of protection of trial preparation material asserted after production.

    d. Deadlines for Discovery:

        i. A party can commence discovery after the service of his or their initial disclosures or with the Answer to the Complaint.

      ii. Plaintiffs shall provide their expert witness disclosures, reports, and dates their experts will be available for deposition as ordered by the Court.

     iii. Defendants shall provide their expert witness disclosures, reports and dates their experts will be available for deposition as ordered by the Court or within sixty (60) days of receipt of Plaintiffs' disclosures and report.

     iv. Disclosures and reports of rebuttal experts, and dates they will be available for deposition, shall be provided as ordered by the Court.

      v. Disclosure of non-expert fact witnesses shall be made as ordered by the Court.

     vi. Discovery shall be completed as ordered by the Court.

  e. At this time, the parties do not anticipate the need to modify the limitations on discovery imposed by the Federal Rules of Civil Procedure. If any modification is needed, the parties will first consult before seeking the assistance of the Court.

4. Other items:

  a. Motion for leave to amend pleadings or to join parties shall be made as ordered by the Court.

  b. Dispositive Motions shall be filed as ordered by the Court.

    c. Final dates for submitting Rule 26(a)(3) disclosures, designations of witnesses whose testimony will be submitted by deposition, and exhibit lists as ordered by the Court.

    d. Final dates to file objections under Rule 26(a)(3) as ordered by the Court.

    e. Motions *in limine* and proposed jury instructions to be filed on a date and time ordered by the Court. Responses to motions *in limine* shall be filed on a date and time as ordered by the Court.

    f. The parties request a final pretrial conference on a date determined by the Court.

    g. Suggested Trial Date: The parties believe this case is proper for summary judgment, however, the parties will be ready for trial on a date ordered by the Court.

5. Other Matters:

    a. The parties have discussed alternative dispute resolution options, including, without limitation, the option of participation in the court's mediation program. The parties do not believe that ADR will be successful in this matter due to the subject matter of the Complaint and the parties believe that if the case can be settled it will be settled without necessitating a court-ordered mediation.

b. The parties have discussed the potential need for a protective order. The parties do not know at this juncture if a protective order is necessary, however, one may be necessary if confidential documents are produced. The parties agree to work together to formulate a protective order if necessary and present to the Court at that time.

c. Plaintiffs respectfully requests that counsel for Plaintiffs be allowed to appear telephonically at the January 7, 2020 scheduling conference and Defendants do not object to this request.

Dated: December 12, 2019.

Respectfully submitted,

**TODD YUKUTAKE AND DAVID KIKUKAWA**

*/s/ Alan Beck*
Counsel for Plaintiffs

Alan Alexander Beck
Law Office of Alan Beck
2692 Harcourt Drive
San Diego, CA  92123
(619) 905-9105
Hawaii Bar No. 9145
Alan.alexander.beck@gmail.com

*/s/ Stephen D. Stamboulieh*
Stephen D. Stamboulieh
Stamboulieh Law, PLLC
P.O. Box 4008
Madison, MS  39130
(601) 852-3440
stephen@sdslaw.us
MS Bar No. 102784
*Admitted Pro Hac Vice*

5