CLARE E. CONNORS         7936
Attorney General of Hawaii

CARON M. INAGAKI        3835
KENDALL J. MOSER        6515
Deputy Attorneys General
Department of the Attorney
 General, State of Hawaii
425 Queen Street
Honolulu, Hawaii 96813
Telephone: (808) 586-1494
Facsimile:  (808) 586-1369
E-Mail: Caron M. Inagaki@hawaii.gov
        Kendall.J.Moser@hawaii.gov

Attorneys for Defendant
CLARE E. CONNORS, in her
Official Capacity as the Attorney
General of the State of Hawaii

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TODD YUKUTAKE and DAVID KIKUKAWA,<br><br>Plaintiffs,<br><br>vs.<br><br>CLARE E. CONNORS, in her Official Capacity as the Attorney General of the State of Hawaii and the CITY and COUNTY OF HONOLULU,<br><br>Defendants. | CIVIL NO. 19-00578 JMS-RT<br><br>DEFENDANT CLARE E. CONNORS, IN HER OFFICIAL CAPACITY AS THE ATTORNEY GENERAL OF THE STATE OF HAWAII'S (1) OPPOSITION TO PLAINTIFFS' SEPARATE CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, AND (2) CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT OF COUNTER MOTION FOR SUMMARY |

|  | JUDGMENT; DECLATION OF KENDALL J. MOSER; EXHIBITS "A"-"O"; CERTIFICATE OF SERVICE |
|---|---|
|  | ECF No. 54 |
|  | <u>Hearing on Plaintiffs' Motion</u><br>Date: October 19, 2020<br>Time: 10:00 a.m.<br>Chief Judge J. Michael Seabright |
|  | Trial Date: January 12, 2021 |

## DEFENDANT CLARE E. CONNORS, IN HER OFFICIAL CAPACITY AS THE ATTORNEY GENERAL OF THE STATE OF HAWAII'S (1) OPPOSITION TO PLAINTIFFS' SEPARATE CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, AND (2) CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT OF COUNTER MOTION FOR SUMMARY JUDGMENT

Defendant Clare E. Connors, in her Official Capacity as the Attorney General of the State of Hawaii ("Defendant"), by and through her attorneys, Caron M. Inagaki and Kendall J. Moser, Deputy Attorneys General, pursuant to Local Rule 56.1, hereby submits (1) her opposition to Plaintiffs' Separate Concise Statement of Material Facts in Support of Motion for Summary Judgment [ECF No. 55], and (2) her concise statement of material facts in support of her counter motion for summary judgment.

| # | FACTS IN PLAINTIFF'S SEPARATE CONCISE STATEMENT | DEFENDANT'S RESPONSES |
|---|---|---|
| 1. | H.R.S. § 134-2(e) invalidates a permit to acquire a handgun after ten days. | Admit |
| 2. | H.R.S. § 134-3 requires in person registration of handguns. | Deny |
| 3. | Plaintiff Todd Yukutake is unable to take personally owned firearms on federal property. | Unknown |
| 4. | Plaintiff Yukutake must take off work to register firearms. | Unknown |
| 5. | Plaintiff David Kikukawa must take time off work to register handguns. | Unknown |
| 6. | Plaintiff Kikukawa stated that it is often difficult for him to take off from work and when he does, he either has to use personal time or a vacation day to take off. | Unknown |
| 7. | HRS § 846-2.7(a) and HRS § 846-2.7(b)(43) mandates entry of firearm purchases in the FBI's rap back program. | Deny |
| 8. | Rap back is a "service of the [FBI] that provides continuous criminal record monitoring . . . and notifies them when an individual subject to a criminal history check is arrested for a criminal offense anywhere in the country." | Admit that Exhibit "B" to Plaintiffs' Concise Statement says what Plaintiffs say it does. |

| # | FACTS IN SUPPORT OF DEFENDANT'S COUNTER MOTION | EVIDENTIARY SUPPORT |
|---|---|---|
| 1. | A basic firearm registration requirement was first adopted by the Territorial Legislature in 1907. | See Exhibit "A" to the Declaration of Kendall J. Moser. |
| 2. | Act 85 required "any person, firm, corporation or copartnership" residing or doing business in Hawaii that has "any fire arm or fire arms or any ammunition in its possession to file a "description" of the firearm, firearms, or | Id. |

