# SESSION LAWS

OF

# HAWAII

PASSED BY THE

## FOURTEENTH STATE LEGISLATURE

## REGULAR SESSION
### 1988

Convened on Wednesday, January 20
and
Adjourned sine die on Wednesday, April 27

## SPECIAL SESSION
### 1988

Convened on Friday, May 20
and
Adjourned sine die on Monday, May 23

Published by Authority of the
Revisor of Statutes
Honolulu, Hawaii

LIBRARY
ATTORNEY GENERAL

**EXHIBIT "K"**

**ACT 275**

(h) Upon the filing of the application in subsection (g), the department of health shall furnish the applicant with a copy of the completed forms and, if available, the abstract of pertinent information from the natural mother's medical records. The department is authorized to disclose the information under this subsection without prior court approval, notwithstanding section 338-20(e).

Nothing in this section shall be construed or applied in any manner to require any public agency or child placing organization to reveal the identities of the natural parents without their consents."

SECTION 2. Section 338-20, Hawaii Revised Statutes, is amended by amending subsection (e) to read as follows:

"(e) Such sealed documents, except for the information form provided for in section 578-___, may be opened by the department only by an order of a court of record. Upon receipt of a certified copy of a court order setting aside a decree of adoption, the department shall restore the original certificate to its original place in the files."

SECTION 3. New statutory material is underscored.[1]

SECTION 4. This Act shall take effect upon its approval.

(Approved June 13, 1988.)

Note

1. Edited pursuant to HRS §23G-16.5.

**ACT 275**  S.B. NO. 2441

A Bill for an Act Relating to Firearms and Ammunition.

*Be It Enacted by the Legislature of the State of Hawaii:*

SECTION 1. The purpose of this Act is to clarify and improve the existing language of the Firearms, Ammunition and Dangerous Weapons Act, Chapter 134, part I, Hawaii Revised Statutes, General Regulations.

SECTION 2. Chapter 134, Hawaii Revised Statutes, is amended by adding a new part to read as follows:

## "PART I. GENERAL REGULATIONS

**§134-1 Definitions.** As used in this chapter, unless the context indicates otherwise:

"Acquire" means gain ownership of.

"Antique pistol or revolver" means any pistol or revolver manufactured before 1899 and any replica thereof if it either is not designed or redesigned for using rimfire or conventional centerfire fixed ammunition or is designed or redesigned to use rimfire or conventional centerfire fixed ammunition that is no longer manufactured in the United States and is not readily available in the ordinary channels of commercial trade.

"Chief of police" means the chief of police of the counties of Hawaii, Maui, Kauai, or the city and county of Honolulu.

"Crime of violence" means any offense, as defined in Title 37, that involves injury or threat of injury to the person of another.

510

ACT 275

"Electric gun" means any portable device that is electrically operated to project a missile or electromotive force. It does not include any electric livestock prod used in animal husbandry.

"Firearm" means any weapon, for which the operating force is an explosive, including, but not limited to, pistols, revolvers, rifles, shotguns, machine guns, automatic rifles, noxious gas projectors, mortars, bombs, cannon, and submachine guns.

"Fugitive from justice" means any person who has fled from any state, territory, the District of Columbia, or possession of the United States to avoid prosecution for a felony or to avoid giving testimony in any criminal proceeding.

"Pistol" or "revolver" means any firearm of any shape with a barrel less than sixteen inches in length and capable of discharging loaded ammunition or any noxious gas.

§134-2 Permits to acquire. (a) No person shall acquire the ownership of a firearm, whether usable or unusable, serviceable or unserviceable, modern or antique, registered under prior law or by a prior owner or unregistered, either by purchase, gift, inheritance, bequest, or in any other manner, whether procured in the State or imported by mail, express, freight, or otherwise, until the person has first procured from the chief of police of the county of the person's place of business or, if there is no place of business, the person's residence or, if there is neither place of business nor residence, the person's place of sojourn, a permit to acquire the ownership of a firearm as prescribed in this section; provided that when title to any firearm is acquired by inheritance or bequest, the foregoing permit shall be obtained before taking possession of the firearm.

(b) The permit application form shall include the applicant's name, address, sex, height, weight, date of birth, place of birth, social security number, and information regarding the applicant's mental health history and shall require the fingerprinting and photographing of the applicant by the police department of the county of registration; provided that where fingerprints and photograph are already on file with the department, these may be waived.

