# SESSION LAWS

OF

# HAWAII

PASSED BY THE

FIFTEENTH STATE LEGISLATURE

## REGULAR SESSION
### 1990

Convened on Wednesday, January 17
and
Adjourned sine die on Friday, May 4

Published by Authority of the
Revisor of Statutes
Honolulu, Hawaii

**EXHIBIT "N"**

**ACT 195**

**ACT 195**  H.B. NO. 2191

A Bill for an Act Relating to Weapons.

*Be It Enacted by the Legislature of the State of Hawaii:*

SECTION 1. Section 134-1, Hawaii Revised Statutes, is amended by amending the definition of "automatic firearm" to read as follows:

" "Automatic firearm" means any firearm that shoots, is designed to shoot, or can be readily [restored] modified to shoot automatically more than one shot, without a manual reloading, by a single function of the trigger. This term shall also include the frame or receiver of any such firearm, any part designed and intended solely and exclusively, or any combination of parts designed and intended, for use in converting a firearm into an automatic firearm, and any combination of parts from which an automatic firearm can be assembled if the parts are in the possession or under the control of a single person."

SECTION 2. Section 134-6, Hawaii Revised Statutes, is amended to read as follows:

"§134-6 Possession or use of firearm in the commission of a felony; [Place] place to keep firearms; loaded firearms'; penalty. (a) It shall be unlawful for a person to knowingly possess or intentionally use or threaten to use a firearm while engaged in the commission of a felony, whether the firearm was loaded or not, and whether operable or not.

[(a)] (b) Except as provided in sections 134-5 and 134-9, all firearms and ammunition shall be confined to the possessor's place of business, residence, or sojourn; provided that it shall be lawful to carry unloaded firearms or ammunition or both in an enclosed container from the place of purchase to the purchaser's place of business, residence, or sojourn, or between these places upon change of place of business, residence or sojourn, or between these places and the following: a place of repair; a target range; a licensed dealer's place of business; an organized, scheduled firearms show or exhibit; a place of formal hunter or firearm use training or instruction; or a police station. "Enclosed container" means a rigidly constructed receptacle, or a commercially manufactured gun case, or the equivalent thereof that completely encloses the firearm.

[(b)] (c) It shall be unlawful for any person on any public highway to carry on the person, or to have in the person's possession, or to carry in a vehicle any firearm loaded with ammunition; provided that the provision of this paragraph shall not apply to any person who has in the person's possession or carries a pistol or revolver and ammunition therefor in accordance with a license issued as provided in section 134-9.

[(c)] (d) Any person violating this section by possessing, using or threatening to use a firearm while engaged in the commission of a felony shall be guilty of a class A felony. Any person violating this section by carrying or possessing a loaded firearm or by carrying or possessing a loaded or unloaded pistol or revolver without a license issued as provided in section 134-9 shall be guilty of a class [C] B felony. Any person violating this section by carrying or possessing an unloaded firearm, other than a pistol or revolver, shall be guilty of a [misdemeanor] class C felony.'"

SECTION 3. Section 134-51, Hawaii Revised Statutes, is amended to read as follows:

422

ACT 195

"§134-51 [Carrying deadly] Deadly weapons; prohibitions penalty. (a) Any person not authorized by law, who carries concealed upon one's person or within any vehicle used or occupied by the person, or who is found armed with any dirk, dagger, blackjack, slug shot, billy, metal knuckles, pistol, or other deadly or dangerous weapon, shall be [fined a minimum of $500, and' more than $1,000 or imprisoned not more than one year, or both] guilty of a misdemeanor. Any such person may be immediately arrested without warrant by any sheriff, police officer, or other officer or person. Any weapon, above enumerated, shall, upon conviction of the one carrying or possessing same under this section, be summarily destroyed by the chief of police or sheriff.

(b) Whoever knowingly possesses or intentionally uses or threatens to use a deadly or dangerous weapon while engaged in the commission of a crime shall be guilty of a class C felony."

SECTION 4. Section 134-52, Hawaii Revised Statutes, is amended to read as follows:

"[[[§134-52 Switchblade knives; prohibitions; penalty.]]] (a) Whoever knowingly manufactures, sells, transfers, possesses, or transports in the State any switchblade knife, being any knife having a blade which opens automatically (1) by hand pressure applied to a button or other device in the handle of the knife, or (2) by operation of inertia, gravity, or both, shall be [fined not more than $1,000 or imprisoned not more than one year, or both] guilty of a misdemeanor.'

