PAMELA W. BUNN          6460
DENTONS US LLP
1001 Bishop Street, Suite 1800
Honolulu, Hawai'i  96813
Telephone:  (808) 524-1800
Facsimile:   (808) 524-4591
E-mail:  pam.bunn@dentons.com

Attorney for *Amicus Curiae*
EVERYTOWN FOR GUN SAFETY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| TODD YUKUTAKE and DAVID KIKUKAWA,<br><br>                    Plaintiffs,<br><br>        v.<br><br>CLARE E. CONNORS, in her official capacity as the Attorney General of the State of Hawaii, and the CITY and COUNTY OF HONOLULU,<br><br>                    Defendants. | Civil No. CV19-00578-JMS-RT<br><br>**MOTION FOR LEAVE TO FILE BRIEF OF EVERYTOWN FOR GUN SAFETY AS AMICUS CURIAE;** EXHIBIT A; CERTIFICATE OF COMPLIANCE<br><br><u>Summary Judgment Motion Hearing</u>:<br>October 19, 2020, at 10:00 a.m.<br>Chief Judge J. Michael Seabright<br><br>Trial Date: January 12, 2021 |

**MOTION FOR LEAVE TO FILE BRIEF OF
EVERYTOWN FOR GUN SAFETY AS AMICUS CURIAE**

Everytown for Gun Safety (formally, Everytown for Gun Safety Action Fund; hereafter "Everytown") respectfully moves for leave to file an amicus curiae brief in the above-captioned matter in support of the Attorney General's motion for summary judgment and in opposition to Plaintiffs' motion for summary judgment.

The Court has set these motions for hearing on October 19, 2020. If granted leave, Everytown will file the brief attached as Exhibit A. The Attorney General consents to Everytown's motion for leave, and Plaintiffs have advised that they oppose this motion.

Everytown is the nation's largest gun-violence-prevention organization, with nearly six million supporters across the country, including thousands in Hawaiʻi. Everytown was founded in 2014 as the combined efforts of Mayors Against Illegal Guns, a national, bipartisan coalition of mayors combating illegal guns and gun trafficking, and Moms Demand Action for Gun Sense in America, an organization formed after the murder of twenty children and six adults in an elementary school in Newtown, Conn. Everytown also includes a large network of gun-violence survivors who are empowered to share their stories and advocate for responsible gun laws.

A "district court has broad discretion to appoint amici curiae." *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995); *see also Duronslet v. Cty. of Los Angeles*, No. 2:16-cv-08933, 2017 WL 5643144, at *1 (C.D. Cal. Jan. 23, 2017). Courts "frequently welcome amicus briefs from nonparties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has unique information or perspective that can help the court beyond the help that

the lawyers for the parties are able to provide." *Safari Club Int'l v. Harris*, No. 2:14-cv-01856, 2015 WL 1255491, at *1 (E.D. Cal. Jan. 14, 2015) (citation omitted). "Even when a party is very well represented, an amicus may provide important assistance to the court." *Duronslet*, 2017 WL 5643144 at *1 (quoting *Neonatology Assocs., P.A. v. C.I.R.*, 293 F.3d 128, 132 (3d Cir. 2002)). "The touchstone is whether the amicus is 'helpful,' and there is no requirement 'that amici must be totally disinterested.'" *Earth Island Inst. v. Nash*, No. 1:19-cv-01420-DAD-SAB, 2019 WL 6790682, at *1 (E.D. Cal. Dec. 12, 2019); *see Funbus Sys., Inc. v. State of Cal. Pub. Utilities Comm'n*, 801 F.2d 1120, 1125 (9th Cir. 1986) ("[T]here is no rule that amici must be totally disinterested," and it is "a perfectly permissible role for an amicus" to "take a legal position and present legal arguments in support of it.").

In short, "[a]n amicus brief should normally be allowed when . . . the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Cmty. Ass'n for Restoration of the Env't. (CARE) v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999) (citing *Northern Sec. Co. v. United States*, 191 U.S. 555, 556 (1903)). Everytown has this unique information or perspective.

