Alan Alexander Beck
Law Office of Alan Beck
2692 Harcourt Drive
San Diego, CA  92123
(619) 905-9105
Hawaii Bar No. 9145
Alan.alexander.beck@gmail.com

Stephen D. Stamboulieh
Stamboulieh Law, PLLC
P.O. Box 4008
Madison, MS  39130
(601) 852-3440
stephen@sdslaw.us
MS Bar No. 102784
*Admitted Pro Hac Vice
Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TODD YUKUTAKE and DAVID KIKUKAWA, | ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) |
| | ) Civil Action No. 19-578 (JMS-RT) |
| v. | ) <br> ) |
| CLARE E. CONNORS, in her Official Capacity as the Attorney General of the State of Hawaii and the CITY and COUNTY OF HONOLULU | ) OPPOSITION TO MOTION FOR LEAVE ) TO FILE BRIEF OF EVERYTOWN FOR ) GUN SAFETY AS AMICUS CURIAE; ) CERTIFICATE OF SERVICE ) |
| | ) JURY TRIAL: January 12, 2021 9AM <br> ) JUDGE: Hon. J. Michael Seabright |
| Defendants. <br> _____ | ) HEARING: October 19, 2020 10AM <br> ) |

## OPPOSITION TO MOTION FOR LEAVE TO FILE BRIEF OF EVERYTOWN FOR GUN SAFETY AS AMICUS CURIAE

Come now Todd Yukutake and David Kikukawa ("Plaintiffs"), and file this, their Opposition to Motion for Leave to File Brief of Everytown for Gun Safety as Amicus Curiae, and state as follows:

Everytown for Gun Safety Action Fund ("Everytown") seeks to inject itself into cases which could potentially expand the rights of law-abiding citizens under the Second Amendment to the United States Constitution. And while yes, Everytown did provide *amicus* briefs to the trial court in both *Teter v. Connors*, No. 1:19-cv-00183 (D. Haw.) and *Roberts v. Suzuki*, No. 1:18-cv-00125 (D. Haw.), its briefing and argument (at least in *Roberts*), gave the state defendants an impermissible second bite at the proverbial apple.

This is one of the same reasons that the Honorable M. James Lorenz, District Judge for the Southern District of California, denied a similar brief of Everytown in *Matthew Jones, et al. v. Xavier Becerra*, No. 3:19-cv-01226-L-AHG, Dkt. No. 51. Specifically, Judge Lorenz denied Everytown's proposed *amicus* because Everytown's alleged perspective (of providing the court with a historical backdrop) into the case was "not a perspective beyond what the Defendant's attorney could provide on their own. Moreover, like Giffords Law Center, Everytown's partisanship is apparent. The Court finds that the amicus brief may prejudice Plaintiffs on the trial level because the brief allows Defendant to have a proverbial

'another bite at the apple' due to partisan influence."[1]  The Honorable Roger T. Benitez also denied a proposed *amicus* brief of Everytown in *Kim Rhode, et al., v. Xavier Becerra*, No. 18-cv-802-BEN, Dkt. No. 56, because the attorney general in that case was "well-equipped to defend the statutes at issue."[2]

This is the same issue in this case.  Everytown seeks to introduce a thirty-eight page appendix into the record where it is not a party.  If this brief is allowed to be filed, Plaintiffs will be forced to address additional arguments and additional documents which were not raised by the Defendants and their very capable lawyers.  As such, Plaintiffs oppose Everytown's proposed amicus brief and request the Court deny its Motion for Leave to File Brief of Everytown for Gun Safety as Amicus Curiae.

Respectfully submitted,

Dated: August 20, 2020

>*/s/ Alan Alexander Beck*
>Alan Alexander Beck
>
>*/s/ Stephen D. Stambouliéh*
>Stephen D. Stambouliéh
>*\*Admitted Pro Hac Vice*
>Attorneys for Plaintiffs

---

[1] For ease of reference for the Court, Judge Lorenz's Order denying Everytown's proposed *amicus* is attached as Exhibit "1".

[2] *See* Exhibit "2".