Alan Alexander Beck
Law Office of Alan Beck
2692 Harcourt Drive
San Diego, CA  92123
(619) 905-9105
Hawaii Bar No. 9145
Alan.alexander.beck@gmail.com

Stephen D. Stamboulieh
Stamboulieh Law, PLLC
P.O. Box 4008
Madison, MS  39130
(601) 852-3440
stephen@sdslaw.us
MS Bar No. 102784
*Admitted Pro Hac Vice
Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TODD YUKUTAKE and DAVID KIKUKAWA<br><br>Plaintiffs,<br><br>v.<br><br>CLARE E. CONNORS, in her Official Capacity as the Attorney General of the State of Hawaii and the CITY and COUNTY OF HONOLULU<br><br>Defendants.<br>_____ | Civil Action No. 19-578 (JMS-RT)<br>PLAINTIFFS' OPPOSITION TO DEFENDANT'S SEPARATE CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT; PLAINTIFFS' FURTHER CONCISE STATEMENT IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT; DECLARATION OF STEPHEN STAMBOULIEH; EXHIBITS "1-6"; CERTIFICATE OF SERVICE<br><br>TRIAL: January 12, 2021 9AM<br>JUDGE: Hon. J. Michael Seabright<br>HEARING: October 19, 2020 10AM |

# **PLAINTIFFS' OPPOSITION TO DEFENDANT'S SEPARATE CONCISE STATEMENT OF FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND PLAINTIFFS' FURTHER CONCISE STATEMENT IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

In accordance with Rule 56.1 of the Local Rules for the United States District Court for the District of Hawaii, Plaintiffs Todd Yukutake and David Kikukawa submit their Opposition to Defendant's Separate Concise Statement of Facts in Support of Motion for Summary Judgment and Plaintiffs' Further Concise Statement in Support of Their Motion for Summary Judgment.

| FACTS IN DEFENDANT'S SEPARATE CONCISE STATEMENT | PLAINTIFFS' RESPONSES |
|---|---|
| 1. A basic firearm registration requirement was first adopted by the Territorial Legislature in 1907. | Plaintiffs admit the statute referenced was adopted in 1907. |
| 2. Act 85 required "any person, firm, corporation or copartnership" residing or doing business in Hawaii that has "any fire arm or fire arms or any ammunition in its possession to file a "description" of the firearm, firearms, or ammunition with the county clerk. | Plaintiffs admit the statute reads as Defendant stated. |
| 3. The description included the "class of fire arms," the "name of the maker[,] and the factory number." | Admitted. |
| 4. The name of the owner or possessor, the person's address, and the person's signature also had to be included on the description form. | Admitted. |

2

| | |
|---|---|
| 5. In 1919, the Territorial Legislature adopted a "permit to purchase" requirement for firearms. | Admitted. |
| 6. The Senate Committee on Military stated that the purpose of this provision was to "enable the police authorities to have a better supervision and check over the sale of firearms." | Admitted that this is what was stated. |
| 7. In 1923, the Territorial Legislature passed Act 156 which changed the language from a "permit to purchase" to a "permit to acquire." | Admitted. |
| 8. In 1927, the Territorial Legislature passed Act 206. | Admitted. |
| 9. Act 206 clarified that the "description" had to be in a "report" to the county sheriff (Section 18) and that the "permit to acquire" applied to a "sale, gift, loan or otherwise" (Section 9) and not just to disposition by dealers (Section 23). | Admitted that the statute was amended as stated. |
| 10. Act 206 also added a scheme by which firearms would be confined to a person's "dwelling house or business office" (Section 5), unless the person obtained a license to carry (Section 7). | Admitted. |
| 11. An exception was also made for transporting a firearm in a wrapper between a place of purchase or repair, a home, or a place of business (Section 6). | Admitted. |
| 12. Act 206 also prohibited the alteration of identifying marks: | Admitted. |

| | | |
|---|---|---|
| | "No person shall change, alter, remove, or obliterate the name of the maker, model, manufacturer's number or other mark of identification on any pistol or revolver" (Section 13). | |
| 13. | In passing Act 206, the Legislature indicated that its purpose was to make the firearms statutes more effective. | Admitted that the best reading of the statute is the direct quote from Exhibit "F", as highlighted, "It seeks to make effective the existing firearms statutes found in Chapter 128 of the Revised Laws of Hawaii 1925, those statutes having heretofore been of no practicable benefit to the people of this Territory because of inconsistencies and ambiguities."  *See* Exhibit "F"; PageID# 311. |
| 14. | In the 1933-1934 Special Session, the firearms statutes were comprehensively revised when the Territorial Legislature passed Act 26. | Admitted the statutes were revised in the Special Session. |
| 15. | The Legislature stated that "[t]he purpose of the Bill is to give law enforcing agencies of the Territory a better means of controlling the sale, transfer and possession of firearms and ammunition." | Admitted that this is quoted correctly. |
| 16. | In 1968, the firearm registration provision was codified as HRS § 134-2, and the permit to acquire provision was codified as HRS § 134-3. | Admitted. |
| 17. | The prohibition on alteration of identification marks was codified as HRS § 134-10. | Admitted. |
| 18. | In 1988, HRS Chapter 134, Part I, was entirely recodified. | Admitted. |

4

| | |
|---|---|
| 19. The registration and permitting provisions were reversed, with the permit to acquire provision becoming HRS § 134-2 and the registration provision becoming HRS § 134-3. | Admitted. |
| 20. The current permit to acquire provision continues to be located in HRS § 134-2. | Admitted. |
| 21. The current registration provision continues to be located in HRS § 134-3. | Admitted. |
| 22. The prohibition against alteration of identification marks is still located in HRS § 134-10. | Admitted. |
| 23. In 1990, the Legislature considered amending the statutes to prohibit the possession of firearms near public and private schools. | Denied as Exhibit "N" does not appear to demonstrate this fact. In any event, this is irrelevant to the current case. |
| 24. Ultimately, however, the Legislature decided to increase the penalties under the existing firearms laws. | Admitted that the penalties were increased. |
| 25. The Senate Judiciary Committee explained: "While your Committee strongly agrees that our educational institutions should be places of sanctuary, we believe just as strongly that our entire community should be a safe place to live and learn and that everyone deserves to feel free from the threat of harm wherever they go." | Admitted that the quote is accurate. |
| 26. As part of the Plaintiffs' settlement with the City and County in this case, the Honolulu Police Department | Admitted that this was part of the settlement. Denied that the settlement has been implemented. |

5

| | |
|---|---|
| Firearms Permit Unit agreed to extend their hours of operation. | |

| FACTS IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT | EVIDENTIARY SUPPORT |
|---|---|
| 1. Before 1988, HRS § 134-6 did not include "a police station" as a place a person could take a firearm. | *See* Exhibit "4" to Declaration of Stephen D. Stamboulieh; Act 178 (1984) |
| 2. Act 275 (1988) included language that a person could carry a firearm into "a police station." | *See* Exhibit "3" to Declaration of Stephen D. Stamboulieh; Act 275 (1988) |
| 3. This language was added because "… transportation of firearms to the police station as required in order to register them is … illegal." | *See* Exhibit "5" to Declaration of Stephen D. Stamboulieh; SCRep. 464-88 |

Dated: September 28, 2020

>*/s/ Alan Alexander Beck*
>Alan Alexander Beck
>
>*/s/ Stephen D. Stamboulieh*
>Stephen D. Stamboulieh
>*Admitted Pro Hac Vice*
>
>Attorneys for Plaintiffs

6