PAUL S. AOKI, 1286
Acting Corporation Counsel

ROBERT M. KOHN, 6291
NICOLETTE WINTER, 9588
Deputies Corporation Counsel
City and County of Honolulu
530 South King Street, Room 110
Honolulu, Hawaii 96813
Tel. No.: (808) 768-5129/(808) 768-5234
Facsimile: (808) 768-5105
Email: Robert.kohn@honolulu.gov/
nwinter@honolulu.gov

Attorneys for Defendants
CITY AND COUNTY OF HONOLULU

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| TODD YUKUTAKE and DAVID KIKUKAWA,<br><br>Plaintiffs,<br><br>vs.<br><br>CLARE E. CONNORS, in her Official Capacity as the Attorney General of the State of Hawaii and the CITY AND COUNTY OF HONOLULU,<br><br>Defendants. | CIVIL NO. 19-00578 JMS-RT<br><br>DEFENDANT CITY AND COUNTY OF HONOLULU'S RESPONSE TO PLAINTIFFS' FIRST SET OF REQUEST FOR ADMISSIONS TO DEFENDANT CITY AND COUNTY OF HONOLULU<br><br>TRIAL: January 12, 2021 |
|---|---|

DEFENDANT CITY AND COUNTY OF HONOLULU'S RESPONSE TO PLAINTIFFS' FIRST SET OF REQUEST FOR ADMISSIONS TO DEFENDANT CITY AND COUNTY OF HONOLULU

Defendant City and County of Honolulu ("City"), pursuant to Rule 36 of the Federal Rules of Civil Procedure, responds to Plaintiffs' Request for Admissions as follows:

## GENERAL RESPONSES AND OBJECTIONS TO ADMISSIONS

1. The City objects to the admission requests to the extent that they ask for the disclosure of privileged communications, information that is protected attorney work product, and information concerning documents and tangible things prepared in anticipation of litigation and/or trial.

2. Discovery, investigation, and trial preparation have not been completed. Any and all answers to the Admission requests are based only on information and documents available to the City at the time the responses and objections were prepared.

3. The City objects to these admission requests as being overly broad and unduly burdensome, oppressive and vexatious, in that to be able to respond would place an unreasonable and oppressive burden on it and the City Defendants in expenditure of time and money.

4. The City objects to each admission request that seeks admission of information that is outside of its knowledge or information, or to the extent that Plaintiffs can obtain the information or admission more easily than the City. The City states that it has made reasonable inquiry as to the matters to which it has no

Defendant City and County of Honolulu ("City"), pursuant to Rule 36 of the Federal Rules of Civil Procedure, responds to Plaintiffs' Request for Admissions as follows:

## GENERAL RESPONSES AND OBJECTIONS TO ADMISSIONS

1. The City objects to the admission requests to the extent that they ask for the disclosure of privileged communications, information that is protected attorney work product, and information concerning documents and tangible things prepared in anticipation of litigation and/or trial.

2. Discovery, investigation, and trial preparation have not been completed. Any and all answers to the Admission requests are based only on information and documents available to the City at the time the responses and objections were prepared.

3. The City objects to these admission requests as being overly broad and unduly burdensome, oppressive and vexatious, in that to be able to respond would place an unreasonable and oppressive burden on it and the City Defendants in expenditure of time and money.

4. The City objects to each admission request that seeks admission of information that is outside of its knowledge or information, or to the extent that Plaintiffs can obtain the information or admission more easily than the City. The City states that it has made reasonable inquiry as to the matters to which it has no

personal knowledge or information set forth herein and that the information it knows or can readily obtain is insufficient to enable it to admit or deny the admission request.

5.  All specific responses and objections are made without waiving any of the general responses and objections.

6.  The City objects to each admission request to the extent that it calls for legal conclusions or otherwise attempts to re-cast legal issues as factual matters.

Without waiving said objections, the City responds to Plaintiff's First Set of Request for Admissions as follows:

DATED: Honolulu, Hawai'i, January 16, 2020.

                      PAUL S. AOKI
                      Acting Corporation Counsel

                      By: /s/ *signature*
                      ROBERT M. KOHN
                      NICOLETTE WINTER
                      Deputies Corporation Counsel

                      Attorneys for Defendant
                      CITY AND COUNTY OF HONOLULU

## OBJECTING ATTORNEY'S SIGNATURE PURSUANT TO
## RULE 36(a)(5) OF THE FEDERAL RULES OF CIVIL PROCEDURE

CITY AND COUNTY OF HONOLULU, ("City") by and through its counsel, Paul S. Aoki, Acting Corporation Counsel, and Robert M. Kohn and Nicolette Winter, Deputies Corporation Counsel, hereby objects to certain of the requests propounded herein, having stated the basis for the objection after each such request.

DATED: Honolulu, Hawaii, January 16, 2020.

> PAUL S. AOKI
> Acting Corporation Counsel
>
> By: _____
> ROBERT M. KOHN
> NICOLETTE WINTER
> Deputies Corporation Counsel
>
> Attorneys for Defendant
> CITY AND COUNTY OF HONOLULU

-- 4 --

## REQUESTS FOR ADMISSION

1. Please admit that HPD can set its own hours for the Firearms Permit Unit.

ADMIT _____     DENY \_\_\_\_√_____

The City further objects that "can" is vague and ambiguous. Given possible constraints, this request is denied.

2. Please admit that there is no governmental interest in requiring an applicant for a permit to acquire to return to the Honolulu Police Department to pick up a permit to acquire.

ADMIT _____     DENY \_\_\_\_√_____

3. Please admit that the Firearms Permit Unit can contact Federal Firearms Licensees (FFLs) in the City and County of Honolulu by electronic mail.

ADMIT \_\_\_\_√_____     DENY _____

4. Please admit that Hawaii state law does not require in-person handgun registration after the purchase of a handgun.

ADMIT _____     DENY \_\_\_\_√_____

5. Please admit that Hawaii state law does not forbid the City and County of Honolulu from transmitting an issued permit to acquire by electronic mail or regular mail.

ADMIT _____     DENY \_\_\_\_√_____

legally sufficient and reasonable. The request is denied.

13. Please admit that the City and County of Honolulu could change the Firearm Permit Unit's business hours to be open later on the weekdays than currently open on the weekdays.

ADMIT _____ DENY _____√_____

The City objects because "could" is ambiguous. The current hours are legally sufficient and reasonable. The request is denied.

14. Please admit that the Firearms Permit Unit communicates with Federal Firearms Licensees (FFLs) via electronic mail.

ADMIT \_\_\_\_\_√_____ DENY _____

15. Please admit that the Firearms Permit Unit retains a copy of issued permits to acquire a handgun.

ADMIT \_\_\_\_\_√_____ DENY _____√_____

The Unit retains a copy lacking signatures by both parties.

16. Please admit that it is currently the Honolulu Police Department's policy, through the City and County of Honolulu, to require in-person registration of handguns after purchase.

ADMIT _____ DENY \_\_\_\_\_√_____

17. Please admit that it is currently the Honolulu Police Department's policy, through the City and County of Honolulu, to require that a purchaser of a