PAUL S. AOKI, 1286
Acting Corporation Counsel

ROBERT M. KOHN, 6291
NICOLETTE WINTER, 9588
Deputies Corporation Counsel
City and County of Honolulu
530 South King Street, Room 110
Honolulu, Hawaii 96813
Tel. No.: (808) 768-5129/(808) 768-5234
Facsimile: (808) 768-5105
Email: robert.kohn@honolulu.gov/
nwinter@honolulu.gov

Attorneys for Defendant
CITY AND COUNTY OF HONOLULU

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TODD YUKUTAKE and DAVID KIKUKAWA,<br><br>Plaintiffs,<br><br>vs.<br><br>CLARE E. CONNORS, in her Official Capacity as the Attorney General of the State of Hawaii and the CITY AND COUNTY OF HONOLULU,<br><br>Defendants. | CIVIL NO. 19-00578 JMS-RT<br><br>CITY AND COUNTY OF HONOLULU'S RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT CITY AND COUNTY OF HONOLULU, DATED DECEMBER 17, 2019<br><br>TRIAL: January 12, 2021 |

CITY AND COUNTY OF HONOLULU'S RESPONSE TO PLAINTIFFS'
FIRST SET OF INTERROGATORIES TO DEFENDANT CITY AND
COUNTY OF HONOLULU, DATED DECEMBER 17, 2019

Defendant CITY AND COUNTY OF HONOLULU ("City") responds to

Plaintiffs' First Set of Interrogatories dated December 17, 2019, as follows:

## GENERAL OBJECTIONS

1. City objects to Plaintiffs' Interrogatories to the extent they seek information protected by the attorney-client privilege, the work product doctrine and any other applicable privilege. By responding to the Interrogatories, City does not waive any privilege or doctrine protection protecting its communications, transactions or records from disclosure, and any provision of information inconsistent with the foregoing is inadvertent and not a waiver of any such privilege or protection.

2. City objects to Plaintiffs' definitions and instructions to the extent they attempt to impose obligations that exceed the requirements of the Federal Rules of Civil Procedure and other applicable law.

3. These responses intend to preserve:

    a. All objections of City as to competency, relevancy, materiality and admissibility of the responses or the subject matter thereof.

    b. All rights of City to object on any grounds to the use of any said responses, or the subject matter thereof, in any subsequent proceedings, including the trial of this or any other action; and

    c. All rights of City to object on any grounds to any requests for further responses to these or any other Interrogatories, or any other discovery requests involving or related to the subject matter of these Interrogatories.

4.  City objects to each of the Instructions, Definitions and Interrogatories to the extent that any or all of them purport to request information outside the possession, custody or control of City on the grounds that they are overly broad and unduly burdensome.

5.  Any efforts by City to later supplement any interrogatory responses are not intended to, and will not be construed as to create any duties of supplementation beyond those required by the Fed. R. Civ. Pro. 26(e).

6.  Each of the specific responses set forth below is subject to and incorporates these general objections.

DATED: Honolulu, Hawai'i, January 16, 2020.

> PAUL S. AOKI
> Corporation Counsel
>
> By: *Nicolette Winter* (signature)
> ROBERT M. KOHN
> NICOLETTE WINTER
> Deputies Corporation Counsel
>
> Attorneys for Defendant
> CITY AND COUNTY OF HONOLULU

Interrogatory No. 5

If you contend that Hawaii law requires in-person handgun registration, please explain in detail this contention.

Objection:

The City objects to this interrogatory to the extent that it is vague, ambiguous, overly broad, seeks information that is not proportional to the needs of the case and/or to the extent that the information sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and asks for a legal conclusion that is the province of the judge and/or jury. The City further objects to this request to the extent that the information sought is protected from discovery by HRS Chapter 92F, attorney-client privilege, and/or attorney work-product doctrine.

_____
NICOLETTE WINTER
Deputy Corporation Counsel

Without waiving said objections, and subject to them, City responds as follows:

Answer:

*See* HRS § 134-3; 134-3 (c).

Interrogatory No. 6

If you contend that an in-person handgun registration requirement furthers an important governmental interest, please explain in detail how it furthers the interest.

