CLARE E. CONNORS            7936
Attorney General of Hawaii

CARON M. INAGAKI           3835
KENDALL J. MOSER           6515
RYAN M. AKAMINE            4358
Deputy Attorneys General
Department of the Attorney
 General, State of Hawaii
425 Queen Street
Honolulu, Hawaii 96813
Telephone: (808) 586-1494
Facsimile: (808) 586-1369
E-Mail: Caron.M.Inagaki@hawaii.gov
        Kendall.J.Moser@hawaii.gov
        Ryan.M.Akamine@hawaii.gov
Attorneys for Defendant
CLARE E. CONNORS, in her
Official Capacity as the Attorney
General of the State of Hawaii

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TODD YUKUTAKE and DAVID KIKUKAWA,<br><br>Plaintiffs,<br><br>vs.<br><br>CLARE E. CONNORS, in her Official Capacity as the Attorney General of the State of Hawaii and the CITY and COUNTY OF HONOLULU,<br><br>Defendants. | CIVIL NO. 19-00578 JMS-RT<br><br>DEFENDANT CLARE E. CONNORS, IN HER OFFICIAL CAPACITY AS THE ATTORNEY GENERAL OF THE STATE OF HAWAII'S RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT CLARE E. CONNORS<br><br>Trial Date: January 12, 2021 |

795099_1

*Exhibit "A"*

DEFENDANT CLARE E. CONNORS, IN HER OFFICIAL
CAPACITY AS THE ATTORNEY GENERAL OF THE
STATE OF HAWAII'S RESPONSE TO PLAINTIFFS' FIRST
SET OF INTERROGATORIES DEFENDANT CLARE E. CONNORS

Defendant Clare E. Connors, in her Official Capacity as the Attorney General of the State of Hawaii ("Defendant"), by and through her attorneys, Caron M. Inagaki, Kendall J. Moser, and Ryan M. Akamine, Deputy Attorneys General, hereby responds to Plaintiffs' First Set of Interrogatories to Defendant Clare E. Connors ("Discovery Request") as follows:

## GENERAL RESPONSES AND OBJECTIONS

1.  Defendant objects to the interrogatories in the Discovery Requests to the extent that it asks for the disclosure of privileged communications, information that is protected work product, and information concerning documents and tangible things prepared in anticipation of litigation or trial.

2.  Discovery, investigation, and trial preparation have not been completed. Any and all answers to the Discovery Requests are based only on information and documents available to Defendant at the time that his responses and objections were prepared.

3.  All specific responses and objections are made without waiving any of the general responses and objections.

DATED: Honolulu, Hawaii, February 21, 2020.

STATE OF HAWAII

CLARE E. CONNORS
Attorney General
State of Hawaii

_____
CARON M. INAGAKI
KENDALL J. MOSER
RYAN M. AKAMINE
Deputy Attorneys General

Attorney for Defendant
CLARE E. CONNORS, in her
Official Capacity as the Attorney
General of the State of Hawaii

DEFENDANT'S ANSWER TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES TO DEFENDANT CLARE E. CONNORS

1. Identify all documents you plan to introduce as evidence at the trial of this matter.

RESPONSE:

Defendant objects to this request as vague, ambiguous, premature, and calls for speculation, as at this early stage of litigation, Defendant cannot determine all the documents that she intends to use at trial. In addition, the documents responsive to this request are potentially as easily available to the Plaintiffs as they are to Defendant, and the required good cause or substantial need, as dictated by applicable statutes, court rules, and case law, has not been shown in support of the request.

_____
CARON M. INAGAKI

Without waiving the above objections, Defendant responds as follows: At this time, Defendant anticipates relying on the statutory law and its prior iterations and legislative history, comments and conference committee reports and/or requesting that the court take judicial notice. All of these are as readily available to Plaintiffs as they are to Defendant. Discovery is continuing and Defendant will supplement her response to this interrogatory in accordance with applicable court rules.

2. Identify all persons or entities whom you or your representatives know or believe have knowledge of any discoverable matter.

RESPONSE:

Defendant objects to this request as vague, ambiguous, and calling for speculation. The phrase "discoverable matter" is overly broad and lacking context. Defendant further objects that this request may call for attorney work product, attorney-client communication, or other privileged or confidential information.

_____
CARON M. INAGAKI

Without waiving the above objections, Defendant responds as follows: Discovery is continuing and Defendant will supplement her response as appropriate in accordance with applicable court rules.

3. Identify all individuals with whom you have spoken or communicated orally or in writing, about the subject matter of this lawsuit, or about the conduct, actions, behavior, or statements of Plaintiffs and for each individual identified, describe the person(s) with whom you were speaking, the substance of the communication, the place, time and date of the communication, any witnesses to the communication, and identify by giving a description and location of any documents that may relate in any way to the communications.

RESPONSE:

Defendant objects to this request as it may call for attorney work product, attorney-client communications, or other privileged and confidential information.

_____
CARON M. INAGAKI

Without waiving the above objections, Defendant responds as follows: To the extent that there is any information responsive to this request that is not privileged or confidential, Defendant will supplement her response as appropriate in accordance with applicable court rules.

4. For each person you expect to call as an expert witness at trial, including physicians or generally employed expert(s) whose information was not acquired in preparation for this particular trial, state the following:

  (1) The name, address and qualifications of each expert;

  (2) The subject matter on which the expert is expected to testify;

  (3) The substance of the facts and opinions to which the expert is expected to testify;

(4) A summary of the grounds for each such opinion; and

(5) The expert's resume or *Curriculum Vitae*.

