# HAWAII REVISED STATUTES

COMPRISING THE STATUTES
OF THE STATE OF HAWAII,
CONSOLIDATED, REVISED, AND ANNOTATED

VOLUME 3

2011 REPLACEMENT

(Including Acts of the 2011 Regular Session)

TITLES 10-12, CHAPTERS 121-200D



---
PUBLISHED BY AUTHORITY
---

EXHIBIT "L"

**134-1 PUBLIC SAFETY AND INTERNAL SECURITY**

"Semiautomatic" means the mode of operation by which a firearm uses the energy of the explosive in a fixed cartridge to extract a fired cartridge and chamber a fresh cartridge with each single pull of a trigger. [L 1988, c 275, pt of §2 and am c 271, §2; am L 1989, c 263, §§2, 3; am L 1990, c 195, §1; am L 1992, c 286, §1; am L 1994, c 204, §2; am L 2001, c 252, §2]

**§134-2 Permits to acquire.** (a) No person shall acquire the ownership of a firearm, whether usable or unusable, serviceable or unserviceable, modern or antique, registered under prior law or by a prior owner or unregistered, either by purchase, gift, inheritance, bequest, or in any other manner, whether procured in the State or imported by mail, express, freight, or otherwise, until the person has first procured from the chief of police of the county of the person's place of business or, if there is no place of business, the person's residence or, if there is neither place of business nor residence, the person's place of sojourn, a permit to acquire the ownership of a firearm as prescribed in this section. When title to any firearm is acquired by inheritance or bequest, the foregoing permit shall be obtained before taking possession of a firearm; provided that upon presentation of a copy of the death certificate of the owner making the bequest, any heir or legatee may transfer the inherited or bequested firearm directly to a dealer licensed under section 134-31 or licensed by the United States Department of Justice without complying with the requirements of this section.

(b) The permit application form shall include the applicant's name, address, sex, height, weight, date of birth, place of birth, country of citizenship, social security number, alien or admission number, and information regarding the applicant's mental health history and shall require the fingerprinting and photographing of the applicant by the police department of the county of registration; provided that where fingerprints and photograph are already on file with the department, these may be waived.

(c) An applicant for a permit shall sign a waiver at the time of application, allowing the chief of police of the county issuing the permit access to any records that have a bearing on the mental health of the applicant. The permit application form and the waiver form shall be prescribed by the attorney general and shall be uniform throughout the State.

(d) The chief of police of the respective counties may issue permits to acquire firearms to citizens of the United States of the age of twenty-one years or more, or duly accredited official representatives of foreign nations, or duly commissioned law enforcement officers of the State who are aliens; provided that any law enforcement officer who is the owner of a firearm and who is an alien shall transfer ownership of the firearm within forty-eight hours after termination of employment from a law enforcement agency. The chief of police of each county may issue permits to aliens of the age of eighteen years or more for use of rifles and shotguns for a period not exceeding sixty days, upon a showing that the alien has first procured a hunting license under chapter 183D, part II. The chief of police of each county may issue permits to aliens of the age of twenty-one years or more for use of firearms for a period not exceeding six months, upon a showing that the alien is in training for a specific organized sport-shooting contest to be held within the permit period. The attorney general shall adopt rules, pursuant to chapter 91, as to what constitutes sufficient evidence that an alien is in training for a sport-shooting contest. Notwithstanding any provision of the law to the contrary and upon joint application, the chief of police may issue permits to acquire firearms jointly to spouses who otherwise qualify to obtain permits under this section.

162

FIREARMS AND DANGEROUS WEAPONS 134-2

(e) The permit application form shall be signed by the applicant and by the issuing authority. One copy of the permit shall be retained by the issuing authority as a permanent official record. Except for sales to dealers licensed under section 134-31, or dealers licensed by the United States Department of Justice, or law enforcement officers, or where a license is granted under section 134-9, or where any firearm is registered pursuant to section 134-3(a), no permit shall be issued to an applicant earlier than fourteen calendar days after the date of the application; provided that a permit shall be issued or the application denied before the twentieth day from the date of application. Permits issued to acquire any pistol or revolver shall be void unless used within ten days after the date of issue. Permits to acquire a pistol or revolver shall require a separate application and permit for each transaction. Permits issued to acquire any rifle or shotgun shall entitle the permittee to make subsequent purchases of rifles or shotguns for a period of one year from the date of issue without a separate application and permit for each acquisition, subject to the disqualifications under section 134-7 and subject to revocation under section 134-13; provided that if a permittee is arrested for committing a felony or any crime of violence or for the illegal sale of any drug, the permit shall be impounded and shall be surrendered to the issuing authority. The issuing authority shall perform an inquiry on an applicant who is a citizen of the United States by using the National Instant Criminal Background Check System before any determination to issue a permit or to deny an application is made. If the applicant is not a citizen of the United States and may be eligible to acquire a firearm under this chapter, the issuing authority shall perform an inquiry on the applicant, by using the National Instant Criminal Background Check System, to include a check of the Immigration and Customs Enforcement databases, before any determination to issue a permit or to deny an application is made.

