Alan Alexander Beck
Law Office of Alan Beck
2692 Harcourt Drive
San Diego, CA  92123
(619) 905-9105
Hawaii Bar No. 9145
Alan.alexander.beck@gmail.com

Stephen D. Stamboulieh
Stamboulieh Law, PLLC
P.O. Box 428
Olive Branch, MS  38654
(601) 852-3440
stephen@sdslaw.us
MS Bar No. 102784
*Admitted Pro Hac Vice
Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TODD YUKUTAKE and DAVID KIKUKAWA,<br><br>Plaintiffs,<br><br>v.<br><br>CLARE E. CONNORS, in her Official Capacity as the Attorney General of the State of Hawaii<br><br>Defendants. | Civil Action No. 19-578 (JMS-RT)<br><br>REPLY AND OPPOSITION TO DEFENDANT'S COUNTER MOTION FOR SUMMARY JUDGMENT; MEMORANDUM IN OPPOSITION TO DEFENDANT'S COUNTER MOTION FOR SUMMARY JUDGMENT; CERTIFICATE OF SERVICE [ECF No. 91]<br><br>TRIAL: February 23, 2022<br>JUDGE: Hon. J. Michael Seabright<br>HEARING DATE: June 28, 2021 10AM |

**MEMORANDUM IN OPPOSITION TO DEFENDANTS' COUNTER MOTION FOR SUMMARY JUDGMENT**

## **TABLE OF CONTENTS**

I. Introduction……………………………………………………………………1

II. Argument……………………………………………………….....…………….1

    a. Plaintiffs Make Both As-Applied And Facial Challenges……………….1

    b. Defendant Does Not Support Its Argument With Evidence…………….2

    c. The Laws at Issue Are Not Longstanding……………………….……….4

III. This Court Should Apply Strict Scrutiny…………………….....………..6

IV. H.R.S. §§ 134-2 & 134-3 Fail Intermediate Scrutiny………..…………….10

    a. H.R.S. § 134-2 Fails Intermediate Scrutiny…………………..…………10

    b. H.R.S. § 134-3 Fails Intermediate Scrutiny…………………………….14

V. Conclusion………………………………………………….………………15

# **TABLE OF AUTHORITIES**

**Cases**

*Avitabile v. Beach*, 368 F. Supp. 3d 404 (N.D.N.Y. 2019) ........................................2

*Bd. of Trs. v. Fox*, 492 U.S. 469 (1989)....................................................................3

*Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682 (2014) ....................................11

*Citizens United v. FEC*, 558 U.S. 310 (2010)...........................................................1

*Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936 (9th Cir. 2011)...................................................................................................10

*District of Columbia v. Heller*, 554 U.S. 570 (2008) ...................................... 3, 4, 9

*Ezell v. City of Chi.*, 651 F.3d 684 (7th Cir. 2011).....................................................9

*Fisher v. Kealoha*, 855 F.3d 1067 (9th Cir. 2017)......................................................8

*Garcia v. Perez*, 601 F. App'x 562  (9th Cir. 2015) ..................................................7

*Heller v. District of Columbia*, 801 F.3d 264 (D.C. Cir. 2015)...............................15

*Jackson v. City & Cty. of S.F.*, 746 F.3d 953 (9th Cir. 2014)........................... 1, 8, 9

*McCutcheon v. FEC,* 572 U.S. 185 (2013)....................................................... 10, 11

*Miller v. Bonta*, 2021 U.S. Dist. LEXIS 105640 (S.D. Cal. June 4, 2021) ...............2

*Packingham v. North Carolina*, 137 S.Ct. 1730 (2017) ..........................................11

*Padilla-Ramirez v. Bible*, 882 F.3d 826 (9th Cir. 2017)..........................................15

*Perry v. Los Angeles Police Dep't*, 121 F.3d 1365 (9th Cir. 1997) ........................11

*Renna v. Becerra*, 2021 U.S. Dist. LEXIS 78634 (S.D. Cal. Apr. 23, 2021)............6

*Scott v. Jackson Cty.*, 297 F. App'x 623 (9th Cir. 2008) ...........................................7

*Silvester v. Harris*, 843 F.3d 816  (9th Cir. 2016) .................................................7, 8

*State v. Deciccio*, 315 Conn. 79, 105 A.3d 165 (2014) ...........................................14

*United Broth. of Carpenters and Joiners of Am. Local 586 v. NLRB*, 540 F.3d 957 (9th Cir. 2008)...................................................................................................10

