Alan Alexander Beck
Law Office of Alan Beck
2692 Harcourt Drive
San Diego, CA  92123
(619) 905-9105
Hawaii Bar No. 9145
Alan.alexander.beck@gmail.com

Stephen D. Stamboulieh
Stamboulieh Law, PLLC
P.O. Box 428
Olive Branch, MS  38654
(601) 852-3440
stephen@sdslaw.us
MS Bar No. 102784
*Admitted Pro Hac Vice*
Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TODD YUKUTAKE and DAVID KIKUKAWA | ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) Civil Action No. 19-578 (JMS-RT) |
| v. | ) <br> ) |
| CLARE E. CONNORS, in her Official Capacity as the Attorney General of the State of Hawaii | ) OPPOSITION TO MOTION FOR LEAVE <br> ) TO FILE BRIEF OF EVERYTOWN FOR <br> ) GUN SAFETY AS AMICUS CURIAE; <br> ) CERTIFICATE OF SERVICE [ECF 94] |
| Defendant. | ) <br> ) JURY TRIAL: February 23, 2022 <br> ) JUDGE: Hon. J. Michael Seabright <br> ) HEARING: June 28, 2021 10AM <br> ) |

## OPPOSITION TO MOTION FOR LEAVE TO FILE BRIEF OF EVERYTOWN FOR GUN SAFETY AS AMICUS CURIAE

Come now Todd Yukutake and David Kikukawa ("Plaintiffs"), and file this, their Opposition to Motion for Leave to File Brief of Everytown for Gun Safety as Amicus Curiae, and state as follows:

Everytown for Gun Safety Action Fund ("Everytown") seeks to inject itself into cases which could potentially expand the rights of law-abiding citizens under the Second Amendment to the United States Constitution. "[L]eave to file an amicus brief should be denied unless a party is not represented competently or at all, a decision in the present case may affect the interest of the amicus in another case in which he has an interest, or the amicus has 'unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *Allison v. ADA*, No. 2:12-cv-00160-CWD, 2012 U.S. Dist. LEXIS 138858, at *5-6 (D. Idaho Sep. 24, 2012).

Everytown did provide *amicus* briefs to the trial court in both *Teter v. Connors*, No. 1:19-cv-00183 (D. Haw.) and *Roberts v. Suzuki*, No. 1:18-cv-00125 (D. Haw.), its briefing and argument (at least in *Roberts*), gave the state defendants an impermissible second bite at the proverbial apple.

This is one of the same reasons that the Honorable M. James Lorenz, District Judge for the Southern District of California, denied a similar brief of Everytown in *Matthew Jones, et al. v. Xavier Becerra*, No. 3:19-cv-01226-L-AHG, Dkt. No. 51.

Specifically, Judge Lorenz denied Everytown's proposed *amicus* because Everytown's alleged perspective (of providing the court with a historical backdrop) into the case was "not a perspective beyond what the Defendant's attorney could provide on their own. Moreover, like Giffords Law Center, Everytown's partisanship is apparent. The Court finds that the amicus brief may prejudice Plaintiffs on the trial level because the brief allows Defendant to have a proverbial 'another bite at the apple' due to partisan influence." The Honorable Roger T. Benitez also denied a proposed *amicus* brief of Everytown in *Kim Rhode, et al., v. Xavier Becerra*, No. 18-cv-802-BEN, Dkt. No. 56, because the attorney general in that case was "well-equipped to defend the statutes at issue."

This is the same issue in this case. Everytown seeks to introduce a nineteen page brief and thirty-eight page appendix into the record where it is not a party. If this brief is allowed to be filed, Plaintiffs will be forced to address additional arguments at the oral argument, because Plaintiffs did not have the space to address Everytown's arguments in this round of briefing, and as Plaintiffs' Reply and Opposition were due today, if Plaintiffs even had the room in briefing to address the arguments of Everytown, they are prejudiced as the proposed amicus brief was just filed on Friday, June 4, 2021.

Additionally, Everytown is acting as if it is a party in this matter, which it is not. In its proposed brief, it purports to address "plaintiffs' effort to rebut" its prior

argument. *See* Proposed Brief, p. 4, PageID#865. The Plaintiffs' lawyers and Defendant's lawyers are competent and there is nothing in the proposed brief that the Defendant could have provided if it wanted to.

In any event, Plaintiffs understand this Court has discretion to allow amicus briefs. But the Defendant is well-defended. The Defendant has already moved for summary judgment and could have raised any argument it wanted, and Everytown's proposed amicus is unnecessary. As such, Plaintiffs again oppose Everytown's proposed amicus brief and request the Court deny its Motion for Leave to File Brief of Everytown for Gun Safety as Amicus Curiae.

Respectfully submitted,

Dated: June 7, 2021.

*/s/ Alan Alexander Beck*
Alan Alexander Beck

*/s/ Stephen D. Stamboulieh*
Stephen D. Stamboulieh
*Admitted Pro Hac Vice*
Attorneys for Plaintiffs