IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TODD YUKUTAKE and DAVID KIKUKAWA,<br><br>                Plaintiffs,<br><br>    vs.<br><br>CLARE E. CONNORS, in her Official Capacity as the Attorney General of the State of Hawaii,<br><br>             Defendant. | CIVIL NO. 19-00578 JMS-RT<br><br>MEMORANDUM IN SUPPORT OF MOTION |

**MEMORANDUM IN SUPPORT OF MOTION**

# <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ................................................................................ 1

II.     BACKGROUND ................................................................................. 2

III.    ARGUMENT ...................................................................................... 6

        A.      This Court Should Grant a Stay Pending Appeal. ............................... 7

                1.      Likelihood of Success on the Merits. ....................................... 8

                2.      Irreparable Harm. .................................................................. 10

                3.      Balance of the Equities. .......................................................... 13

                4.      Public Interest. ....................................................................... 14

        B.      If this Court Denies a Stay Pending Appeal, It Should at
                Least Grant an Administrative or Temporary Stay
                Pending a Motion for Stay Pending Appeal Filed in the
                Ninth Circuit. ........................................................................ 14

IV.     CONCLUSION ................................................................................. 15

# TABLE OF AUTHORITIES

## Cases

*Al Otro Lado v. Wolf*,
  945 F.3d 1223 (9th Cir. 2019) .................................................................. 15

*Alliance for the Wild Rockies v. Cottrell*,
  632 F.3d 1127 (9th Cir. 2011) .................................................................... 7

*Coal. for Econ. Equity v. Wilson*,
  122 F.3d 718 (9th Cir. 1997) ................................................................... 11

*District of Columbia v. Heller*,
  554 U.S. 570 (2008) ("*Heller I*") ............................................................. 8

*Doe #1 v. Trump*,
  944 F.3d 1222 (9th Cir. 2019) .................................................................. 15

*Duncan v. Becerra*,
  366 F. Supp. 3d 1131 (S.D. Cal. 2019) .................................................. 11

*Duncan v. Becerra*, Case No. 17-cv-1017-BEB-JLB,
  2019 WL 1510340 (S.D. Cal. April 4, 2019) ......................................... 11

*Florida ex rel. Bondi v. U.S. Dep't of Health and Human Services*,
  780 F. Supp. 2d 1307 (N.D. Fla. 2011) .................................................... 7

*Golden Gate Rest. Ass'n v. City & Cty. of San Francisco*,
  512 F.3d 1112 (9th Cir. 2009) .................................................................. 14

*Hilton v. Braunskill*,
  481 U.S. 770 (1987) .................................................................................... 7

*Humane Society of U.S. v. Gutierrez*,
  558 F.3d 896 (9th Cir. 2009) ..................................................................... 7

*Jackson v. City & County of San Francisco*,
  746 F.3d 953 (9th Cir. 2014) ......................................................... 8, 9, 10

*Lair v. Bullock*,
  697 F.3d 1200 (9th Cir. 2012) .......................................................... 8, 10

*Leiva-Perez v. Holder*,
  640 F.3d 962 (9th Cir. 2011) ............................................................ 7, 8, 10

*Lydo Enterprises, Inc. v. City of Las Vegas*,
  745 F.2d 1211 (9th Cir. 1984) ................................................................. 13

*Midgett v. Tri-Cty. Metro. Transp. Dist. of Or.*,
  254 F.3d 846 (9th Cir. 2001) ..................................................................... 7

*Oakland Trib., Inc. v. Chron. Pub. Co.*,
  762 F.2d 1374 (9th Cir. 1985) ................................................................. 13

*Pena v. Lindley*,
  898 F.3d 969 (9th Cir. 2018) ................................................................... 10

*Reclaim Idaho v. Little*,
  No. 1:20-CV-00268-BLW, 2020 WL 8254279 (D. Idaho June 29,
  2020) .......................................................................................................... 6

*Silvester v. Harris*,
  843 F.3d 816 (9th Cir. 2016) ..................................................................... 8

*United States v. Safehouse*,
  468 F. Supp. 3d 687 (E.D. Pa. 2020) ......................................................... 7