2

|     |                                                                                                                                                                                                                                                                                 |                                                                  |
| --- | ------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- | ---------------------------------------------------------------- |
|     | ammunition with the county clerk.                                                                                                                                                                                                                                               |                                                                  |
| 3.  | The description included the "class of fire arms," the "name of the maker[,] and the factory number."                                                                                                                                                                           | Id.                                                              |
| 4.  | The name of the owner or possessor, the person's address, and the person's signature also had to be included on the description form.                                                                                                                                           | Id.                                                              |
| 5.  | In 1919, the Territorial Legislature adopted a "permit to purchase" requirement for firearms.                                                                                                                                                                                   | See Exhibit "B" to the Declaration of Kendall J. Moser.          |
| 6.  | The Senate Committee on Military stated that the purpose of this provision was to "enable the police authorities to have a better supervision and check over the sale of firearms."                                                                                             | See Exhibit "C" to the Declaration of Kendall J. Moser.          |
| 7.  | In 1923, the Territorial Legislature passed Act 156 which changed the language from a "permit to purchase" to a "permit to acquire."                                                                                                                                            | See Exhibit "D" to the Declaration of Kendall J. Moser.          |
| 8.  | In 1927, the Territorial Legislature passed Act 206.                                                                                                                                                                                                                            | See Exhibit "E" to the Declaration of Kendall J. Moser.          |
| 9.  | Act 206 clarified that the required "description" had to be in a "report" to the county sheriff (Section 18) and that the "permit to acquire" applied to a "sale, gift, loan or otherwise" (Section 9) and not just to disposition by dealers (Section 23).                     | Id.                                                              |
| 10. | Act 206 also added a scheme by which firearms would be confined to a person's "dwelling house or business office" (Section 5), unless the person obtained a license to carry (Section 7).                                                                                        | Id.                                                              |
| 11. | An exception was also made for transporting a firearm in a wrapper between a place of purchase or repair, a home, or a place of business (Section 6).                                                                                                                            | Id.                                                              |
| 12. | Act 206 also prohibited the alteration of identifying marks: "No person shall change, alter, remove, or obliterate the name of the                                                                                                                                              | Id.                                                              |

3

|     |     |     |
| --- | --- | --- |
|     | maker, model, manufacturer's number or other mark of identification on any pistol or revolver" (Section 13). |     |
| 13. | In passing Act 206, the Legislature indicated that its purpose was to make the firearms statutes more effective. | See Exhibit "F" to the Declaration of Kendall J. Moser. |
| 14. | In the 1933-1934 Special Session, the firearms statutes were comprehensively revised when the Territorial Legislature passed Act 26. | See Exhibit "G" to the Declaration of Kendall J. Moser. |
| 15. | The Legislature stated that "[t]he purpose of the Bill is to give the law enforcing agencies of the Territory a better means of controlling the sale, transfer and possession of firearms and ammunition." | See Exhibit "H" to the Declaration of Kendall J. Moser. |
| 16. | In 1968, the firearm registration provision was codified as HRS § 134-2, and the permit to acquire provision was codified as HRS § 134-3. | See Exhibit "J" to the Declaration of Kendall J. Moser. |
| 17. | The prohibition on alteration of identification marks was codified as HRS § 134-10. | Id. |
| 18. | In 1988, HRS Chapter 134, Part I, was entirely recodified. | See Exhibit "K" to the Declaration of Kendall J. Moser. |
| 19. | The registration and permitting provisions were reversed, with the permit to acquire provision becoming HRS § 134-2 and the registration provision becoming HRS § 134-3. | Id. |
| 20. | The current permit to acquire provision continues to be located in HRS § 134-2. | See Exhibits "L" (2011) and "M" (2018) to the Declaration of Kendall J. Moser. |
| 21. | The current registration provision continues to be located in HRS § 134-3. | Id. |
| 22. | The prohibition against alteration of identification marks is still located in HRS § 134-10. | Id. |
| 23. | In 1990, the Legislature considered amending the statutes to prohibit the possession of firearms near public and private schools. | See Exhibit "N" to the Declaration of Kendall J. Moser. |

4

| 24. | Ultimately, however, the Legislature decided to instead increase the penalties under the existing firearms laws. | Id. |
|---|---|---|
| 25. | The Senate Judiciary Committee explained: "While your Committee strongly agrees that our educational institutions should be places of sanctuary, we believe just as strongly that our entire community should be a safe place to live and learn and that everyone deserves to feel free from the threat of harm wherever they go." | See Exhibit "O" to the Declaration of Kendall J. Moser. |
| 26. | As part of the Plaintiffs' settlement with the City and County in this case, the Honolulu Police Department Firearms Permit Unit agreed to extend their hours of operation. | See the Declaration of Kendall J. Moser at ¶ 18. |

DATED: Honolulu, Hawaii, August 12, 2020.

STATE OF HAWAII

CLARE E. CONNORS
Attorney General
State of Hawaii


/s/ Kendall J. Moser
KENDALL J. MOSER
Deputy Attorney General

Attorney for Defendant
CLARE E. CONNORS, in her
Official Capacity as the Attorney
General of the State of Hawaii