(c) An applicant for a permit shall sign a waiver at the time of application, allowing the chief of police of the county issuing the permit access to any records that have a bearing on the mental health of the applicant. The permit application form and the waiver form shall be prescribed by the attorney general and shall be uniform throughout the State.

(d) The chief of police of the respective counties may issue permits to acquire firearms to citizens of the United States of the age of eighteen years or more, or duly accredited official representatives of foreign nations, or duly commissioned law enforcement officers of the State who are aliens; provided that any law enforcement officer who is the owner of a firearm and who is an alien shall transfer ownership of the firearm within forty-eight hours after termination of employment from a law enforcement agency. The chief of police of each county may issue permits to aliens of the age of eighteen years or more for use of rifles and shotguns for a period not exceeding sixty days, upon a showing that the alien has first procured a hunting license under chapter 183D, part II.

(e) The permit application form shall be signed by the applicant and by the issuing authority. One copy of the permit shall be retained by the issuing authority as a permanent official record. Except for sales to dealers licensed under section 134-31, or dealers licensed by the United States Department of the Treasury, or law enforcement officers, or where a license is granted under section 134-9, or where any firearm is registered pursuant to section 134-3(a), no permit shall be issued to a first time applicant earlier than ten calendar days after the date of the application; provided that a permit shall be issued or the application denied before

ACT 275

the sixteenth day from the date of application. Persons who have previously obtained permits subject to the ten-day waiting period required by this subsection and who make a subsequent application within one year of the issue date of the first permit may be issued permits in less than ten days. Permits issued to acquire any pistol or revolver shall be void unless used within ten days after the date of issue. Permits to acquire a pistol or revolver require a separate application and permit for each transaction. Permits issued to acquire any rifle or shotgun shall entitle the permittee to make subsequent purchases of rifles or shotguns for a period of one year from the date of issue without a separate application and permit for each acquisition, subject to the disqualifications under section 134-7.

(f) In all cases where a pistol or revolver is acquired from another person within the State, the permit shall be signed in ink by the person to whom title to the pistol or revolver is transferred and shall be delivered to the person who is transferring title to the firearm, who shall enter on the permit in the space provided the following information: name of the person to whom the title to the firearm was transferred; names of the manufacturer and importer; model; type of action; caliber or gauge; and serial number as applicable. The person who is transferring title to the firearm shall sign the permit in ink and cause the permit to be delivered or sent by registered mail to the issuing authority within forty-eight hours after transferring the firearm.

In all cases where receipt of a firearm is had by mail, express, freight, or otherwise from sources without the State, the person to whom the permit has been issued shall make the prescribed entries on the permit, sign the permit in ink, and cause the permit to be delivered or sent by registered mail to the issuing authority within forty-eight hours after taking possession of the firearm.

(g) No person shall sell, give, lend, or deliver into the possession of another any firearm except in accordance with this chapter.

(h) No fee shall be charged for permits under this section.

§134-3 Registration, mandatory, exceptions. (a) Every person arriving in the State who brings or by any other manner causes to be brought into the State a firearm of any description, whether usable or unusable, serviceable or unserviceable, modern or antique, shall register the firearm within three days after arrival of the person or of the firearm, whichever arrives later, with the chief of police of the county of the person's place of business or, if there is no place of business, such person's residence or, if there is neither a place of business nor residence, the person's place of sojourn; provided that no alien shall be allowed to bring a firearm of any description into the State.

(b) Every person who acquires a pistol or revolver pursuant to section 134-2 shall register the pistol or revolver in the manner prescribed by this section within five days of acquisition. The registration shall be on forms prescribed by the attorney general, which shall be uniform throughout the State, and shall include the following information: name of the manufacturer and importer; model; type of action; caliber or gauge; serial number; and source from which receipt was obtained, including the name and address of the prior registrant.

(c) Dealers licensed under section 134-31 or dealers licensed by the United States Department of the Treasury shall register firearms pursuant to this section on registration forms prescribed by the attorney general and shall not be required to have the firearms physically inspected by the chief of police at the time of registration.

(d) Registration shall not be required for:
   (1) Any device designed to fire loose black powder;

ACT 275

(2) Any device not designed to fire or made incapable of being readily restored to a firing condition; or
(3) All unserviceable firearms and destructive devices registered with the Bureau of Alcohol, Tobacco, and Firearms of the U.S. Department of the Treasury pursuant to Title 27, Code of Federal Regulations.
(e) No fee shall be charged for the registration.