(b) Whoever knowingly possesses or intentionally uses or threatens to use a switchblade knife while engaged in the commission of a crime shall be guilty of a class C felony."

SECTION 5. Section 706-660.1, Hawaii Revised Statutes, is amended to read as follows:

"§706-660.1 Sentence of imprisonment for use of a firearm,[1] semi-automatic firearm, or automatic firearm in a felony. (a) A person convicted of a felony, where the person had a firearm in his possession or threatened its use or used the firearm while engaged in the commission of the felony, whether the firearm was loaded or not, and whether operable or not, may in addition to the indeterminate term of imprisonment provided for the grade of offense[s] be sentenced to a mandatory minimum term of imprisonment without possibility of parole or probation the length of which shall be as follows:
(1) For murder in the second degree and attempted murder in the second degree - up to [15] fifteen years;
(2) For a class A felony - up to [10] ten years;
(3) For a class B felony - up to [5] five years; and
(4) For a class C felony - up to [3] three years.

The sentence of imprisonment for a felony involving the use of a firearm as provided in the' subsection shall not be subject to the procedure for determining minimum term of imprisonment prescribed under section 706-699,[1] provided further that a person who is imprisoned in a correctional institution as provided in this subsection shall become subject to the parole procedure as prescribed in section 706-670 only upon the expiration of the term of mandatory imprisonment fixed under (a)(1), (2), (3), or (4), herein.

(b) A person convicted of a second firearm felony offense as provided in subsection (a), herein, where the person had a firearm in his possession or threatened its use or used the firearm while engaged in the commission of the

423

## ACT 195

felony, whether the firearm was loaded or not, and whether operable or not, shall in addition to the indeterminate term of imprisonment provided for the grade of offense be sentenced to a mandatory minimum term of imprisonment without possibility of parole or probation the length of which shall be as follows:

(1) For murder in the second degree and[1] <u>attempted murder in the second degree</u>  - twenty years;
(2) For a class A felony  - thirteen years, four months;
(3) For a class B felony  - six years, eight months; and
(4) For a class C felony  - three years, four months.

The sentence of imprisonment for a second felony offense involving the use of a firearm as provided in this subsection shall <u>not</u> be [exempted from] <u>subject to</u> the procedure for determining a[1] minimum term of imprisonment prescribed under section 706-669, provided further that a person who is imprisoned in a correctional institution as provided in this subsection shall become subject to the parole procedure as prescribed in section 706-670 only upon the expiration of the term of mandatory imprisonment fixed under (a)(1),[1] (2), (3), or (4), herein.

<u>(c) A person convicted of a felony, where the person had a semi-automatic firearm or automatic firearm in his possession or used or threatened its use while engaged in the commission of the felony, whether the semi-automatic firearm or automatic firearm was loaded or not, and whether operable or not, shall in addition to the indeterminate term of imprisonment provided for the grade of offense be sentenced to a mandatory minimum term of imprisonment without possibility of parole or probation the length of which shall be as follows:</u>

<u>(1) For murder in the second degree and attempted murder in the second degree  - twenty years;</u>
<u>(2) For a class A felony  - fifteen years;</u>
<u>(3) For a class B felony  - ten years; and</u>
<u>(4) For a class C felony  - five years.</u>

<u>The sentence of imprisonment for a felony involving the use of a semi-automatic firearm or automatic firearm as provided in this subsection shall not be subject to the procedure for determining minimum term of imprisonment prescribed under section 706-669, provided further that a person who is imprisoned in a correctional institution as provided in this subsection shall become subject to the parole procedure as prescribed in section 706-670 only upon the expiration of the term of mandatory imprisonment fixed under (c)(1), (2), (3), or (4), herein.</u>

[As used in this section, "firearm" has the meaning defined in section 134-1.]

<u>(d) In this section:</u>
<u>(1) "Firearm" has the same meaning defined in section 134-1 except that it does not include "semi-automatic firearm" or "automatic firearm."</u>
<u>(2) "Automatic firearm" has the same meaning defined in section 134-1.</u>
<u>(3) "Semi-automatic firearm" means any firearm that uses the energy of the explosive in a fixed cartridge to extract a fired cartridge and chamber a fresh cartridge with each single pull of a trigger."</u>

SECTION 6. Statutory material to be repealed is bracketed. New statutory material is underscored.

SECTION 7. This Act shall take effect upon its approval.

(Approved June 19, 1990.)