Over the past several years, Everytown has devoted substantial resources to researching and developing expertise in historical firearms legislation, which can

3

provide important context in Second Amendment cases, including in this matter. Everytown has drawn on that expertise to file briefs in numerous Second Amendment cases, including cases in this District, offering historical and doctrinal analysis, as well as social science and public policy research, that might otherwise be overlooked. *See, e.g.*, *Teter v. Connors*, No. 1:19-cv-00183 (D. Haw.), Dkt. 47; *Roberts v. Suzuki*, No. 1:18-cv-00125 (D. Haw.), Dkt. 62-1; *Young v. Hawaii*, No. 12-17808 (9th Cir.); *Silvester v. Harris*, No. 14-16840 (9th Cir.). In *Roberts*, at Judge Gillmor's invitation, Everytown also presented oral argument as amicus curiae on the parties' summary judgment motions. *See* No. 1:18-cv-00125, Dkt. 71.

Several courts, again including in this District, have expressly relied on Everytown's amicus briefs in deciding Second Amendment and other gun cases. *See Teter v. Connors*, --- F. Supp. 3d ---, 2020 WL 2476225, at *11 (D. Haw. May 13, 2020), *appeal docketed*, No. 20-15948 (9th Cir. May 19, 2020); *Ass'n of N.J. Rifle & Pistol Clubs, Inc. v. Att'y Gen. N.J.*, 910 F.3d 106, 112 n.8 (3d Cir. 2018); *Rupp v. Becerra*, 401 F. Supp. 3d 978, 991-92 & n.11 (C.D. Cal. 2019), *appeal docketed*, No. 19-56004 (9th Cir. Aug. 28, 2019); *see also Rehaif v. United States*, 139 S. Ct. 2191, 2210-11 nn.4 & 7 (2019) (Alito, J., dissenting).

Everytown's proposed amicus brief (attached as Exhibit A) addresses a single, narrow issue: even assuming that Hawaiʻi's challenged registration law,

4

H.R.S. § 134-3, requires in-person inspection (although, as the State explains in its brief, it does not do so on its face, *see* State Br. 18-20), there is a long history of regulation supporting such a requirement. Not only does Hawaiʻi's challenged registration law itself date back to the early twentieth century (*see id.* at 8), but any inspection requirement in the law would be part of a history stretching all the way back to the founding era. Militia laws in the earliest days of the United States—which Everytown discusses in its brief and sets forth in an accompanying appendix—required members to equip themselves with specific firearms and ammunition and to present themselves and their weapons for inspection on a regular basis. In light of these laws, ordinary citizens in the founding era would have considered in-person inspection requirements to be well within the government's powers—and thus, under *District of Columbia v. Heller*, 554 U.S. 570 (2008), such requirements fall outside the scope of the Second Amendment. As Everytown discusses in its brief, Plaintiffs' challenge to H.R.S. § 134-3 on this basis should therefore fail.

  The Attorney General has consented to the filing of this proposed amicus brief. Plaintiffs have said that they will oppose the filing of this brief, without indicating their grounds for doing so. Allowing Everytown leave to file as amicus will not cause any prejudice or delay, because this motion is filed within seven days of the State's filing on its summary judgment motion (in accord with the

comparable rule for amicus filings in the federal courts of appeals, *see* Fed. R. App. P. 29(a)(6)) and two months in advance of the October 19, 2020 hearing on the Parties' respective motions for summary judgment.

## CONCLUSION

For the foregoing reasons, Everytown respectfully requests that this Court grant it leave to file the amicus curiae brief attached hereto as Exhibit A.

DATED:  Honolulu, Hawaiʻi, August 19, 2020.

/s/ Pamela W. Bunn
PAMELA W. BUNN

Attorney for Amicus Curiae
EVERYTOWN FOR GUN SAFETY