Objection:

The City objects to this interrogatory to the extent that it is vague, ambiguous, overly broad, seeks information that is not proportional to the needs of the case and/or to the extent that the information sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and asks for a legal conclusion that is the province of the judge and/or jury.  The City further objects to this request to the extent

//

that the information sought is protected from discovery by HRS Chapter 92F, attorney-client privilege, and/or attorney work-product doctrine.

_____
NICOLETTE WINTER
Deputy Corporation Counsel

Without waiving said objections, and subject to them, City responds as follows:

Answer:

Yes, HRS § 134-3 (c) states only dealers are not required to bring in firearms for registration purposes. Physically viewing the registered firearm allows for the confirmation (and correction) of the firearm serial number, make, model and owner information, etc., insuring this information is correct. The attorney general provides all county police departments the forms for registration. *See* HRS § 134-3(b).

Interrogatory No. 7:

Have you communicated with the State of Hawaii or any agency thereof, for any interpretation of Hawaii state law regarding the registration of handguns?

Objection:

The City objects to this interrogatory to the extent that it is protected by a joint defense agreement, is vague, ambiguous, overly broad, and seeks information that is not proportional to the needs of the case and/or to the extent that the information sought is obtainable from some other source that is more convenient, less burdensome, or less expensive. The City further objects to this request to the extent that the information sought is protected from discovery by HRS Chapter 92F, attorney-client privilege, and/or attorney work-product doctrine.

_____
NICOLETTE WINTER
Deputy Corporation Counsel

Without waiving said objections, and subject to them, City responds as follows:

//

Answer:

Yes.

Interrogatory No. 8:

Does the State of Hawaii fund any portion of the budget for the City and County of Honolulu's Firearm Permit Unit?

Objection:

The City objects to this interrogatory to the extent that it is protected by a joint defense agreement, is vague, ambiguous, overly broad, and seeks information that is not proportional to the needs of the case and/or to the extent that the information sought is obtainable from some other source that is more convenient, less burdensome, or less expensive. The City further objects to this request to the extent that the information sought is protected from discovery by HRS Chapter 92F, attorney-client privilege, and/or attorney work-product doctrine.

*[signature]*
NICOLETTE WINTER
Deputy Corporation Counsel

Without waiving said objections, and subject to them, City responds as follows:

Answer:

No.

Interrogatory No. 9:

Please explain in detail the process purchasing a handgun in the City and County of Honolulu, including but not limited to applying for a permit to acquire a handgun, purchasing a handgun, the registration process and all other processes/steps which must be followed by an applicant to purchase a handgun in the City and County of Honolulu.

//

Interrogatory No. 17:

Explain in detail the government's interest in refusing to proceed with the in-person registration of a handgun if an applicant does not bring his issued permit to acquire a handgun with him to HPD.

Objection:

The City objects to this interrogatory to the extent that it is vague, ambiguous, overly broad, and asks for legal conclusions that are the province of the judge and/or jury. The City further objects to this request to the extent that the information sought is protected from discovery by HRS Chapter 92F, attorney-client privilege, and/or attorney work-product doctrine.

_____
NICOLETTE WINTER
Deputy Corporation Counsel

Without waiving said objections, and subject to them, City responds as follows:

Answer:

Applicants are required to register their firearm in person pursuant to HRS § 134-3(c). The HPD Firearms Unit does maintain copies of issued permits to acquire handguns as a control measure. See HRS § 134-2, Permits to acquire (f).

The control copy of the permit that the Firearms Unit maintains does not have the signature from both parties, demonstrating an executed transfer of the firearms ownership. While HRS § 134-2(f) states "the person who is transferring title to the firearm shall sign the permit in ink and cause the permit to be delivered or sent by registered mail to the issuing authority," as a practical matter, since the firearm must be physically registered with the HPD, we allow the person receiving the firearm to bring the completed permit with them to register the firearm. This ensures that the completed permit is available at the time the firearm is registered.

//

Interrogatory No. 18:

Does HPD/Firearms Permit Unit maintain a copy of issued permits to acquire handguns? If so, why does HPD/Firearms Permit Unit require the applicant to return to register his handgun with his copy of the issued permit to acquire a handgun?