RESPONSE:

Defendant objects to this request as vague and ambiguous, overly broad, and seeks information that is not calculated to lead to the discovery of admissible evidence. This request also may call for attorney work product, attorney-client communications, or other privileged and confidential information.

CARON M. INAGAKI

Without waiving the above objections, Defendant responds as follows: Defendant will disclose any expert or experts in accordance with the applicable court rules.

5. If you contend that Hawaii law does not require in-person handgun registration, please explain in detail this contention.

RESPONSE:

Defendant objects to this request as vague, ambiguous, overly broad, and lacking in context.

CARON M. INAGAKI

Without waiving the above objections, Defendant responds as follows: Defendant does not make this contention.

6. If you contend that an in-person handgun registration requirement further [sic] an important governmental interest, please explain in detail how it further [sic] that interest.

RESPONSE:

Defendant objects to this request as vague, ambiguous, and lacking in context.

CARON M. INAGAKI

Without waiving the above objections, Defendant responds as follows: In-person handgun registrations can prevent fraud and reduce or eliminate discrepancies.

      7.    Have you communicated to any counties, including Defendant City and County of Honolulu, any interpretation of Hawaii state law regarding the registration of handguns?

RESPONSE:

Defendant objects to this request as overly broad, burdensome, vague, ambiguous, lacking in context, and is not calculated to lead to the discovery of admissible evidence.

CARON M. INAGAKI

Without waiving the above objection, Defendant responds as follows: Defendant will supplement her response as appropriate under the applicable court rules.

      8.    Does the State of Hawaii fund any portion of the budget for the City and County of Honolulu's Firearm Permit Unit?

RESPONSE:

Defendant objects to this request as overly broad, burdensome, vague, ambiguous, lacking in context, and is not calculated to lead to the discovery of admissible evidence.

CARON M. INAGAKI

Without waiving the above objection, Defendant responds as follows:
Not to our current knowledge, but Defendant will supplement her response if necessary under the applicable court rules.

9. Please explain in detail how mandating that a permit to acquire a handgun becomes void if not "used within ten days after the date of issue" further [sic] a governmental interest. (*See* HRS 134-2(e)).

RESPONSE:

Defendant objects to this request as vague and ambiguous and lacking in context.

*/s/ Caron M. Inagaki*
CARON M. INAGAKI

Without waiving the above objection, this ensures that a person's qualifications for owning a firearm are legitimate at the time of purchase and the information is not stale. An example is if someone gets a permit but does not use it, and a month later commits a felony and is charged. Without an expiration date, that person could let a registered firearm be seized and then use the permit to purchase another firearm.

10. Have you instructed the City and County of Honolulu in the hours that its Firearms Permit Unit may be open? If so, please explain in detail this communication to Defendant City and County of Honolulu.

RESPONSE:

No.

11. Do you believe that the City and County of Honolulu could open its Firearms Permit Unit on the weekend or for longer hours during the weekdays? If yes, please explain.

RESPONSE:

Defendant objects to this request as irrelevant and not calculated to lead to the discovery of admissible evidence.

_/s/ Caron M. Inagaki_
CARON M. INAGAKI

Without waiving the above objection, Defendant responds as follows: Defendant holds no belief as to, and has no knowledge of, what the City and County of Honolulu's Firearms Permit Unit could or could not do.

12. Do you communicate with Federal Firearms Licensees (FFLs) in Hawaii by electronic mail? If not, please explain in detail how the State maintains contact with FFLs in Hawaii.

RESPONSE:

Defendant objects to this request as vague, ambiguous, lacking in context, assumes facts that have not been established, and is not calculated to lead to the discovery of admissible evidence.

_/s/ Caron M. Inagaki_
CARON M. INAGAKI

Without waiving the above objection, Defendant responds as follows: Defendant does not communicate with FFLS.

13. Please describe the difference in permits to acquire long guns and handguns, and in this response, please explain why permits to acquire long guns are valid for one year and multiple long guns, but permits to acquire handguns are valid for ten days and one handgun.

RESPONSE:

Defendant objects to this request as vague, ambiguous, lacking in context and is not calculated to lead to the discovery of admissible evidence.

_/s/ Caron M. Inagaki_
CARON M. INAGAKI

# VERIFICATION

STATE OF HAWAII            )
                           ) SS:
CITY & COUNTY OF HONOLULU  )

_Dana O Viola_, being first duly sworn on oath, deposes and says that he/she has read the foregoing answers to interrogatories and that the same are true to the best of his/her knowledge and belief.

_____

Subscribed and sworn to before me
this _21st_ day of _February_, 2020.

_____
Notary Public, State of _Hawaii_
Print Name: _Lavonne M Makaawaawa_
My commission expires: _4/1/2020_

## NOTARY PUBLIC CERTIFICATION

_Lavonne M Makaawaawa_     _First_ Judicial Circuit
Name of Notary Public
Doc. Description: _Df Clare E. Connors, In Her Official Capacity As the Attorney General of the State of Hawaii's Response to Plaintiffs First Set of Interrogatories to Df Clare E. Connors_
No. of Pages: _11_         Date of Doc. _____

_____  2/21/20
Notary Signature         Date