(f) In all cases where a pistol or revolver is acquired from another person within the State, the permit shall be signed in ink by the person to whom title to the pistol or revolver is transferred and shall be delivered to the person who is transferring title to the firearm, who shall verify that the person to whom the firearm is to be transferred is the person named in the permit and enter on the permit in the space provided the following information: name of the person to whom the title to the firearm was transferred; names of the manufacturer and importer; model; type of action; caliber or gauge; and serial number as applicable. The person who is transferring title to the firearm shall sign the permit in ink and cause the permit to be delivered or sent by registered mail to the issuing authority within forty-eight hours after transferring the firearm.

In all cases where receipt of a firearm is had by mail, express, freight, or otherwise from sources without the State, the person to whom the permit has been issued shall make the prescribed entries on the permit, sign the permit in ink, and cause the permit to be delivered or sent by registered mail to the issuing authority within forty-eight hours after taking possession of the firearm.

In all cases where a rifle or shotgun is acquired from another person within the State, the person who is transferring title to the rifle or shotgun shall submit, within forty-eight hours after transferring the firearm, to the authority which issued the permit to acquire, the following information, in writing: name of the person who transferred the firearm, name of the person to whom the title to the firearm was transferred; names of the manufacturer and importer; model; type of action; caliber or gauge; and serial number as applicable.

(g) Effective July 1, 1995, no person shall be issued a permit under this section for the acquisition of a pistol or revolver unless the person, at any time prior to the issuance of the permit, has completed:

163

**134-2**  PUBLIC SAFETY AND INTERNAL SECURITY

(1) An approved hunter education course as authorized under section 183D-28;
(2) A firearms safety or training course or class available to the general public offered by a law enforcement agency of the State or of any county;
(3) A firearms safety or training course offered to law enforcement officers, security guards, investigators, deputy sheriffs, or any division or subdivision of law enforcement or security enforcement by a state or county law enforcement agency; or
(4) A firearms training or safety course or class conducted by a state certified or National Rifle Association certified firearms instructor or a certified military firearms instructor that provides, at a minimum, a total of at least two hours of firing training at a firing range and a total of at least four hours of classroom instruction, which may include a video, that focuses on:
  (A) The safe use, handling, and storage of firearms and firearm safety in the home; and
  (B) Education on the firearm laws of the State.

An affidavit signed by the certified firearms instructor who conducted or taught the course, providing the name, address, and phone number of the instructor and attesting to the successful completion of the course by the applicant shall constitute evidence of certified successful completion under this paragraph.

(h) No person shall sell, give, lend, or deliver into the possession of another any firearm except in accordance with this chapter.

(i) No fee shall be charged for permits, or applications for permits, under this section, except for a single fee chargeable by and payable to the issuing county, for individuals applying for their first permit, in an amount equal to the fee actually charged by the Federal Bureau of Investigation to the issuing police department for a fingerprint check in connection with that application or permit. In the case of a joint application, the fee provided for in this section may be charged to each person to whom no previous permit has been issued. [L 1988, c 275, pt of §2; am L 1992, c 287, §2; am L 1994, c 204, §3; am L 1995, c 11, §1; am L 1996, c 200, §§2, 3; am L 1997, c 53, §2 and c 278, §1; am L 2006, c 27, §1; am L 2007, c 9, §6]

**[§134-2.5 Permits for motion picture films or television program production.]** (a) Upon a finding that public safety is not endangered, the chief of police of the appropriate county may issue permits, initially valid for a period of one year and renewable annually thereafter, for the possession, transportation, or use, with blank cartridges, of firearms or explosives solely as props for motion picture films or television program production upon a showing that good cause exists for the issuance of a permit to the applicant and upon sufficient proof of a federal firearms license and a state film permit required under section 201-3. No permit shall be issued to a person who is under twenty years of age or who is disqualified under section 134-7.

(b) Applications for permits shall be in writing, signed by the individual applicant or by a member or officer qualified to sign if the applicant is a firm or corporation, and shall state the name, business in which engaged, business address, and a full description of the use to which the firearms or explosives are to be put, including the names of the persons who will actually use the props. The application shall also require the fingerprinting and photographing of the

164

FIREARMS AND DANGEROUS WEAPONS        134-3

applicant. Applications and permits shall be uniform throughout the State on forms prescribed by the attorney general.

(c) The attorney general shall establish rules pursuant to chapter 91 concerning security requirements for storing and transporting firearms or explosives for which permits are issued. Permits shall be issued only upon a showing of the applicant's ability to meet these security requirements.