*United States v. Chovan*, 735 F.3d 1127 (9th Cir. 2013)...........................................8

*Young v. State of Hawaii*, 992 F.3d 765 (9th Cir. 2021) .................................. 2, 4, 5

**Statutes**

18 U.S.C. § 922(g) ...............................................................................................13

18 U.S.C. § 922(g)(9).............................................................................................8

18 U.S.C. § 922(k) ...............................................................................................15

H.R.S. § 134-2................................................................................................ passim

H.R.S. § 134-3.............................................................................................. 4, 10, 14

H.R.S. § 134-7(f)..................................................................................................12

H.R.S. § 134-7(g)..................................................................................................12

H.R.S. § 134-7.3...................................................................................................12

Mass. Ann. Laws ch. 140, § 129B (9) ....................................................................6

Mich. Comp. Laws Serv. § 28.422(a)....................................................................5

Mo. Rev. Stat. § 571.090 L. 2007 S.B. 62 & 41 § A..............................................5

**Other Authorities**

Kopel, David B., Background Checks for Firearms Sales and Loans: Law, History, and Policy (April 8, 2016). Harvard Journal on Legislation, Vol. 53, 2016, pp. 303-367, U Denver Legal Studies Research Paper No. 15-54, Available at SSRN: https://ssrn.com/abstract=2665432 ........................................................................5

**Rules**

Fed. R. Civ. P. 5.1 ..................................................................................................2

I. Introduction

The State of Hawaii is the only state left that requires in person inspections of firearms and the only state with such a short permit to acquire validity. The State identified only four other states - Missouri, Arkansas, Massachusetts, and Michigan – which had validity limitations on permits to purchase or what is alleged to be in person registration. As briefed below, the State's arguments are without merit, and summary judgment should be entered in the Plaintiffs' favor on all counts.

II. Argument

a. Plaintiffs Make Both As-Applied And Facial Challenges

Plaintiffs plead both an as-applied and a facial challenge in their complaint. The State's unstated suggestion that Plaintiffs waived their as-applied challenge by dismissing the County is meritless. "[T]he distinction between facial and as-applied challenges is not so well defined that it has some automatic effect or that it must always control the pleadings and disposition in every case involving a constitutional challenge. The distinction is both instructive and necessary, for it goes to the breadth of the remedy employed by the Court, not what must be pleaded in a complaint." *Citizens United v. FEC*, 558 U.S. 310, 331 (2010).

In this circuit, as-applied challenges are specifically allowed in Second Amendment cases. *See Jackson v. City & Cty. of S.F.*, 746 F.3d 953, 961 (9th Cir. 2014) ("We begin by addressing Jackson's facial and as-applied challenge to the

1

constitutionality of section 4512".) The State does not cite to any case law which holds that the County is a required party in raising an as-applied challenge. And this is counterintuitive to the requirements of Fed. R. Civ. P. 5.1 which require notice to the *state* when challenging a state law and the state is not a party.

The State's one citation in support of their suggestion comes from *Young v. State of Hawaii*, 992 F.3d 765, 779 (9th Cir. 2021), and is simply explaining that a successful facial challenge strikes a statute in its entirety and an as-applied challenge only strikes a statute in certain applications. *Young* does not hold that the municipality implementing a statute must be a party nor can Plaintiff identify any authority which holds that. The State's suggestion should be disregarded.

    b. <u>Defendant Does Not Support Its Argument With Evidence</u>

Defendant makes several factual arguments and statements that are unsupported by evidence. Even under intermediate scrutiny, "the defendant[] must show '*reasonable* inferences based on *substantial* evidence' that the statute[] [is] substantially related to the governmental interest." *Avitabile v. Beach*, 368 F. Supp. 3d 404, 421 (N.D.N.Y. 2019) (citations omitted). As a recent case from the Southern District of California stated in striking down California's ban on AR15 riles, "the government must carry the burden of establishing that its regulations are reasonably tailored." *Miller v. Bonta*, 2021 U.S. Dist. LEXIS 105640, at *32 (S.D. Cal. June 4, 2021).

The State claims that handguns are more "dangerous" than long arms. Yet, the State does not support this with any evidence. Even if that were true, and there is no evidence that it is, handguns are the "the quintessential self-defense weapon". *District of Columbia v. Heller*, 554 U.S. 570, 629 (2008)). The State also claims that "[b]ackground information (such as one's name or address) can change, one's physical appearance can change over time, and one's mental health history can also change". However, it does not present any evidence that this is an actual issue that the law is tailored to serve. It also argues that Hawaii law "ensures that the registration information is accurate, it ensures that the firearm complies with Hawaii law, and it confirms the identity of the firearm so as to facilitate tracing by law enforcement." State Opp. at 23-24.