*Winter v. Nat'l Res. Def. Council, Inc.*,
  555 U.S. 7 (2008) ....................................................................................... 7

*Young v. Hawaii*,
  No. 12-17808 (9th Cir.) (en banc) ............................................................. 4

**Statutes**

HRS § 134-2 ..................................................................................................... 1

HRS § 134-2(e) ................................................................................................. 5

HRS § 134-3 ..................................................................................................... 1

HRS § 134-3(c) ............................................................................................. 3, 5

HRS § 134-8.5 ................................................................................................ 12

S. Stand. Comm. Rep. No. 388, in 1919 Senate Journal, at 1420 ............... 9

iii

H. Stand. Comm. Rep. No. 89, in 1933 House Journal, at 427 ............................... 9

**Other Authorities**

Don Thompson, *Gun groups:  Million-plus extended magazines flood California*, Associated Press (April 11, 2019), https://apnews.com/article/ 9a5da7c4bbb74156944fe2317dedc88c ............. 11, 12

**Rules**

Fed. R. Civ. P. Rule 62 ............................................................................... 7

Fed. R. Civ. P. Rule 62(d) ......................................................................... 6

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TODD YUKUTAKE and DAVID KIKUKAWA, | CIVIL NO. 19-00578 JMS-RT |
| Plaintiffs, | MEMORANDUM IN SUPPORT OF MOTION |
| vs. | |
| CLARE E. CONNORS, in her Official Capacity as the Attorney General of the State of Hawaii, | |
| Defendant. | |

## MEMORANDUM IN SUPPORT OF MOTION

### I.     INTRODUCTION

In this case, Plaintiffs TODD YUKUTAKE and DAVID KIKUKAWA

("Plaintiffs") challenged provisions in two firearms statutes, Hawaii Revised

Statutes ("HRS") §§ 134-2 and 134-3.  They argued that their Second Amendment

rights were violated because:  (1) a permit to acquire a handgun is only valid for

ten days after the date of issuance; and (2) applicants must bring newly acquired

handguns to the Honolulu Police Department for inspection at the time of

registration.  On August 16, 2021, this Court agreed with Plaintiffs and entered an

Order Granting Plaintiffs' Motion for Summary Judgment and Denying

Defendant's Counter Motion for Summary Judgment.  The Court subsequently

ordered that entry of the separate Judgment on the Order would be delayed until September 22, 2021.

Defendant CLARE E. CONNORS, in her Official Capacity as the Attorney General of the State of Hawaii ("Defendant"), has carefully considered the August 16, 2021 Order and intends to file an appeal. Therefore, to maintain the status quo and minimize disruptive effects, she respectfully requests that the Order and Judgment in this case be stayed pending appeal. If the Court denies a stay pending appeal, Defendant requests in the alternative that this Court grant an administrative or temporary stay pending proceedings associated with a motion for stay pending appeal filed in the Ninth Circuit.

## II.     BACKGROUND

On October 24, 2019, Plaintiffs filed their Verified Complaint for Declaratory and Injunctive Relief against Defendant CLARE E. CONNORS, in her Official Capacity as Attorney General of the State of Hawaii ("Defendant"), and against Defendant CITY AND COUNTY OF HONOLULU ("the City"). ECF 1.

On November 19, 2019, Defendant filed her Answer to the Verified Complaint. ECF 14. On December 5, 2019, the City filed its Answer to Plaintiffs' Complaint. ECF 15.

On June 12, 2020, the City entered into a Joint Stipulation with Plaintiffs that settled the claims against it. ECF 53. The City was dismissed with prejudice but the case proceeded against Defendant. *Id.*

On July 20, 2020, Plaintiffs filed the Motion for Summary Judgment. ECF 54. Plaintiffs also filed their Separate Concise Statement. ECF 55.

On August 12, 2020, Defendant filed her combined Counter Motion for Summary Judgment and Memorandum in Opposition to Plaintiffs' Motion for Summary Judgment. ECF 60. Defendant also filed her combined Opposition to Plaintiff's Separate Concise Statement and Concise Statement. ECF 61.