**§134-4 Transfer, possession of firearms.** (a) No transfer of any rifle having a barrel length of sixteen inches or over or any shotgun having a barrel length of eighteen inches or over, whether usable or unusable, serviceable or unserviceable, modern or antique, registered under prior law or by a prior owner, or unregistered shall be made to any person under the age of eighteen years, except as provided by section 134-5.

(b) No person shall possess any firearm that is owned by another, regardless of whether the owner has consented to possession of the firearm, without a permit from the chief of police of the appropriate county, except as provided in subsection (c) and section 134-5.

(c) Any lawfully acquired rifle or shotgun may be lent to an adult for use within the State for a period not to exceed fifteen days without a permit; provided that where the rifle or shotgun is to be used outside of the State, the loan may be for a period not to exceed seventy-five days.

(d) No person shall knowingly lend a firearm to any person who is prohibited from ownership or possession of a firearm under section 134-7.

**§134-5 Possession by licensed hunters and minors; target shooting.** (a) Any person of the age of sixteen years or over or any person under the age of sixteen years while accompanied by an adult, may carry and use any lawfully acquired rifle or shotgun and suitable ammunition while actually engaged in hunting or target shooting or while going to and from the place of hunting or target shooting; provided that the person has procured a hunting license under chapter 183D, part II. A hunting license shall not be required for persons engaged in target shooting.

(b) A permit shall not be required when any lawfully acquired firearm is lent to a person, including a minor, upon a target range or similar facility for purposes of target shooting; provided that the period of the loan does not exceed the time in which the person actually engages in target shooting upon the premises.

**§134-6 Place to keep firearms; loaded firearms, when prohibited; penalty.** (a) Except as provided in sections 134-5 and 134-9, all firearms and ammunition shall be confined to the possessor's place of business, residence, or sojourn; provided that it shall be lawful to carry unloaded firearms or ammunition or both in an enclosed container from the place of purchase to the purchaser's place of business, residence, or sojourn, or between these places upon change of place of business, residence, or sojourn, or between these places and the following: a place of repair; a target range; a licensed dealer's place of business; an organized, scheduled firearms show or exhibit; a place of formal hunter or firearm use training or instruction; or a police station. "Enclosed container" means a rigidly constructed receptacle, or a commercially manufactured gun case, or the equivalent thereof that completely encloses the firearm.

(b) It shall be unlawful for any person on any public highway to carry on the person, or to have in the person's possession, or to carry in a vehicle any firearm loaded with ammunition; provided that the provision of this paragraph shall not apply to any person who has in the person's possession or carries a pistol or revolver and ammunition therefor in accordance with a license issued as provided in section 134-9.

513

**ACT 275**

(c) Any person violating this section by carrying or possessing a loaded firearm or by carrying or possessing a loaded or unloaded pistol or revolver without a license issued as provided in section 134-9 shall be guilty of a class C felony. Any person violating this section by carrying or possessing an unloaded firearm, other than a pistol or revolver, shall be guilty of a misdemeanor.

**§134-7 Ownership or possession prohibited, when; penalty.** (a) No person who is a fugitive from justice shall own, possess, or control any firearm or ammunition therefor.

(b) No person who is under indictment for, or has waived indictment for, or has been convicted in this State or elsewhere of having committed a felony, or any crime of violence, or an illegal sale of any drug shall own, possess, or control any firearm or ammunition therefor.

(c) No person who:
(1) Is or has been under treatment for addiction to any dangerous, harmful, or detrimental drug, intoxicating compound as defined in section 712-1240, or intoxicating liquor;
(2) Has been committed pursuant to sections 333F-9 or 333F-10;
(3) Has been acquitted of a crime on the grounds of mental disease, disorder, or defect pursuant to section 704-411;
(4) Is or has been under treatment for significant behavioral, emotional, or mental disorders as defined by the most current diagnostic manual of the American Psychiatric Association or for treatment for organic brain syndromes; or
(5) Is less than 25 years old and has been adjudicated by the family court to have committed a crime of violence that constitutes a felony offense under Title 37, the Hawaii Penal Code;

shall own, possess, or control any firearm or ammunition therefor, unless the person has been medically documented to have been cured of the addiction, mental disease, disorder, or defect.