Objection:

The City objects to this interrogatory to the extent that it is vague, ambiguous, overly broad, seeks information that is not proportional to the needs of the case and/or to the extent that the information sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and asks for a legal conclusion that is the province of the judge and/or jury. The City further objects to this request to the extent that the information sought is protected from discovery by HRS Chapter 92F, attorney-client privilege, and/or attorney work-product doctrine.

_____
NICOLETTE WINTER
Deputy Corporation Counsel

Without waiving said objections, and subject to them, City responds as follows:

Answer:

Applicants are required to register their firearm in person pursuant to HRS § 134-3(c). The HPD Firearms Unit does maintain copies of issued permits to acquire handguns as a control measure. See HRS § 134-2, Permits to acquire (f).

The control copy of the permit that the Firearms Unit maintains does not have the signature from both parties, demonstrating an executed transfer of the firearms ownership. While HRS § 134-2(f) states "the person who is transferring title to the firearm shall sign the permit in ink and cause the permit to be delivered or sent by registered mail to the issuing authority," as a practical matter, since the firearm must be physically registered with the HPD, we allow the person receiving the firearm to bring the completed permit with them to register the firearm. This ensures that the completed permit is available at the time the firearm is registered.

//

Interrogatory No. 19:

Can the Firearms Permit Unit be open on a weekend (either Saturday or Sunday) to take applications for permits to acquire or to provide issued permits to acquire to applicants? If not, why not?

Objection:

The City objects to this interrogatory to the extent that it is vague, ambiguous, overly broad, seeks information that is not proportional to the needs of the case and/or to the extent that the information sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, and asks for legal conclusions that are the province of the judge and/or jury. The City further objects to this request to the extent

that the information sought is protected from discovery by HRS Chapter 92F, attorney-client privilege, and/or attorney work-product doctrine.

_____
NICOLETTE WINTER
Deputy Corporation Counsel

Without waiving said objections, and subject to them, City responds as follows:

Answer:

The current hours are legally sufficient and are reasonable. HPD sees no reason to change them.

Interrogatory No. 20:

For a typical handgun acquisition, how many times must an applicant come in person to the HPD/Firearms Permit Union in order to complete a permit to acquire, pick up the permit to acquire, acquire a handgun, and register that handgun and any steps in between?

//

Objection:

The City objects to this interrogatory to the extent that it is vague, ambiguous, overly broad, and seeks information that is not proportional to the needs of the case and/or to the extent that the information sought is obtainable from some other source that is more convenient, less burdensome, or less expensive. The City further objects to this request to the extent that the information sought is protected from discovery by HRS Chapter 92F, attorney-client privilege, and/or attorney work-product doctrine.

_____
NICOLETTE WINTER
Deputy Corporation Counsel

Without waiving said objections, and subject to them, City responds as follows:

Answer:

Per Hawaii state law, an applicant who wishes to acquire a handgun must:

1) Apply for a Permit to acquire firearms (handguns) at HPD.
2) After the 14 day waiting period, return to HPD and pick up the permit to acquire firearms.
3) Within 5 days of acquiring the firearm (handgun) return to HPD and register the acquired firearm.

Interrogatory No. 21:

Please state the hours and days of operation that the Firearms Permit Unit is open to the public to process applications for permits to acquire and registration of handguns.

Objection:

The City objects to this interrogatory to the extent that it is vague, ambiguous, overly broad, and seeks information that is not proportional to the needs of the case and/or to the extent that the information sought is obtainable from some other source that is more convenient, less burdensome, or less expensive. The City further objects to this request to

## VERIFICATION

STATE OF HAWAIʻI             )
                             : SS.
CITY AND COUNTY OF HONOLULU  )

DAWN BEARD, being first duly sworn on oath, deposes and says that the foregoing answers to interrogatories are true to the best of her knowledge and belief.

_Dawn Beard_
DAWN BEARD

This 17-page document entitled CITY AND COUNTY OF HONOLULU'S RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT CITY AND COUNTY OF HONOLULU, DATED DECEMBER 17, 2019 was subscribed and sworn to before me this 16th day of January, 2020, in the First Judicial Circuit of the State of Hawaiʻi.



_Debra L. Haraguchi_
Notary Public, State of Hawaiʻi.
Name: DEBRA L. HARAGUCHI
Commission Number: 86-55
My commission expires: 02/20/2022