(d) A fee of $50 should be charged for each permit issued under this section.

(e) Every applicant to whom a permit is issued shall keep it on the applicant's person or at the place where the firearms or explosives are stored. The permit, firearms and explosives, shall be available for inspection by any law enforcement officer or any other person designated by the respective chief of police.

(f) Every firearm or explosive for which a permit is issued shall bear a unique identifying number. If the firearm or explosive does not bear a unique identifying number, the chief of police of the appropriate county shall assign a number that shall be stamped or placed thereon.

(g) The chief of police of the respective county shall revoke permits issued under this section any time it appears that the holder of the permit has used the firearms or explosives for purposes other than those allowed by the permit or that the holder of the permit has not exercised great care in retaining custody of any firearms or explosive possessed under the permit. [L 1988, c 272, §3]

§134-3 Registration, mandatory, exceptions. (a) Every person arriving in the State who brings or by any other manner causes to be brought into the State a firearm of any description, whether usable or unusable, serviceable or unserviceable, modern or antique, shall register the firearm within three days after arrival of the person or of the firearm, whichever arrives later, with the chief of police of the county of the person's place of business or, if there is no place of business, the person's residence or, if there is neither a place of business nor residence, the person's place of sojourn. A nonresident alien may bring firearms not otherwise prohibited by law into the State for a continuous period not to exceed ninety days; provided that the person meets the registration requirement of this section and the person possesses:

(1) A valid Hawaii hunting license procured under chapter 183D, part II, or a commercial or private shooting preserve permit issued pursuant to section 183D-34;
(2) A written document indicating the person has been invited to the State to shoot on private land; or
(3) Written notification from a firing range or target shooting business indicating that the person will actually engage in target shooting.

The nonresident alien shall be limited to a nontransferable registration of not more than ten firearms for the purpose of the above activities.

(b) Every person who acquires a firearm pursuant to section 134-2 shall register the firearm in the manner prescribed by this section within five days of acquisition. The registration shall be on forms prescribed by the attorney general, which shall be uniform throughout the State, and shall include the following information: name of the manufacturer and importer; model; type of action; caliber or gauge; serial number; and source from which receipt was obtained, including the name and address of the prior registrant. If the firearm has no serial number, the permit number shall be entered in the space provided for the serial number, and the permit number shall be engraved upon the receiver portion

165

**134-3**    PUBLIC SAFETY AND INTERNAL SECURITY

of the firearm prior to registration. All registration data that would identify the individual registering the firearm by name or address shall be confidential and shall not be disclosed to anyone, except as may be required for processing the registration or as may be required by a law enforcement agency for the lawful performance of its duties or as may be required by order of a court.

(c) Dealers licensed under section 134-31 or dealers licensed by the United States Department of Justice shall register firearms pursuant to this section on registration forms prescribed by the attorney general and shall not be required to have the firearms physically inspected by the chief of police at the time of registration.

(d) Registration shall not be required for:
  (1) Any device that is designed to fire loose black powder or that is a firearm manufactured before 1899;
  (2) Any device not designed to fire or made incapable of being readily restored to a firing condition; or
  (3) All unserviceable firearms and destructive devices registered with the Bureau of Alcohol, Tobacco, and Firearms of the United States Department of Justice pursuant to Title 27, Code of Federal Regulations.

(e) No fee shall be charged for the registration. [L 1988, c 275, pt of §2; am L 1994, c 204, §4; am L 1999, c 217, §2; am L 2007, c 9, §7]

**[§134-3.5] Disclosure for firearm permit and registration purposes.** A health care provider or public health authority shall disclose health information, including protected health care information, relating to an individual's mental health history, to the appropriate county chief of police in response to a request for the information from the chief of police; provided that:
  (1) The information shall be used only for the purpose of evaluating the individual's fitness to acquire or own a firearm; and
  (2) The individual has signed a waiver permitting release of the health information for that purpose. [L 2001, c 252, §1]

**§134-4 Transfer, possession of firearms.** (a) No transfer of any rifle having a barrel length of sixteen inches or over or any shotgun having a barrel length of eighteen inches or over, whether usable or unusable, serviceable or unserviceable, modern or antique, registered under prior law or by a prior owner, or unregistered shall be made to any person under the age of eighteen years, except as provided by section 134-5.

(b) No person shall possess any firearm that is owned by another, regardless of whether the owner has consented to possession of the firearm, without a permit from the chief of police of the appropriate county, except as provided in subsection (c) and section 134-5.

(c) Any lawfully acquired rifle or shotgun may be lent to an adult for use within the State for a period not to exceed fifteen days without a permit; provided that where the rifle or shotgun is to be used outside of the State, the loan may be for a period not to exceed seventy-five days.