Again, the State has not presented evidence that this has ever been an issue. Under any level of heightened scrutiny, the burden is on the State to support its statements with evidence. "[S]ince the State bears the burden of justifying its restrictions, it must affirmatively establish the reasonable fit we require." *Bd. of Trs. v. Fox*, 492 U.S. 469, 480 (1989) (citation omitted). As it has failed to justify its restrictions, this Court should disregard the State's claims. Similarly, the State claims "it simply is not that hard to bring a firearm to the police station" but does not rebut Plaintiffs' evidence that it is difficult to complete handgun purchases under

3

Hawaii's scheme. Hawaii's scheme amounts to a substantial burden on Plaintiffs' core right to self-defense.

### c. The Laws at Issue Are Not Longstanding

The State has failed to rebut any of the arguments Plaintiffs raised in their summary judgement motion. The bring your firearm to the station requirement certainly is not longstanding because the current iteration of H.R.S. § 134-3 is less than a year old. And the State took the position in the last round of summary judgement motions that the previous iteration of the law did not require Plaintiffs to bring their firearm to the station.

As for H.R.S. § 134-2, as argued in Plaintiffs' summary judgement motion, pursuant to circuit precedent, twentieth century laws are not old enough to qualify as longstanding. *See Young v. Hawaii*, 992 F.3d at 811 ("We are not inclined to review twentieth-century developments in detail, in part because they may be less reliable as evidence of the original meaning of the American right to keep and bear arms.") The challenged portion of H.R.S. § 134-2 is from 1933-1934. The only other evidence that the State presents is less than a handful of other state laws from around the same time period.[1] Pursuant to circuit precedent, this is insufficient to qualify as

---

[1] *See District of Columbia v. Heller*, 554 U.S. 570, 632 (2008) ("…we would not stake our interpretation of the Second Amendment upon a single law, in effect in a single city, that contradicts the overwhelming weight of other evidence regarding the right to keep and bear arms for defense of the home.") Given the paucity of similar laws cited to by the State, *Heller*'s proposition rings loudly.

4

longstanding. Even if it were not, five (total) states' laws are not enough to demonstrate a longstanding tradition. The court looks for "historical prevalence." *Young*, 992 F.3d at 783. In *Young*, the Ninth Circuit conducted a survey of all the colonies and found "restrictions on firearms in public were prevalent in colonial law" (*Young,* 992 F.3d at 796) and only then found public carry is longstanding restriction on the Second Amendment right. Five states' laws are not prevalent. All the State shows is the existence of five unconstitutional outliers.

Even so, if this Court were to look at those states identified by the Defendant, it would demonstrate a few things. First, currently Hawaii has the shortest permit to acquire validity. *See* Mich. Comp. Laws Serv. § 28.422(a) (30 days to use a permit; exempt from permit to acquire if licensed to carry concealed firearm). Secondly, Arkansas, identified in the State's Opp. (p.12) as having a registration requirement, repealed that statute two years later (in 1925) because "[a]ccording to the A.B.A. Journal, '[t]his law was found so impracticable in enforcement' that it was repealed in 1925."[2] Missouri's permit to acquire was repealed in 2007 (Mo. Rev. Stat. § 571.090 L. 2007 S.B. 62 & 41 § A). Massachusetts has a firearm identification card required for purchasing firearms, but it is good for six years and

---

[2] Kopel, David B., Background Checks for Firearms Sales and Loans: Law, History, and Policy (April 8, 2016). Harvard Journal on Legislation, Vol. 53, 2016, pp. 303-367, U Denver Legal Studies Research Paper No. 15-54, Available at SSRN: https://ssrn.com/abstract=2665432

can be issued to those persons as young as fifteen. *See* Mass. Ann. Laws ch. 140, § 129B (9).

Even if this Court finds H.R.S. § 134-2 presumptively lawful, this Court should find Plaintiffs' have rebutted that presumption. "The closer the regulations get to the 'core' of the Second Amendment, the less willing a court should be to deem them presumptively lawful." *Renna v. Becerra*, 2021 U.S. Dist. LEXIS 78634, at *15 (S.D. Cal. Apr. 23, 2021). Here, Plaintiffs have shown that the law at issue has more than a "de minimis" impact on their Second Amendment right and thus, have rebutted any presumption of constitutionality. *Id.* at *14. Therefore, this Court should subject the challenged laws to heightened scrutiny.