On September 28, 2020, Plaintiffs filed their Response to Defendant's Motion for Summary Judgment. ECF 70. Plaintiffs also filed their combined Concise Statement in Opposition to Defendant's Concise Statement and Further Concise Statement. ECF 69.

On October 5, 2020, Defendant filed her Reply Memorandum. ECF 71.

At a hearing on October 19, 2020, the Court discussed a recent amendment to HRS § 134-3(c) and denied the pending Motions for Summary Judgment without prejudice. ECF 77. The Court ordered Plaintiffs to file an amended complaint to clarify the statutory provisions at issue in the case. *Id.* The Court also ordered that after Plaintiffs file their amended complaint, the case would be

stayed until the Ninth Circuit issued its opinion in *Young v. Hawaii*, No. 12-17808 (9th Cir.) (en banc).  ECF 77.

On October 30, 2020, Plaintiffs filed their First Amended Complaint.  ECF 78.

On March 24, 2021, the Ninth Circuit issued its en banc decision in *Young*. The Court ordered the instant case reopened on March 25, 2021.  ECF 80.

On April 28, 2021, Plaintiffs filed another Motion for Summary Judgment. ECF 85.  Plaintiffs also filed their Separate Concise Statement.  ECF 86.

On May 28, 2021, Defendant filed her combined Counter Motion for Summary Judgment and Memorandum in Opposition to Plaintiffs' Motion for Summary Judgment.  ECF 91.  Defendant also filed her Opposition to Plaintiffs' Separate Concise Statement and Concise Statement.  ECF 92.

On June 7, 2021, Plaintiffs filed their Reply and Opposition to Defendant's Counter Motion for Summary Judgment.  ECF 95.  Plaintiffs also filed their Opposition to Defendant's Concise Statement.  ECF 96.

On June 14, 2021, Defendant filed her Reply Memorandum.  ECF 99.

A hearing on the two Motions for Summary Judgment was held on June 28, 2021.  ECF 102.

At a further hearing on August 4, 2021, the Court indicated its intent to grant Plaintiffs' Motion and deny Defendant's Motion.  ECF 105.  However, the Court

had not yet issued its written order and had not yet indicated the reasoning behind its decision.  Consequently, Defendant requested that the Court delay entering the Judgment for 30 days after entry of the Court's Order so that she could review the decision and determine the course of action the State would take.  *Id.*  Plaintiffs did not object.  *Id.*  The Court directed the parties to confer and file a stipulation by August 6, 2021.  *Id.*

Defendant submitted a proposed stipulation, which Plaintiffs agreed to, on August 6, 2021.  ECF 106.

On August 16, 2021, the Court issued its Order Granting Plaintiffs' Motion for Summary Judgment and Denying Defendant's Counter Motion for Summary Judgment.  ECF 107.  The Court declared the challenged portions of HRS §§ 134-2(e) and 134-3(c) unconstitutional and enjoined Defendant's officers, agents, servants, employees, and all persons in active concert with Defendant from enforcing them.  *Id.*  The Court directed that entry of a separate Judgment would be delayed until September 15, 2021 and that the August 16, 2021 Order would not take effect or be appealable until the separate Judgment is entered.  *Id.*

Defendant subsequently considered the Court's Order, determined the course of action for the State, and then promptly requested a status conference with the Court.  ECF 108, 109.  The parties conferred by telephone on August 26, 2021, but no agreement was reached.  At the status conference on August 30, 2021,

Defendant informed the Court that she planned to appeal and requested an opportunity to file a written Motion for Stay Pending Appeal that would be considered on an expedited basis.  ECF 110.

The Court directed Defendant to file a Motion for Stay Pending Appeal by August 31, 2021.  ECF 112.  The Court, with no objection by Plaintiffs, waived the ordinary 7-day delay between the conference of counsel and the filing of the Motion required by LR7.8.  The Court set September 13, 2021 as the deadline for Plaintiffs to file their Opposition.  *Id.*  The Court indicated that it will then determine whether to request any additional briefing and whether to hold a hearing on the Motion.  *Id.*  With the parties' agreement, the Court also extended the date by which the separate Judgment would be entered from September 15, 2021 to September 22, 2021.  *Id.*; ECF 111.