(d) No minor who:
(1) Is or has been under treatment for addiction to any dangerous, harmful, or detrimental drug, intoxicating compound as defined in section 712-1240, or intoxicating liquor;
(2) Is a fugitive from justice;
(3) Has been adjudicated by the family court to have committed a crime of violence that constitutes a felony offense under Title 37, the Hawaii Penal Code; or
(4) Has been determined not to have been responsible for a criminal act or has been committed to any institution on account of a mental disease, disorder, or defect;

shall own, possess, or control any firearm or ammunition therefor, unless the minor has been medically documented to have been cured of the addiction, mental disease, disorder, or defect.

For the purposes of enforcing this section, and notwithstanding section 571-84 or any other law to the contrary, any agency within the State shall make its records relating to family court adjudications available to law enforcement officials.

(e) Any person disqualified from ownership, possession, or control of firearms and ammunition by this chapter shall dispose of all firearms and ammunition in compliance with this chapter.

(f) Any person violating subsection (a) or (b) shall be guilty of a class C felony; provided that any felon violating subsection (b) shall be guilty of a class B felony. Any person violating subsection (c), (d), or (e) shall be guilty of a misdemeanor.

514

§134-8 **Ownership, etc., of machine guns, automatic rifles, silencers, etc., prohibited; penalty.** (a) The manufacture, possession, sale, barter, trade, gift, transfer, or acquisition of any of the following is prohibited: machine guns; submachine guns; automatic rifles; rifles with barrel lengths less than sixteen inches; shotguns with barrel lengths less than eighteen inches; cannon; mufflers, silencers, or devices for deadening or muffling the sound of discharged firearms; hand grenades, dynamite, blasting caps, bombs, or bombshell, or other explosives; or any type of ammunition or any projectile component thereof coated with teflon or any other similar coating or designed primarily to enhance its capability to penetrate metal or pierce protective armor; and any type of ammunition or any projectile component thereof designed or intended to explode or segment upon impact with its target.

(b) Any person violating this section shall be guilty of a class C felony and shall be imprisoned for a term of five years without probation.

§134-9 **Licenses to carry.** (a) In an exceptional case, when an applicant shows reason to fear injury to the applicant's person or property, the chief of police of the appropriate county may grant a license to an applicant who is a citizen of the United States of the age of twenty years or more or to a duly accredited official representative of a foreign nation of the age of twenty years or more to carry a pistol or revolver and ammunition therefor concealed on the person within the county where the license is granted. Where the urgency or the need has been sufficiently indicated, the respective chief of police may grant to an applicant of good moral character who is a citizen of the United States of the age of twenty years or more, is engaged in the protection of life and property, and is not prohibited under section 134-7 from the ownership or possession of a firearm, a license to carry a pistol or revolver and ammunition therefor unconcealed on the person within the county where the license is granted. Unless renewed, the license shall expire one year from the date of issue.

(b) The chief of police of each county shall adopt procedures to require that any person granted a license to carry a concealed weapon on the person shall:
(1) Be qualified to use the firearm in a safe manner;
(2) Appear to be a suitable person to be so licensed;
(3) Not be prohibited under section 134-7 from the ownership or possession of a firearm; and
(4) Not have been adjudged insane or not appear to be mentally deranged.

(c) No person shall carry concealed or unconcealed on the person a pistol or revolver without being licensed to do so under this section or in compliance with section 134-6.

(d) A fee of $10 shall be charged for each license and shall be deposited in the treasury of the county in which the license is granted.

§134-10 **Alteration of identification marks prohibited.** No person shall willfully alter, remove, or obliterate the name of the make, model, manufacturer's number, or other mark of identity of any firearm or ammunition. Possession of a firearm or ammunition upon which any mark of identity has been altered, removed, or obliterated shall be presumptive evidence that the possessor has altered, removed, or obliterated the mark of identity.

§134-11 **Exemptions.** (a) Sections 134-6 to 134-9 shall not apply:
(1) To members of police departments, sheriffs, and law enforcement officers;

515

**ACT 275**

(2) To members of the armed forces of the State and of the United States and mail carriers while performing duties that require them to be armed;

(3) To regularly enrolled members of any organization duly authorized to purchase or receive weapons from the United States or from the State; provided the members are at or going to and from their places of assembly or target practice;

(4) To persons employed by the State, or subdivisions thereof, or the United States while in the performance of their respective duties or while going to and from their respective places of duty if their duties require them to be armed;

(5) To aliens employed by the State, or subdivisions thereof, or the United States while in the performance of their respective duties or while going to and from their respective places of duty if their duties require them to be armed;

(6) To police officers on official assignment in Hawaii from any state which by compact permits police officers from Hawaii while on official assignment in that state to carry firearms without registration. The governor of the State or the governor's duly authorized representative may enter into compacts with other states to carry out this section.