(d) No person shall knowingly lend a firearm to any person who is prohibited from ownership or possession of a firearm under section 134-7.

(e) After July 1, 1992, no person shall bring or cause to be brought into the State an assault pistol. No assault pistol may be sold or transferred on or after July 1, 1992, to anyone within the State other than to a dealer licensed under section 134-32 or the chief of police of any county except that any person

166

FIREARMS AND DANGEROUS WEAPONS     134-7

who obtains title by bequest or intestate succession to an assault pistol registered within the State shall, within ninety days, render the weapon permanently inoperable, sell or transfer the weapon to a licensed dealer or the chief of police of any county, or remove the weapon from the State. [L 1988, c 275, pt of §2; am L 1992, c 286, §2]

**Case Notes**

Where defendant's conviction and sentence under §708-840 was an included offense under §134-6(a) and defendant's convictions under both §708-840 and subsection (a) violated §701-109(1)(a), defendant's conviction and sentence under §708-840 reversed. 91 H. 33, 979 P.2d 1059.

**§134-5 Possession by licensed hunters and minors; target shooting; game hunting.** (a) Any person of the age of sixteen years, or over or any person under the age of sixteen years while accompanied by an adult, may carry and use any lawfully acquired rifle or shotgun and suitable ammunition while actually engaged in hunting or target shooting or while going to and from the place of hunting or target shooting; provided that the person has procured a hunting license under chapter 183D, part II. A hunting license shall not be required for persons engaged in target shooting.

(b) A permit shall not be required when any lawfully acquired firearm is lent to a person, including a minor, upon a target range or similar facility for purposes of target shooting; provided that the period of the loan does not exceed the time in which the person actually engages in target shooting upon the premises.

(c) A person may carry unconcealed and use a lawfully acquired pistol or revolver while actually engaged in hunting game mammals, if that pistol or revolver and its suitable ammunition are acceptable for hunting by rules adopted pursuant to section 183D-3 and if that person is licensed pursuant to part II of chapter 183D. The pistol or revolver may be transported in an enclosed container, as defined in section 134-25 in the course of going to and from the place of the hunt, notwithstanding section 134-26. [L 1988, c 275, pt of §2; am L 1997, c 254, §§1, 4; am L 2000, c 96, §1; am L 2002, c 79, §1; am L 2006, c 66, §2]

**Case Notes**

As question of whether defendant possessed a hunting license under this section posed a fact peculiarly within defendant's knowledge, and lack of a hunting license is not a material element of §134-6, prosecution was not required to prove that defendant did not have a hunting license pursuant to this section. 93 H. 87, 997 P.2d 13.

**§134-6 REPEALED.** L 2006, c 66, §6.

**§134-7 Ownership or possession prohibited, when; penalty.** (a) No person who is a fugitive from justice or is a person prohibited from possessing firearms or ammunition under federal law shall own, possess, or control any firearm or ammunition therefor.

(b) No person who is under indictment for, or has waived indictment for, or has been bound over to the circuit court for, or has been convicted in this State or elsewhere of having committed a felony, or any crime of violence, or an illegal sale of any drug shall own, possess, or control any firearm or ammunition therefor.

(c) No person who:
 (1) Is or has been under treatment or counseling for addiction to, abuse of, or dependence upon any dangerous, harmful, or detrimental drug,

167

134-7     PUBLIC SAFETY AND INTERNAL SECURITY

        ==intoxicating compound as defined in section 712-1240, or intoxicating liquor;==
- (2) ==Has been== acquitted of a crime on the grounds of mental disease, disorder, or defect pursuant to section 704-411; or
- (3) ==Is or has been diagnosed as having a significant behavioral, emotional, or mental disorders as defined by the most current diagnostic manual of the American Psychiatric Association or for treatment for organic brain syndromes;==

shall own, possess, or control any firearm or ammunition therefor, unless the person has been medically documented to be no longer adversely affected by the addiction, abuse, dependence, mental disease, disorder, or defect.

    (d) No person who is less than twenty-five years old and has been adjudicated by the family court to have committed a felony, two or more crimes of violence, or an illegal sale of any drug shall own, possess or control any firearm or ammunition therefor.

    (e) No minor who:
- (1) Is or has been under treatment for addiction to any dangerous, harmful, or detrimental drug, intoxicating compound as defined in section 712-1240, or intoxicating liquor;
- (2) Is a fugitive from justice; or
- (3) Has been determined not to have been responsible for a criminal act or has been committed to any institution on account of a mental disease, disorder, or defect;

shall own, possess, or control any firearm or ammunition therefor, unless the minor has been medically documented to be no longer adversely affected by the addiction, mental disease, disorder, or defect.