### III. This Court Should Apply Strict Scrutiny

The State correctly argues that a law must both implicate the core of the Second Amendment right and be a substantial burden to require strict scrutiny. The State concedes that both laws at issue implicate the core of the Second Amendment. "[T]he core of the Second Amendment is presumably implicated since Plaintiffs state that they want to purchase handguns". *See* State Opp. at 13 & 22. The State disagrees that the laws at issue amount to a substantial burden on Plaintiffs' Second Amendment rights. But they provide no evidence to counter the Plaintiffs'

statements in their Verified Amended Complaint about the difficulties of purchasing handguns under Hawaii's scheme.³

Applying for a permit, purchasing, then registering a handgun in Hawaii requires taking time off work. Both Plaintiffs work full time and taking time off work is not an easy feat for either of them. The ten-day expiration date of a handgun permit forces Plaintiffs to take an additional day off in quick succession to use it or lose it.  And the bring your gun to the station requirement adds an additional day to registration process.  Both are substantial burdens on Plaintiffs Second Amendment rights.  In *Silvester*, the Court found there was not a substantial burden because the "actual effect of the [waiting period laws] on Plaintiffs is very small. The contested … regulation … simply requires them to wait the incremental portion of the waiting period that extends beyond completion of the background check." *Silvester v. Harris*, 843 F.3d 816, 827 (9th Cir. 2016).⁴

---

³ Verified pleadings are evidence and are proper to view in the summary judgment context.  *See Garcia v. Perez*, 601 F. App'x 562, 562 (9th Cir. 2015) (error to not consider verified complaint as opposing evidence). *See also Scott v. Jackson Cty.*, 297 F. App'x 623, 624 (9th Cir. 2008) (citation omitted) "[a] verified complaint may be treated as an affidavit to the extent that the complaint is based on personal knowledge and sets forth facts admissible in evidence and to which the affiant is competent to testify."

⁴ Hawaii's waiting period already exceeds California's. *See* H.R.S. § 134-2(e) (fourteen day waiting period).

In *Jackson*, while evaluating a requirement that handguns be secured when not being used, the Ninth Circuit applied intermediate scrutiny because "[t]he record indicates that a modern gun safe may be opened quickly. Thus, even when a handgun is secured, it may be readily accessed in case of an emergency. Further, section 4512 leaves open alternative channels for self-defense in the home, because San Franciscans are not required to secure their handguns while carrying them on their person." *Jackson v. City & Cty. of S.F.*, 746 F.3d 953, 964 (9th Cir. 2014).

And in evaluating the challenge to San Francisco's ban on hollow point ammunition, the *Jackson* Court found the there was no substantial burden because "[a] ban on the sale of certain types of ammunition does not prevent the use of handguns or other weapons in self-defense." *Jackson,* 746 F.3d at 968. And in *United States v. Chovan*, 735 F.3d 1127 (9th Cir. 2013)*,* the Ninth Circuit "applied 'intermediate' rather than 'strict' judicial scrutiny in part because [18 U.S.C. §] 922(g)(9)'s 'burden' on Second Amendment rights was 'lightened' by [various] mechanisms." *Fisher v. Kealoha*, 855 F.3d 1067,1071 (9th Cir. 2017).

Here, Plaintiffs' challenge is distinguishable from all three cases the State relies on. Rather than a minor delay like in *Silvester*, the laws at issue severely hamper Plaintiffs' ability to purchase handguns as evidenced by the fact Plaintiffs must take time off work to complete all the various requirements for purchases under

8

Hawaii's scheme. There are no open alternatives to Hawaii's scheme, unlike in *Jackson*. And there are no alternatives that lighten the burden, unlike *Chovan*.

Plaintiffs' challenge is more akin to *Ezell* which challenged the constitutionality of Chicago's ban on firing ranges. The 7th Circuit applies the same two step test as the Ninth Circuit. Despite the availability of firing ranges outside of Chicago, the 7th Circuit applied "not quite 'strict scrutiny.'" *Ezell v. City of Chi.*, 651 F.3d 684, 708 (7th Cir. 2011). In doing so, the 7th Circuit found that "the plaintiffs *are* the 'law-abiding, responsible citizens' whose Second Amendment rights are entitled to full solicitude under *Heller*". *Ezell v. City of Chi.*, 651 F.3d 684, 708 (7th Cir. 2011). And that Chicago's law was a "serious encroachment on the right to maintain proficiency in firearm use, an important corollary to the meaningful exercise of the core right to possess firearms for self-defense." *Ezell,* 651 F.3d at 708. Thus, the court rejected intermediate in lieu of near strict scrutiny.