## III.   ARGUMENT

"While an appeal is pending from an interlocutory order or final judgment that grants . . . an injunction, the court may suspend . . . [the] injunction on terms that . . . secure the opposing party's rights."  Fed. R. Civ. P. Rule 62(d).  "Rule 62(d) affords the Court discretion when a party requests a stay of an injunction pending appeal."  *Reclaim Idaho v. Little*, No. 1:20-CV-00268-BLW, 2020 WL 8254279, at *1 (D. Idaho June 29, 2020).  "[A] federal court must exercise restraint when a plaintiff seeks to enjoin any non-federal government agency, be it local or

6

state." *Midgett v. Tri-Cty. Metro. Transp. Dist. of Or.*, 254 F.3d 846, 851 (9th Cir. 2001). Although declaratory relief is not expressly mentioned in Rule 62, federal courts have also issued stays pending appeal from declaratory judgments. *See United States v. Safehouse*, 468 F. Supp. 3d 687, 690-91 (E.D. Pa. 2020); *Florida ex rel. Bondi v. U.S. Dep't of Health and Human Services*, 780 F. Supp. 2d 1307, 1319-20 (N.D. Fla. 2011).

> **A.     This Court Should Grant a Stay Pending Appeal.**

Four factors are considered in determining whether to stay an order pending appeal. *See Humane Society of U.S. v. Gutierrez*, 558 F.3d 896, 896 (9th Cir. 2009). "A party seeking a stay must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of relief, [3] that the balance of equities tip in his favor, and [4] that a stay is in the public interest." *Id.* (citing *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). *See also Hilton v. Braunskill,* 481 U.S. 770, 776 (1987). Although there must be a minimal showing for each factor, courts must balance these factors, employing a flexible approach that considers the facts of the particular case. *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011). Courts in the Ninth Circuit generally apply these factors in a sliding scale balancing test. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

### 1.    Likelihood of Success on the Merits.

A party seeking a stay pending appeal can demonstrate a likelihood of success on the merits by demonstrating that the appeal concerns "serious legal questions, or has a reasonable probability or a fair prospect of success." *Leiva-Perez*, 640 F.3d at 971.  A party seeking a stay pending appeal "must show that there is a 'substantial case for relief on the merits[,]'" which is a "standard [that] does not require the petitioners to show that 'it is more likely than not that they will win on the merits.'" *Lair v. Bullock*, 697 F.3d 1200, 1205 (9th Cir. 2012).

In the present case, Defendants have at least demonstrated "serious legal questions" or "a substantial case."  In the first step of the analysis followed by the Ninth Circuit and other circuits, Hawaii's firearm statutes fall within two exceptions that take them outside the scope of the Second Amendment.  *See Jackson v. City & County of San Francisco*, 746 F.3d 953, 960 (9th Cir. 2014).  The registration and permitting statutes are "longstanding" regulations that date back to 1907 and 1919, respectively, and took what is essentially their modern form in 1933-1934.  *See District of Columbia v. Heller*, 554 U.S. 570, 626–27 & n.26 (2008) ("*Heller I*") ("longstanding prohibitions").  They also constitute "conditions and qualifications on the commercial sale [or other transfer] of arms[.]"  *See id.*; *Silvester v. Harris*, 843 F.3d 816, 829-32 (Thomas, C.J., concurring).

The permitting and registration requirements also do not impose a substantial burden on purchasers.  They affect only ***the manner*** in which a person purchases or obtains his or her firearm; they do not amount to an outright ban.  *See Jackson*, 746 F.3d at 961.  Ten days is not a substantially burdensome amount of time within which to purchase a handgun, and taking a firearm to the police station for registration is also not substantially burdensome.  These requirements merely inconvenienced Plaintiffs by inducing them to take time off from work.  Consequently, intermediate scrutiny should be applied.