(b) Sections 134-2 and 134-3 shall not apply to such firearms or ammunition that are a part of the official equipment of any federal agency.

**§134-12 Firearms forfeited, when.** All firearms or ammunition carried or possessed contrary to law shall be forfeited to the State and shall be destroyed or, if not destroyed retained by the chief of police of any county for use by and under control of the police department in whose jurisdiction they are forfeited.

**§134-13 Revocation of permits.** All permits and licenses provided for under this part may be revoked, for good cause, by the issuing authority or by the judge of any court.

**§134-14 Report.** Within ten days after the last day of each month, each of the authorities authorized in this chapter to issue or revoke permits and licenses shall make a report to the department of the attorney general of all permits and licenses issued or revoked by the authority as of the last day of the preceding month. The report shall be in the manner and form as the attorney general may prescribe.

**§134-15 Restriction of materials for manufacture of pistols or revolvers.** (a) It shall be unlawful for any person, including a licensed manufacturer, licensed importer, or licensed dealer, to possess, sell, or deliver any pistol or revolver the frame or receiver of which is a die casting of zinc alloy which has a melting temperature of less than 800 degrees Fahrenheit.

(b) This section shall not apply to any pistol or revolver duly registered prior to July 1, 1975 pursuant to section 134-3 or to any antique pistol or revolver.

**§134-16 Restriction on possession, sale, gift, or delivery of electric guns.** (a) It shall be unlawful for any person, including a licensed manufacturer, licensed importer, or licensed dealer, to possess, offer for sale, hold for sale, sell, give, lend, or deliver any electric gun.

(b) Any electric gun in violation of subsection (a) shall be confiscated and disposed of by the chief of police.

**§134-17 Penalties.** (a) If any person gives false information or offers false evidence of the person's identity in complying with any of the requirements of this part, that person shall be guilty of a misdemeanor.

516

ACT 276

(b) Any person who violates section 134-3(a) shall be guilty of a petty misdemeanor.

(c) Any person who violates section 134-2, 134-3(b), 134-4, 134-10, 134-15, or 134-16(a) shall be guilty of a misdemeanor.

(d) Any person who violates section 134-9 shall be guilty of a class C felony."

SECTION 3. Section 134-32, Hawaii Revised Statutes, is amended to read as follows:

"§134-32 License to sell and manufacture firearms; conditions. Every license issued pursuant to this part shall be issued and shall be regarded as having been accepted by the licensee subject to the following conditions:
  (1) That the licensee shall at all times comply with all provisions of law relative to the sale of firearms.
  (2) That the license may during any time of national emergency or crisis, as defined in section 134-34, be canceled or suspended.
  (3) That all firearms in the possession and control of any licensee may at any time of national emergency or crisis, as defined in section 134-34, be seized and held in possession or purchased by or on the order of the governor until such time as the national emergency or crisis has passed, or until such time as the licensee and the government of the United States or the government of the State may agree upon some other disposition of the same.
  (4) That all firearms in the possession and control of the licensee or registered pursuant to section 134-3(e) by the licensee shall be subject to physical inspection by the chief of police of each county during normal business hours at the licensee's place of business."

SECTION 4. Chapter 134, part I, Hawaii Revised Statutes, is repealed.

SECTION 5. If any other Act passes during this Regular Session of 1988 amending part I of chapter 134, Hawaii Revised Statutes, the Act shall be appropriately placed in the recodification of chapter 134, Hawaii Revised Statutes, enacted by this Act.

SECTION 6. This Act shall take effect upon its approval.

(Approved June 13, 1988.)

ACT 276                                                                  S.B. NO. 2462

A Bill for an Act Relating to Protection of Streams.

*Be It Enacted by the Legislature of the State of Hawaii:*

SECTION 1. Section 174C-31, Hawaii Revised Statutes, is amended by amending subsection (c) to read as follows:

"(c) To prepare the water resources protection and quality plan, the commission shall:
  (1) [study] Study and inventory the existing water resources of the State and the means and methods of conserving and augmenting such water resources;

517