    For the purposes of enforcing this section, and notwithstanding section 571-84 or any other law to the contrary, any agency within the State shall make its records relating to family court adjudications available to law enforcement officials.

    (f) No person who has been restrained pursuant to an order of any court, including an ex parte order as provided in this subsection, from contacting, threatening, or physically abusing any person, shall possess, control, or transfer ownership of any firearm or ammunition therefor, so long as the protective order, restraining order, or any extension is in effect, unless the order, for good cause shown, specifically permits the possession of a firearm and ammunition. The restraining order or order of protection shall specifically include a statement that possession, control, or transfer of ownership of a firearm or ammunition by the person named in the order is prohibited. Such person shall relinquish possession and control of any firearm and ammunition owned by that person to the police department of the appropriate county for safekeeping for the duration of the order or extension thereof. In the case of an ex parte order, the affidavit or statement under oath that forms the basis for the order shall contain a statement of the facts that support a finding that the person to be restrained owns, intends to obtain or to transfer ownership of, or possesses a firearm, and that the firearm may be used to threaten, injure, or abuse any person. The ex parte order shall be effective upon service pursuant to section 586-6. At the time of service of a restraining order involving firearms and ammunition issued by any court, the police officer may take custody of any and all firearms and ammunition in plain sight, those discovered pursuant to a consensual search, and those firearms surrendered by the person restrained. If the person restrained is the registered owner of a firearm and knows the location of the firearm, but refuses

168

## FIREARMS AND DANGEROUS WEAPONS 134-7

to surrender the firearm or refuses to disclose the location of the firearm, the person restrained shall be guilty of a misdemeanor. In any case, when a police officer is unable to locate the firearms and ammunition either registered under this chapter or known to the person granted protection by the court, the police officer shall apply to the court for a search warrant pursuant to chapter 803 for the limited purpose of seizing the firearm and ammunition.

For the purposes of this subsection, good cause shall not be based solely upon the consideration that the person subject to restraint pursuant to an order of any court, including an ex parte order as provided for in this subsection, is required to possess or carry firearms or ammunition during the course of the person's employment. Good cause consideration may include but not be limited to the protection and safety of the person to whom a restraining order is granted.

(g) Any person disqualified from ownership, possession, control, or the right to transfer ownership of firearms and ammunition under this section shall surrender or dispose of all firearms and ammunition in compliance with section 134-7.3.

(h) Any person violating subsection (a) or (b) shall be guilty of a class C felony; provided that any felon violating subsection (b) shall be guilty of a class B felony. Any person violating subsection (c), (d), (e), (f), or (g) shall be guilty of a misdemeanor. [L 1988, c 275, pt of §2; am L 1990, c 191, §1; am L 1993, c 215, §1; am L 1994, c 204, §§6, 7; am L 1995, c 189, §§2, 26; am L 1998, c 133, §5; am L 1999, c 297, §1; am L 2000, c 127, §2; am L 2004, c 4, §1; am L 2006, c 27, §2]

### Law Journals and Reviews

Empowering Battered Women: Changes in Domestic Violence Laws in Hawai'i. 17 UH L. Rev. 575.

### Case Notes

Felon convicted of possessing firearm properly sentenced under this section instead of §706-610. 68 H. 622, 725 P.2d 799.

Defendant exercised control when defendant sold gun. 70 H. 219, 768 P.2d 230.

Previously convicted felon must have intentionally, knowingly, or recklessly possessed or controlled the firearm. 70 H. 509, 778 P.2d 704.

Defendant may not assert the invalidity of the prior conviction as a defense under this section. 71 H. 101, 784 P.2d 872.

Convicted person may not assert the invalidity of the prior offense as a defense to this section. 71 H. 111, 784 P.2d 873.

Subsection (b) applies to felons who are convicted through a nolo contendere plea. 83 H. 507, 928 P.2d 1.

Where defendant's convictions were premised upon the use of "any firearm" and language of indictments and trial court's instructions "to wit, a semiautomatic pistol" did not alter the statutory elements of §§708-840, 134-6, or this section, trial court's error of not providing definition of "semiautomatic firearm" did not warrant reversal of convictions of first degree robbery, carrying or use of firearm in commission of separate felony, or felon in possession of firearm. 91 H. 33, 979 P.2d 1059.

For the purposes of subsection (b), "possession" must be analyzed using a two-pronged analysis: (1) the voluntary act of "possession" of an object "itself" is, by way of §702-202, satisfied where an individual acts knowingly with respect to his or her conduct; and (2) the requisite state of mind with respect to the attendant circumstances—i.e., the particular qualities of the object that make it illegal to possess it—is, by way of §702-204, satisfied by a reckless state of mind. 93 H. 87, 997 P.2d 13.