Here, Plaintiffs are similarly law-abiding citizens. The laws at issue substantially burden their core Second Amendment rights by making it very difficult to purchase a handgun. This Court should apply strict scrutiny and find that the laws at issue are unconstitutional. The State devotes no briefing to defending their laws if strict scrutiny applies and thus, implicitly concede that these laws cannot survive strict scrutiny. However, even under intermediate scrutiny the laws at issue are unconstitutional.

### IV.     H.R.S. §§ 134-2 & 134-3 Fail Intermediate Scrutiny

The two Hawaii laws at issue in this litigation are the kind of "prophylaxis-upon-prophylaxis approach" to burdening constitutional rights that "requires [courts to] be particularly diligent in scrutinizing the law's fit." *McCutcheon v. FEC,* 572 U.S. 185, 221 (2013) (plurality opinion). As briefed in Plaintiffs' Motion for Summary Judgement, precisely because of its duplicative nature, the ten-day expiration period on firearm sales does little, if anything, to advance the State's offered interests. Individuals prohibited from possessing firearms own them only if they illegally procure it or illegally retain it after forfeiting their Second Amendment rights. Either way, there is a wide array of mechanisms apart from the laws at issue which enforces Hawaii's stated interest. Thus, the State "could have employed various less restrictive alternatives to achieve its goals," *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936, 948 (9th Cir. 2011).

#### a.  H.R.S. § 134-2 Fails Intermediate Scrutiny

Plaintiffs do not concede that the ten-day expiration period on permits to acquire handguns is constitutional even if Hawaii law did not already have numerous other ways to disallow prohibited people from owning firearms. What matters is that the availability of these "obvious and less-burdensome alternatives," *United Broth. of Carpenters and Joiners of Am. Local 586 v. NLRB*, 540 F.3d 957, 968 (9th Cir. 2008) — regardless of their constitutionality—reinforces that the State's chosen

means lack the "fit" that even intermediate scrutiny demands. *See, e.g., McCutcheon*, 572 U.S. at 221 ("We do not mean to opine on the validity of any particular proposal. The point is that there are numerous alternative approaches available to Congress to prevent circumvention of the base limits."); *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 692 (2014).

As the Supreme Court recently reaffirmed, "to survive intermediate scrutiny, 'a law must be 'narrowly tailored to serve a significant governmental interest.'" *Id.* (quoting *Packingham v. North Carolina*, 137 S.Ct. 1730, 1736 (2017)); *see also Perry v. Los Angeles Police Dep't*, 121 F.3d 1365, 1369 (9th Cir. 1997). Here, the law does not fulfill that standard for all the reasons raised in Plaintiffs' Motion for Summary Judgement. Additionally, the State has not made any attempt to rebut Plaintiffs' underinclusivity argument. The State's failure to respond to this constitutes a concession that H.RS. § 134-2 is unconstitutionally underinclusive.

The State says "[t]en days is enough time within which to perform a single transaction, which is the only thing the permit is for."[5] State Opp. p. 14. Yet they cite to no evidence for this proposition and whatever "enough time" is has been left to the reader's imagination. It is known from the State's own data that just in 2020,

---

[5] However, it still does not explain the State's differing treatments of handgun permits to acquire and long gun permits to acquire. If the State's argument that permit information needs to be updated and the timeframe is a consistent 10-day time period, then long gun permits wouldn't last a year. Because, at the end of the day, a firearm is a firearm.

11

375 permits were voided because the applicant did not pick it up in time. *See* Plaintiffs' Memo. at 16-17. The State admitted this in its Concise Statement of Facts. *See* ECF No. 92, Nos. 9-12, PageID# 731-732. It should be noted that this is not ten days from the date the person picks up the permit, but "ten days after the date of issue." *See* H.R.S. § 134-2(e). The clock starts ticking as soon as the permit issues and before it is even in the applicant's possession. So really it is ten days minus whatever time it takes to get to the applicant.