The permitting and registration requirements serve an important government interest in protecting public safety in that such requirements provide more effective supervision and control over the sale, transfer, and possession of firearms.  *See* S. Stand. Comm. Rep. No. 388, in 1919 Senate Journal, at 1420; H. Stand. Comm. Rep. No. 89, in 1933 House Journal, at 427.  The ten-day expiration date for permits to acquire ensures that the information upon which the permit is based is current when the firearm is acquired and it minimizes the consequences of it being lost or stolen.  Defendant's Counter Motion for Summary Judgment, ECF 91-1 at 21-22.  The requirement of bringing the firearm to the police station for registration prevents mistakes in transcribing serial numbers or recording other identifying information and helps in ensuring that firearms comply with Hawaii law.  *Id.* at 26.  By confirming the identity of firearms, such as through serial

numbers, inspection is also critical in facilitating tracing of firearms by law enforcement. *Id.* at 27-28. And inspection of firearms at registration sets a "base line" so that the current owner will not be blamed for any alterations to identifying marks that the previous owner might have done. *Id.* at 31-32.

These procedures are a "reasonable fit" with the important government interest in public safety. To establish the "reasonable fit," the State does not have to establish that it is the "least restrictive means." *Jackson*, 746 F.3d at 966. It only has to show that the statute "promotes a 'substantial government interest that would be achieved less effectively absent the regulation.'" *Pena v. Lindley*, 898 F.3d 969, 979 (9th Cir. 2018).

Even if this Court ultimately disagrees with Defendant's arguments, Defendant has at least shown that "serious legal questions" exist or that a "substantial case" exists as to whether public safety would be "achieved less effectively" absent the challenged permitting and registration requirements. It is not necessary for Defendant "to show that 'it is more likely than not that [she] will win on the merits.'" *Lair*, 697 F.3d at 1205.

### 2.    Irreparable Harm.

The factor of irreparable harm is a "bedrock requirement" for the issuance of a stay. *Leiva-Perez*, 640 F.3d at 965. "[A] state suffers irreparable injury

whenever an enactment of its people or representatives is enjoined." *Coal. for Econ. Equity v. Wilson*, 122 F.3d 718, 719 (9th Cir. 1997).

In the present case, not only are democratically enacted laws being enjoined or declared unconstitutional, but in doing so, the District Court risks creating chaos for the State of Hawaii and all four counties. By invalidating two important permitting and registration requirements for firearms, it will encourage more people to apply for permits and registrations. The county police departments will not be able to handle the influx of new applications, especially during a pandemic. For example, when the U.S. District Court for the Southern District of California struck down California's large-capacity magazine ("LCM") law in *Duncan v. Becerra*, 366 F. Supp. 3d 1131 (S.D. Cal. 2019), California was inundated with over one million LCM's during the approximately one-week period before a stay was entered. *See* Don Thompson, *Gun groups: Million-plus extended magazines flood California*, Associated Press (April 11, 2019), https://apnews.com/article/9a5da7c4bbb74156944fe2317dedc88c (*see* Exhibit "A"). The District Court ultimately granted a stay pending appeal. *See Duncan v. Becerra*, Case No. 17-cv-1017-BEB-JLB, 2019 WL 1510340 (S.D. Cal. April 4, 2019) (Order Staying in Part Judgment Pending Appeal) (*see* Exhibit "B").

Furthermore, since there has not been time for the Legislature to enact statutes to replace those invalidated by the District Court, the county police

departments will not know how to handle permits and registrations from this point on.  Police officials may start treating permits to acquire as being valid indefinitely. They might also start completing registrations without any verification of serial numbers or other identifying marks at all.

As a result, people will be acquiring and registering firearms who would not ordinarily be able to do so under the prior regulations.  This will result in an increased threat to public safety.  People may be acquiring firearms even though the information their permits were based on is inaccurate.  They may be registering firearms with inaccurate serial numbers or other identifying information.  They may also be registering firearms that violate Hawaii law, such as by having barrel lengths that are too short, that constitute assault pistols, or that have illegal accessories, such as bump fire stocks.  *See* HRS § 134-8.5.

It is also likely that, whatever each county police department decides to do, the standards will vary between the counties.  Eliminating the standard set by state statutes will result in various standards set by local policies, which may not be consistent with each other.  Consequently, further chaos will result.