Where one bag containing a gun was found on truck seat next to defendant and another bag with two guns was found on truck floor where defendant had been sitting, jury could have inferred from totality of circumstances that defendant had the state of mind requisite to commit possession of a firearm and/or ammunition by a person convicted of certain crimes. 93 H. 87, 997 P.2d 13.

A person commits the offense of attempted prohibited possession of a firearm, pursuant to §705-500(1)(b) and (3), and subsection (b), if he or she intentionally engages in conduct that, under the circumstances as he or she believes them to be, constitutes a substantial step in a course of conduct intended to culminate in his or her commission of the offense of prohibited possession of a firearm. 93 H. 199, 998 P.2d 479.

As the offense of attempted prohibited possession of a firearm under this section does not include a result-of-conduct element and §705-500(2) does not therefore apply, trial court instruction erroneously defined the state of mind necessary to prove the offense of attempted prohibited possession of a firearm as something less than intentional, as required by §705-500(1)(b). 93 H. 199, 998 P.2d 479.

169

**134-7**   PUBLIC SAFETY AND INTERNAL SECURITY

Pursuant to §§701-109(4)(b), 705-500(1)(b) and (3), and subsection (b), attempted prohibited possession of a firearm is an included offense of prohibited possession of a firearm. 93 H. 199, 998 P.2d 479.

Where defendant failed to carry defendant's burden of establishing that defendant's conduct —of possessing ammunition in violation of subsection (b), a class B felony involving conduct that had the potential for serious public safety consequences—was de minimis within the meaning of §702-236, appellate court's dismissal of trial court's granting of motion to dismiss charges as a de minimis infraction under §702-236 affirmed. 123 H. 329, 235 P.3d 325.

Requisite state of mind for a violation of subsection (b) is that of acting intentionally, knowingly, or recklessly; failure to instruct jury on state of mind element, as required by §701-114(1)(b), was prejudicial and not harmless error. 78 H. 422 (App.), 895 P.2d 173.

Where State failed to establish defendant's prior felony conviction and no lesser included offense of a felon in possession of a firearm or ammunition in chapter 134, defendant's convictions of being a felon in possession of a firearm and firearm ammunition under subsection (b) reversed. 82 H. 517 (App.), 923 P.2d 934.

Under subsection (b), multiple punishments are not authorized for violating the prohibition against possession of "any firearm or ammunition therefor"; thus, where defendant was already convicted of possessing a firearm, defendant could not be convicted for possession of ammunition loaded into that firearm. 89 H. 59 (App.), 968 P.2d 1070.

Although evidence that defendant had previously been convicted of a felony was relevant for purposes of this section, evidence that defendant may have received ineffective assistance of counsel during that prior felony trial would not have any bearing on the validity of that felony conviction; thus, trial court did not err in precluding evidence that defendant may have received ineffective assistance during prior trial. 90 H. 489 (App.), 979 P.2d 85.

Unless expressly permitted by the court, subsection (f) unqualifiedly prohibits a person subject to a chapter 586 order from possession and control of a firearm during the pendency of that order; this prohibition is effective irrespective of whether the respondent owned the firearms involved. 91 H. 438 (App.), 984 P.2d 1264.

Trial court erred in sentencing defendant to ten years of incarceration with a mandatory minimum term of ten years under §706-660.1(3)(c) as convicting defendant of being a felon in possession of a firearm pursuant to subsection (b) and sentencing defendant to a mandatory minimum term of imprisonment pursuant to §706-660.1(3)(c) essentially punished defendant twice for a single possession of a firearm; a rational interpretation of §706-660.1 is that the legislature did not intend its application for felonies where the entirety of the felonious conduct is the use or possession of a firearm. 107 H. 273 (App.), 112 P.3d 759.

In a prosecution of a felon under subsection (b) for possession of firearm ammunition, the State must prove, whether by direct or circumstantial evidence, that the ammunition was "actually loaded"; given detective's authoritative identification of the bullets as ammunition, and in the absence of evidence that the ammunition was not loaded or otherwise incapable of being fired, was substantial evidence that the ammunition was actually loaded. 108 H. 124 (App.), 117 P.3d 856.

Mentioned: 9 H. App. 333, 839 P.2d 1186.

[§134-7.2]  Prohibition against seizure of firearms or ammunition during emergency or disaster; suspension of permit or license.  (a) Notwithstanding any provision of chapter 128 or any other law to the contrary, no person or government entity shall seize or confiscate, under any civil defense, emergency, or disaster relief powers or functions conferred, or during any civil defense emergency period, as defined in section 128-2, or during any time of national emergency or crisis, as defined in section 134-34, any firearm or ammunition from any individual who is lawfully permitted to carry or possess the firearm or ammunition under part I of this chapter and who carries, possesses, or uses the firearm or ammunition in a lawful manner and in accordance with the criminal laws of this State.