The State then makes the argument that its Rap Back service isn't a panacea. State Opp. at 16-17. This is because, the State alleges, other violations (which in Hawaii at least serve to strip an individual of his or her Second Amendment rights) do not "appear" to be subject to Rap Back. The State claims that "[p]ersons subject to civil protective orders or restraining orders are also disqualified from owning or possessing firearms" (*see* State Opp. at 17), however current State law carves out an exemption: "unless the order, for good cause shown, specifically permits the possession of a firearm and ammunition". *See* H.R.S. § 134-7(f). In any event, the police are involved in these orders, and are authorized under the same section to take custody of firearms of restrained individuals.

H.R.S. § 134-7(g) mandates prohibited individuals to "surrender or dispose" of their firearms and ammunition. The remainder of the State's arguments fall away upon review of H.R.S. § 134-7.3. The State's psychiatric arguments are already

12

addressed in subsection (c) and appear to have been addressed since at least 2016. This easily replaces the need to enforce a 1933-1934 law about the validity of a permit because of all these other things that maybe in 1933-1934 were more difficult to address, in 2021 and the digital age, pose no issues for the State.  The 1933-34 statute is simply unnecessary, duplicative and not a good fit.  In the State's Concise Statement of Fact, it references 1919 legislation for a "permit to purchase" requirement.  *See* Docket No. 92, PageID# 733, No. 5.  The next fact is that a committee stated the purpose was to "enable the police authorities to have a better supervision and check over the sale of firearms."  *Id*. at No. 6.  Maybe that made sense in 1919.

In 1919 there were no NICs background checks.  Or the internet, or computers or any of the other modern day law enforcement tools (such as Rap Back or the Interstate Information Index/National Fingerprint File (of which Hawaii participates)[6]).  And, in 1919, there was no federal law which now makes a lot of what Hawaii considers prohibiting factors, also prohibited at the federal level.  *See* 18 U.S.C. § 922(g) (federal prohibitors).  In 1919, there were no Federal Firearm Licensees or Form 4473s[7] which are required to be filled out when purchasing a

---

[6] https://www.fbi.gov/services/cjis/compact-council/interstate-identification-index-iii-national-fingerprint-file-nff.

[7] https://www.atf.gov/firearms/docs/4473-part-1-firearms-transaction-record-over-counter-atf-form-53009/download

firearm from a licensed dealer. But in 2021, there are all of these tools, and more, which serve to "enable" the supervision of a constitutional right. In any event, assuming *arguendo* that a validity period for a permit is even constitutional, a ten-day validity is too extreme and unconstitutionally burdens protected conduct.

      b. <u>H.R.S. § 134-3 Fails Intermediate Scrutiny</u>

The State frames its argument as a public service to the gun owning public, by claiming that "[s]ome people might innocently make mistakes in transcribing serial numbers or other identifying information. More importantly, some people might not be aware that their firearm violates Hawaii law until they bring it to the police station and the police firearms unit inspects it."

However, the State does not present any evidence whatsoever that this is an actual problem, and if it were, surely there would be evidence of it. As the Connecticut Supreme Court said in striking Connecticut's ban on the transport of dirks and baton under intermediate scrutiny "[t]he justification must be genuine, not hypothesized or invented post hoc in response to litigation. And it must not rely on overbroad generalizations . . . ." *State v. Deciccio*, 315 Conn. 79, 144-45, 105 A.3d 165, 206-07 (2014). Without evidence, the State's argument holds no weight.

Moreover, it strains credulity that both a firearms store and a buyer would both fail to properly transcribe numbers or realize a firearm is illegal.[8]

As already briefed, a ruling upholding the less-than-a-year-old in-person registration requirement would split with the D.C. Court of Appeals decision in *Heller v. District of Columbia*, 801 F.3d 264 (D.C. Cir. 2015). The State fails to identify the kind of "compelling reason" the Ninth Circuit normally demands before it is willing to "create a circuit split." *Padilla-Ramirez v. Bible*, 882 F.3d 826, 836 (9th Cir. 2017). There is no reason that rationale does not apply here.

V.  Conclusion

The Court should grant Plaintiffs' Motion for Summary Judgment and deny the State's Motion.

Dated: June 7th, 2021.

*/s/ Alan Alexander Beck*
Alan Alexander Beck

*/s/ Stephen D. Stamboulieh*
Stephen D. Stamboulieh
*Admitted Pro Hac Vice*

Attorneys for Plaintiffs

---

[8] Federal law also criminalizes firearms with obliterated serial numbers. *See* 18 U.S.C. § 922(k).