Once all of these things happen, it will not be possible to correct them later, even if Defendant prevails on appeal.  Much like the over one-million additional LCMs that are now present in California, officials will not be able to "un-ring the bell."  *See* Thompson article.

12

### 3.     Balance of the Equities.

Very clearly, the balance of the equities favors Defendant.  The District Court's decision inflicts irreparable harm on the State and the counties as described above.  However, the Plaintiffs suffer no harm by a stay at all.  Even under the invalidated regulations, Plaintiffs merely suffered an inconvenience.  Defendant's Counter Motion for Summary Judgment, ECF 91-1 at 29.  They merely had to acquire their handguns before the permits to acquire expired in ten days, and they had to bring their firearms to the police station in person for registration.  They might have had to take time off from work to do this.  *Id.*  But that did not deprive them of their firearms; it only inconvenienced them.

Furthermore, with respect to the balance of hardships, "[a] delay in seeking a preliminary injunction is a factor to be considered in weighing the propriety of relief."  *Lydo Enterprises, Inc. v. City of Las Vegas*, 745 F.2d 1211, 1213 (9th Cir. 1984).  "Plaintiff's long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm."  *Oakland Trib., Inc. v. Chron. Pub. Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985).  In the present case, Plaintiffs did not merely delay in seeking a preliminary injunction, they did not move for a preliminary injunction at all.  This was because they did not suffer any irreparable harm and therefore felt no urgency.  Consequently, the harm that Defendant will suffer far outweighs that suffered by Plaintiffs.

4.    **Public Interest.**

As a general matter, the "public interest" is harmed where, as here, a lower court invalidates or enjoins a duly enacted statute. *See, e.g.*, *Golden Gate Rest. Ass'n v. City & Cty. of San Francisco*, 512 F.3d 1112, 1126-27 (9th Cir. 2009) (recognizing that the "public interest may be declared in the form of a statute").

By invalidating or enjoining Hawaii's permitting and registration statutes, the public interest is being harmed. Moreover, the issue of firearms clearly implicates public safety, which is also a matter of public interest.

Since all four factors weigh in favor of Defendant, a stay pending appeal should be granted. Even if this Court decides that the likelihood of success is minimal, the Ninth Circuit applies a sliding scale balancing test and the weight of the other factors should balance out that factor.

**B.    If this Court Denies a Stay Pending Appeal, It Should at Least Grant an Administrative or Temporary Stay Pending a Motion for Stay Pending Appeal Filed in the Ninth Circuit.**

If this Court denies a stay pending appeal, Defendant further requests that this Court issue an administrative or temporary stay that stays its Order and Judgment while the Ninth Circuit considers whether to grant a full stay pending appeal. Under Ninth Circuit law, an administrative or temporary stay is "intended to preserve the status quo until the substantive motion for a stay pending appeal

can be considered on the merits[.]" *Al Otro Lado v. Wolf*, 945 F.3d 1223, 1224 (9th Cir. 2019); *Doe #1 v. Trump*, 944 F.3d 1222, 1223 (9th Cir. 2019).

Granting an administrative or temporary stay would maintain the status quo in this case and minimize unnecessary disruption and confusion. At least while Defendant's motion to stay is pending in the Ninth Circuit, an administrative or temporary stay should be put in place to prevent the likely chaos and irreparable harm from occurring.

## IV.   CONCLUSION

Based on the foregoing reasons and authorities, Defendant respectfully requests that the Order and Judgment in this case be stayed pending appeal. If the Court denies a stay pending appeal, Defendant also requests that this Court grant an administrative or temporary stay pending proceedings associated with a motion for stay pending appeal filed in the Ninth Circuit.

//

//

//

//

//

//

//

DATED:  Honolulu, Hawaii, August 31, 2021.

STATE OF HAWAI'I

CLARE E. CONNORS
Attorney General
State of Hawai'i

/s/ Kendall J. Moser
KENDALL J. MOSER
Deputy Attorney General

Attorneys for Defendant
CLARE E. CONNORS, in her
Official Capacity as the Attorney
General of the State of Hawai'i