(b) Notwithstanding any provision of chapter 128 or any other law to the contrary, no person or government entity shall suspend, revoke, or limit, under any civil defense, emergency, or disaster relief powers or functions conferred, any lawfully acquired and maintained permit or license obtained under and in accordance with part I of this chapter.

(c) For purposes of this section, "government entity" means any unit of government in this State, including the State and any county or combination of counties, department, agency, institution, board, commission, district, council, bureau, office, governing authority, or other instrumentality of state or county government, or corporation or other establishment owned, operated, or managed by or on behalf of this State or any county. [L 2010, c 96, §1]

## FIREARMS AND DANGEROUS WEAPONS 134-7.5

**§134-7.3 Seizure of firearms upon disqualification.** (a) If any applicant is denied a permit, the chiefs of police of the respective counties shall send, by certified mail, a notice setting forth the reasons for the denial and may require that the applicant voluntarily surrender all firearms and ammunition to the chief of police where the applicant resides or dispose of all firearms and ammunition. If an applicant fails to voluntarily surrender or dispose of all firearms and ammunition within thirty days from the date notice was mailed, the chief of police may seize all firearms and ammunition.

(b) Any person disqualified from ownership, possession, or control of firearms and ammunition under section 134-7 shall voluntarily surrender all firearms and ammunition to the chief of police where the person resides or dispose of all firearms and ammunition. If any person fails to voluntarily surrender or dispose of all firearms and ammunition within thirty days from the date of disqualification, the chief of police may seize all firearms and ammunition.

(c) For the purposes of this section, "dispose" means selling the firearms to a gun dealer licensed under section 134-31, transferring ownership of the firearms to any person who meets the requirements of section 134-2, or surrendering all firearms to the chief of police where the person resides for storage or disposal; provided, for a person subject to section 134-7(f), "dispose" shall not include transferring ownership of the firearms to any person who meets the requirements of section 134-2.

(d) The chief of police of the respective counties shall adopt procedures to implement and administer the provisions of this section by December 31, 2001. [L 2000, c 127, §1; am L 2004, c 4, §2]

**[§134-7.5] Seizure of firearms in domestic abuse situations; requirements; return of.** (a) Any police officer who has reasonable grounds to believe that a person has recently assaulted or threatened to assault a family or household member may seize all firearms and ammunition that the police officer has reasonable grounds to believe were used or threatened to be used in the commission of the offense. The police officer may seize any firearms or ammunition that are in plain view of the officer or were discovered pursuant to a consensual search, as necessary for the protection of the officer or any family or household member. Firearms seized under this section shall be taken to the appropriate county police department for safekeeping or as evidence.

(b) Upon taking possession of a firearm or ammunition, the officer shall give the owner or person who was in lawful possession of the firearm or ammunition a receipt identifying the firearm or ammunition and indicating where the firearm or ammunition can be recovered.

(c) The officer taking possession of the firearm or ammunition shall notify the person against whom the alleged assault or threatened assault was inflicted of remedies and services available to victims of domestic violence, including the right to apply for a domestic abuse restraining order.

(d) The firearm or ammunition shall be made available to the owner or person who was in lawful possession of the firearm or ammunition within seven working days after the seizure when:
(1) The firearm or ammunition are not retained for use as evidence;
(2) The firearm or ammunition are not retained because they are possessed illegally;
(3) The owner or person who has lawful possession of the firearm or ammunition is not restrained by an order of any court from possessing a firearm or ammunition; and

171

**134-7.5**   PUBLIC SAFETY AND INTERNAL SECURITY

(4) No criminal charges are pending against the owner or person who has lawful possession of the firearm or ammunition when a restraining order has already issued. [L 1996, c 201, §1]

**§134-8 Ownership, etc., of automatic firearms, silencers, etc., prohibited; penalties.** (a) The manufacture, possession, sale, barter, trade, gift, transfer, or acquisition of any of the following is prohibited: assault pistols, except as provided by section 134-4(e); automatic firearms; rifles with barrel lengths less than sixteen inches; shotguns with barrel lengths less than eighteen inches; cannons; mufflers, silencers, or devices for deadening or muffling the sound of discharged firearms; hand grenades, dynamite, blasting caps, bombs, or bombshells, or other explosives; or any type of ammunition or any projectile component thereof coated with teflon or any other similar coating designed primarily to enhance its capability to penetrate metal or pierce protective armor; and any type of ammunition or any projectile component thereof designed or intended to explode or segment upon impact with its target.

(b) Any person who installs, removes, or alters a firearm part with the intent to convert the firearm to an automatic firearm shall be deemed to have manufactured an automatic firearm in violation of subsection (a).

(c) The manufacture, possession, sale, barter, trade, gift, transfer, or acquisition of detachable ammunition magazines with a capacity in excess of ten rounds which are designed for or capable of use with a pistol is prohibited. This subsection shall not apply to magazines originally designed to accept more than ten rounds of ammunition which have been modified to accept no more than ten rounds and which are not capable of being readily restored to a capacity of more than ten rounds.

(d) Any person violating subsection (a) or (b) shall be guilty of a class C felony and shall be imprisoned for a term of five years without probation. Any person violating subsection (c) shall be guilty of a misdemeanor except when a detachable magazine prohibited under this section is possessed while inserted into a pistol in which case the person shall be guilty of a class C felony. [L 1988, c 275, pt of §2; am L 1989, c 261, §6 and c 263, §4; am L 1992, c 286, §§3, 4]

Case Notes

Trial court is mandated to sentence defendant to a term of imprisonment without any suspension of the sentence. 69 H. 458, 746 P.2d 976.

Section not unconstitutionally vague or overbroad on its face or as applied to defendant for "possession of a bomb". 87 H. 71, 951 P.2d 934.

**§134-9 Licenses to carry.** (a) In an exceptional case, when an applicant shows reason to fear injury to the applicant's person or property, the chief of police of the appropriate county may grant a license to an applicant who is a citizen of the United States of the age of twenty-one years or more or to a duly accredited official representative of a foreign nation of the age of twenty-one years or more to carry a pistol or revolver and ammunition therefor concealed on the person within the county where the license is granted. Where the urgency or the need has been sufficiently indicated, the respective chief of police may grant to an applicant of good moral character who is a citizen of the United States of the age of twenty-one years or more, is engaged in the protection of life and property, and is not prohibited under section 134-7 from the ownership or possession of a firearm, a license to carry a pistol or revolver and ammunition therefor unconcealed on the person within the county where the license is granted. The chief of police of the appropriate county, or the chief's designated

172

**FIREARMS AND DANGEROUS WEAPONS**  134-10.5

representative, shall perform an inquiry on an applicant by using the National Instant Criminal Background Check System, to include a check of the Immigration and Customs Enforcement databases where the applicant is not a citizen of the United States, before any determination to grant a license is made. Unless renewed, the license shall expire one year from the date of issue.

(b) The chief of police of each county shall adopt procedures to require that any person granted a license to carry a concealed weapon on the person shall:

(1) Be qualified to use the firearm in a safe manner;
(2) Appear to be a suitable person to be so licensed;
(3) Not be prohibited under section 134-7 from the ownership or possession of a firearm; and
(4) Not have been adjudged insane or not appear to be mentally deranged.

(c) No person shall carry concealed or unconcealed on the person a pistol or revolver without being licensed to do so under this section or in compliance with sections 134-5(c) or 134-25.

(d) A fee of $10 shall be charged for each license and shall be deposited in the treasury of the county in which the license is granted. [L 1988, c 275, pt of §2; am L 1994, c 204, §8; am L 1997, c 254, §§2, 4; am L 2000, c 96, §1; am L 2002, c 79, §1; am L 2006, c 27, §3 and c 66, §3; am L 2007, c 9, §8]

**Case Notes**

Where plaintiff asserted that §§134-6 and 134-9 violated rights guaranteed by Article I and the Second, Fifth, Ninth, and Fourteenth Amendments of the U.S. Constitution, defendants' motions to dismiss plaintiff's complaint granted; among other things, plaintiff did not have standing to challenge this chapter on the basis of an alleged deprivation of Second Amendment or Ninth Amendment rights, this chapter is not an impermissible bill of attainder with respect to plaintiff, and this chapter imposes no impairment of a contractual right possessed by plaintiff. 548 F. Supp. 2d 1151.
Mentioned: 74 H. 197, 840 P.2d 374.

**§134-10 Alteration of identification marks prohibited.** No person shall wilfully alter, remove, or obliterate the name of the make, model, manufacturer's number, or other mark of identity of any firearm or ammunition. Possession of a firearm or ammunition upon which any mark of identity has been altered, removed, or obliterated shall be presumptive evidence that the possessor has altered, removed, or obliterated the mark of identity. [L 1988, c 275, pt of §2]

**[§134-10.5] Storage of firearm; responsibility with respect to minors.** No person shall store or keep any firearm on any premises under the person's control if the person knows or reasonably should know that a minor is likely to gain access to the firearm without the permission of the parent or guardian of the minor, unless the person:

(1) Keeps the firearm in a securely locked box or other container or in a location that a reasonable person would believe to be secure; or
(2) Carries the firearm on the person or within such close proximity thereto that the person readily can retrieve and use it as if it were carried on the person.

For purposes of this section, "minor" means any person under the age of sixteen years. [L 1992, c 288, §1]

**Cross References**

Criminally negligent storage of firearm, see §707-714.5.