Alan Alexander Beck
Law Office of Alan Beck
2692 Harcourt Drive
San Diego, CA  92123
(619) 905-9105
Hawaii Bar No. 9145
Alan.alexander.beck@gmail.com

Stephen D. Stamboulieh
Stamboulieh Law, PLLC
P.O. Box 428
Olive Branch, MS  38654
(601) 852-3440
stephen@sdslaw.us
MS Bar No. 102784
*Admitted Pro Hac Vice*
Attorneys for Plaintiffs

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| TODD YUKUTAKE and DAVID KIKUKAWA | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 19-578 (JMS-RT) |
| v. | ) ) | |
| CLARE E. CONNORS, in her Official Capacity as the Attorney General of the State of Hawaii | ) ) ) ) ) | MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO STAY [113] |
| | ) ) ) | JUDGE: Hon. J. Michael Seabright |
| Defendants. | ) ) | |
| _____ | ) | |

### MEMORANDUM IN OPPOSITION TO
### DEFENDANT'S MOTION TO STAY

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................ iii

I.  Introduction ........................................................................................1

II.  Legal Standard ...................................................................................2

III.  Argument ...........................................................................................3

  A.  This Court Should Not Grant A Stay Pending Appeal......................3

  1.  The Defendant Has Not Demonstrated a Likelihood of Success on the Merits....................................................................................................3

  2.  Irreparable Harm ............................................................................6

  3.  The Balance of the Equities Favors the Plaintiffs .......................13

  4.  The Public Interest Does Not Favor a Stay Pending Appeal ......17

IV.  No Legislative "Fix"........................................................................19

V.  Conclusion .......................................................................................20

## TABLE OF AUTHORITIES

**Cases**

*Alanoa Nickel v. Clare E. Connors, et al.,* 1:20-cv-00330-JMS-RT ........................20

*Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127 (9th Cir. 2011) ...............13

*Am. Bev. Ass'n v. City & Cty. of S.F.*, 916 F.3d 749 (9th Cir. 2019) .......................17

*Am. Trucking Ass'ns v. City of L.A.*, 559 F.3d 1046 (9th Cir. 2009) ........................6

*Ariz. Dream Act Coalition v. Brewer,* 757 F.3d 1053 (9th Cir. 2014) ............. 11, 17

*Baker v. Kealoha,* 1:11-cv-528-ACK-KSC .........................................................1, 13

*City of Los Angeles v. Alameda Books, Inc*., 535 U.S. 425, 122 S. Ct. 1728, 152 L. Ed. 2d 670 (2002) ....................................................................................................4

*Coal. for Econ. Equity v. Wilson*, 122 F.3d 718 (9th Cir. 1997) ...............................7

*District of Columbia v. Heller*, 554 U.S. 570, 128 S. Ct. 2783 (2008) ....................8

*Douglas v. Indep. Living Ctr. of S. California, Inc*., 565 U.S. 606, 132 S. Ct. 1204, 182 L. Ed. 2d 101 (2012) .......................................................................................7

*Duncan v. Becerra*, 366 F. Supp. 3d 1131 (S.D. Cal. 2019) ....................................9

*Duncan v. Becerra*, No. 17-cv-1017-BEN-JLB, 2019 U.S. Dist. LEXIS 63045 (S.D. Cal. Apr. 4, 2019) .........................................................................................8

*Elrod v. Burns*, 427 U.S. 347, 96 S. Ct. 2673, 49 L. Ed. 2d 547 (1976) ................12

*Ezell v. City of Chi*., 651 F.3d 684 (7th Cir. 2011) .................................................12

*Fisher v. Kealoha*, No. 11-00589 ACK-BMK, 2012 U.S. Dist. LEXIS 90734 (D. Haw. June 29, 2012)............................................................................ 2, 12, 17, 19

*Fotoudis v. City & Cty. of Honolulu*, 54 F. Supp. 3d 1136 (D. Haw. 2014) ... 12, 13, 17, 19, 20

*Heller v. Dist. of Columbia*, 801 F.3d 264, (D.C. Cir. 2015) (*Heller III*) .................6

*Hernandez v. Sessions*, 872 F.3d 976 (9th Cir. 2017) .............................................12

*Hilton v. Braunskill*, 481 U.S. 770, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987).........2

*Indep. Living Ctr. of S. California, Inc. v. Maxwell-Jolly*, 572 F.3d 644 (9th Cir. 2009)................................................................................................7

*Jackson v. City & Cty. of S.F.*, 746 F.3d 953 (9th Cir. 2014)........................ 1, 4, 5

*Klein v. City of San Clemente*, 584 F.3d 1196 (9th Cir. 2009)...............................17

*Lair v. Bullock*, 697 F.3d 1200 (9th Cir. 2012) ........................................................3

*Latta v. Otter*, 771 F.3d 496 (9th Cir. 2014)............................................................7

*Leiva-Perez v. Holder*, 640 F.3d 962 (9th Cir. 2011).............................................3

*Lydo Enters. v. Las Vegas*, 745 F.2d 1211 (9th Cir. 1984) ....................................14

*Maryland v. King*, 567 U.S. 1301, 133 S.Ct. 1, 3, 183 L. Ed. 2d 667 (2012) ..........7

*McDonald v. City of Chi.*, 561 U.S. 742, 130 S. Ct. 3020 (2010) ............................8

*Melendres v. Arpaio*, 695 F.3d 990 (9th Cir. 2012) ...............................................12

*New Motor Vehicle Bd. v. Orrin W. Fox Co.*, 434 U.S. 1345, 98 S. Ct. 359 (1977).7

*Nken v. Holder,* 556 U.S. 418  (2009) .......................................................................2

*Oakland Tribune, Inc. v. Chronicle Pub. Co.*, 762 F.2d 1374 (9th Cir. 1985)........15

*Parker v. District of Columbia*, 311 F. Supp. 2d 103 (D.D.C. 2004)......................16

*Parker v. District of Columbia*, 375 U.S. App. D.C. 140, 478 F.3d 370, 378 (2007)
.......................................................................................................................16

*Preminger v. Principi*, 422 F.3d 815 (9th Cir. 2005) .............................................17

*Tribal Village of Akutan v. Hodel*, 859 F.2d 662 (9th Cir. 1988)............................1

*United States v. Windsor*, 570 U.S. 744, 133 S. Ct. 2675 (2013)...........................13

*Univ. of Tex. v. Camenisch*, 451 U.S. 390, 101 S. Ct. 1830 (1981) ................ 15, 16

*Valle del Sol Inc. v. Whiting,* 732 F.3d 1006 (9th Cir. 2013) .................... 11, 13, 17

*Virginian Ry. Co. v. United States*, 272 U.S. 658, 47 S. Ct. 222, 71 L. Ed. 463 (1926) ...........................................................................................................2

*Winter v. NRDC, Inc.*, 555 U.S. 7, 129 S. Ct. 365 (2008) ...............................2, 15

*Young v. Hawaii*, 992 F.3d 765  (9th Cir. 2021).....................................................11

iv

*Yukutake v. Conners*, No. 19-00578 JMS-RT, 2021 U.S. Dist. LEXIS 153586 (D. Haw. Aug. 16, 2021) .......................................................................................4

*Zimmerman v. Oregon Dept. of J.*, 170 F.3d 1169 (9th Cir. 1999) ..........................6

**Statutes**

H.R.S. § 134-2................................................................................................. 19, 20

**Other Authorities**

State of Haw., Dep't of the Att'y Gen., Opinion Letter No. 18-1, Availability of Unconcealed-Carry Licenses (Sept. 11, 2018) (https://ag.hawaii.gov/wp-content/uploads/2018/09/AG-Opinion-No.-18-1.pdf) (Att'y Gen. Letter) ...........11

**Rules**

Fed. R. Civ. Pro. 65(b) ............................................................................................15

Come now the Plaintiffs, by and through counsel of record, and for their response to Defendant's Motion to Stay ("the Motion"), show unto the Court the following:

## I. <u>Introduction</u>

Plaintiffs do not disagree with the Defendant's recitation of the procedural posture of the case and the filings which have taken place so far on the docket. Plaintiffs, however, fully disagree that Defendant is entitled to a stay pending appeal or an administrative stay or even a temporary stay pending a motion to the Ninth Circuit.

As discussed in detail below, there are four stay factors, each of which Defendant must demonstrate she satisfies to qualify for a stay.  The Defendant cannot even satisfy the first prong which is to demonstrate a likelihood of success of the merits. "The standard for determining whether to grant a stay pending appeal is similar to the standard for issuing a preliminary injunction." *See Baker v. Kealoha,* 1:11-cv-528-ACK-KSC at 4. [Docket #63] (citing *Tribal Village of Akutan v. Hodel*, 859 F.2d 662, 663 (9th Cir. 1988).  Therefore, this inquiry should end there. *See Jackson v. City & Cty. of S.F.*, 746 F.3d 953, 970 (9th Cir. 2014) ("We therefore conclude that Jackson has not carried her burden of showing she is likely to succeed on the merits. Accordingly, we need not reach the remaining preliminary injunction factors.")

Instead, Defendant presents to this court an article about ammunition magazines which has nothing to do with the instant laws being found unconstitutional and violative of Plaintiffs' Second Amendment rights. Moreover, the Defendant also fails the other three prongs of the test to grant a stay as shown below. This Court should not stay this case because the Defendant has failed make the requisite showing under the applicable standards.

## II. <u>Legal Standard</u>

"A stay is not a matter of right. . . . It is instead 'an exercise of judicial discretion' . . . [that] 'is dependent upon the circumstances of the particular case.'" [*Nken v. Holder,* 556 U.S. 418, 433 (2009)] (internal citations omitted) (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672-73, 47 S. Ct. 222, 71 L. Ed. 463 (1926)). Judicial discretion in exercising a stay is to be guided by the following legal principles, as distilled into a four factor analysis in *Nken*: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.' *Id*. at 434 (citing *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987)).[1] 'The party requesting a stay

---

[1] *See Fisher v. Kealoha*, No. 11-00589 ACK-BMK, 2012 U.S. Dist. LEXIS 90734, at *16-17 (D. Haw. June 29, 2012). "Pursuant to the standard set forth in *Winter*, even where a likelihood of success on the merits is established, a mere possibility of

bears the burden of showing that the circumstances justify an exercise of [this Court's] discretion.' *Id*. at 433-34." *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012).  "At a minimum, a petitioner must show that there is a substantial case for relief on the merits." *Lair*, 697 F.3d at 1204 (*citing Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011) (per curiam) (punctuation omitted).

### III.   <u>Argument</u>

**A. <u>This Court Should Not Grant A Stay Pending Appeal</u>**

**1.   <u>The Defendant Has Not Demonstrated a Likelihood of Success on the Merits</u>**

The Defendant has not demonstrated that she has a likelihood of success on the merits or that she has a substantial case for relief on the merits.  Instead, Defendant largely reurges the same arguments made in her Cross Motion for Summary Judgment.  Compare Motion to Stay p.9 [PageId # 1031] to Def.'s Cross-Motion p.14 [PageID #714-715].  The Defendant then states that "[e]ven if this Court ultimately disagrees with Defendant's arguments, Defendant has at least shown that 'serious legal questions' exist or that a 'substantial case' exists as to whether public safety would be 'achieved less effectively' absent the challenged permitting and

---

irreparable injury is insufficient to warrant preliminary injunctive relief, because '[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with [the Supreme Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief')."

registration requirements." Defendant stated that "intermediate scrutiny should be applied." Motion to Stay p.9 [PageId # 1031].

This Court already rejected Defendant's arguments in its Opinion granting Plaintiffs' Motion for Summary Judgment. But this Court did agree with Defendant in applying intermediate scrutiny. *See* Opinion p.2 [PageID # 980]. The Defendant has not put forth any effort into demonstrating how this Court's Opinion is legally incorrect, instead the Defendant copies and pastes from her Cross Motion arguments which this Court has already considered and disposed of.

Under intermediate scrutiny, in order to determine a reasonable fit "we review the legislative history of the enactment as well as studies in the record or cited in pertinent case law." *Jackson*, 746 F.3d at 969. "Of course, the municipality's evidence must fairly support the municipality's rationale for its ordinance, *City of Los Angeles v. Alameda Books, Inc*., 535 U.S. 425, 438, 122 S. Ct. 1728, 152 L. Ed. 2d 670 (2002) (plurality), and courts should not credit facially implausible legislative findings." *Jackson*, 746 F.3d at 969. (punctuation omitted).

Unlike the "ample evidence"[2] that the laws at issue in *Jackson* promoted public safety, here, the Defendant failed to produce "any evidence" that the laws at issue promoted public safety. *Yukutake v. Conners*, No. 19-00578 JMS-RT, 2021 U.S. Dist. LEXIS 153586, at *17 (D. Haw. Aug. 16, 2021). "Indeed, as the

---

[2] *Jackson v. City & Cty. of S.F.*, 746 F.3d 953, 966 (9th Cir. 2014)

Government conceded during oral argument, its arguments boil down to simple 'common sense.'" *Id.* Even when asked by this Court whether it could produce additional evidence at trial to support either of its laws, the Defendant expressly stated she could not.[3]   Even in its Motion to Stay, the Defendant produces no evidence and instead relies on a conclusory statement from a House Journal discussing registration in general.   That statement does not show how or why the laws at issue here promote public safety. That is not enough to satisfy intermediate scrutiny.   And in its Motion to Stay, the Defendant expressly concedes that this Court was correct in applying intermediate scrutiny. *See* Motion at *9. ("Consequently, intermediate scrutiny should be applied"). Therefore, the Ninth Circuit will apply at least that on appeal.

As to both laws, the Defendant has failed to make a substantial case that the result will be any different on appeal.   Unlike *Jackson* which the Defendant relies on, and every other Ninth Circuit case which has upheld a weapons law under intermediate scrutiny, here, the Defendant failed to produce any evidence that the expiry date promotes public safety.   And that is what circuit precedent demands.

---

[3] After Defendant represented that she would appeal the Court's decision, the Plaintiffs ordered a transcript of the summary judgment hearing. However, Plaintiffs do not have it in their possession at the time of filing this opposition, and thus, do not have a record citation to the transcript.

Therefore, the Defendant has failed in her duty to make a substantial case that the result will be different on appeal.  Thus, the stay should be denied.

As to the specific issue of the bring-your-gun-to-the-station requirement, an identical requirement was already struck down by the D.C. Court of Appeals in *Heller v. Dist. of Columbia*, 801 F.3d 264, (D.C. Cir. 2015) (*Heller III*).  To put it bluntly, not only does the Defendant not have a likelihood of success on the merits, the Ninth Circuit, would have to <u>create</u> a circuit split in order to rule in favor of Defendant on the in-person registration issue. And the Ninth Circuit has warned against creating circuit splits and is "hesitant to create such a split, and we do so only after the most painstaking inquiry…" *Zimmerman v. Oregon Dept. of J.*, 170 F.3d 1169, 1184 (9th Cir. 1999).

Because the Defendant has utterly failed to demonstrate how this Court's eminently correct opinion might be overturned on appeal, she fails to satisfy the first prong of the stay test.  And this Court's inquire should end here.  However, if this Court is inclined to analyze the next stay factor, it should find that the Defendant has completely failed to make a showing of irreparable harm.

## 2.  <u>Irreparable Harm</u>

"[A]n injunction cannot issue merely because it is possible that there will be an irreparable injury to the plaintiff; it must be likely that there will be". *Am. Trucking Ass'ns v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009). By analogy the

same applies to a stay. Defendant cites to *Coal. for Econ. Equity v. Wilson*, 122 F.3d 718, 719 (9th Cir. 1997) for the proposition that "a state suffers irreparable injury whenever an enactment of its people or their representatives is enjoined."  This statement comes from then-Justice Rehnquist ruling on an application for a stay from chambers, and not a pronouncement from the Supreme Court.  Justice Rehnquist stated that, "[i]t also seems to me that any time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury." *New Motor Vehicle Bd. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1351, 98 S. Ct. 359, 363 (1977) (Per Rehnquist, J., as Circuit Justice).

Yet, as Judge Benitez stated:

> The Ninth Circuit, however, has never adopted this view. *Latta v. Otter*, 771 F.3d 496, 500 n.1 (9th Cir. 2014) ("Individual justices, in orders issued from chambers, have expressed the view that a state suffers irreparable injury when one of its laws is enjoined. *See Maryland v. King*, 567 U.S. 1301, 133 S.Ct. 1, 3, 183 L. Ed. 2d 667 (2012) (Roberts, C.J., in chambers); *New Motor Vehicle Bd. of California v. Orrin W. Fox Co.*, 434 U.S. 1345, 1351, 98 S. Ct. 359, 54 L. Ed. 2d 439 (1977) (Rehnquist, J., in chambers). No opinion for the Court adopts this view.").

> The Attorney General may be correct, but it does not end the inquiry. "As the cited authority suggests, a state may suffer an abstract form of harm whenever one of its acts is enjoined. To the extent that is true, however, it is not dispositive of the balance of harms analysis. If it were, then the rule requiring 'balance' of 'competing claims of injury' would be eviscerated." *Indep. Living Ctr. of S. California, Inc. v. Maxwell-Jolly*, 572 F.3d 644, 658 (9th Cir. 2009), *vacated on other grounds and remanded sub nom. Douglas v. Indep. Living Ctr. of S. California, Inc.*, 565 U.S. 606, 132 S. Ct. 1204, 182 L. Ed. 2d 101 (2012). "Federal courts instead have the power to enjoin state actions, in part, because

7

those actions sometimes offend federal law provisions [or in this case, one of the Bill of Rights], which, like state statutes, are themselves 'enactments of its people or their representatives.'" *Id.* (emphasis in original) (citation omitted).

*Duncan v. Becerra*, No. 17-cv-1017-BEN-JLB, 2019 U.S. Dist. LEXIS 63045, at *4-5 (S.D. Cal. Apr. 4, 2019).

If this Court adopts the Defendant's theory, then a stay pending appeal should always be granted. That would mean that no plaintiff would receive the relief he has been granted until a lengthy appeals process is concluded.  This is not the law. And adopting such a rule would make for bad public policy because a plaintiff who has demonstrated in court that his or her constitutional rights have been (and are being) violated deserves to have those violations enjoined.

The Defendant attempts to cast the Court's Opinion as creating "chaos for the State of Hawaii and all four counties."  *See* Motion at p. 11 [PageID #1033].  How so?  The Defendant claims that this Opinion "will encourage more people to apply for permits and registrations."  *Id*.  This statement is shocking because we are dealing with an enumerated fundamental right.  The Supreme Court held that "… the American people have considered the handgun to be the quintessential self-defense weapon."  *District of Columbia v. Heller*, 554 U.S. 570, 629, 128 S. Ct. 2783, 2818 (2008).  The Defendant is worried that more people will apply for permission to exercise a right found to be a "fundamental right[] necessary to our system of ordered liberty."  *McDonald v. City of Chi.*, 561 U.S. 742, 778, 130 S. Ct. 3020, 3042 (2010).

8

This case is not about eliminating background checks or the already burdensome permit system Hawaii employs.  It is about two discrete areas of Hawaii law, one of which just became law in 2020.[4]

Then, the Defendant cautions that the "county police departments will not be able to handle the influx of new applications, especially during a pandemic."  Motion at p. 11 [PageID #1033]  (which at this point is unsubstantiated speculation on the part of Defendant because the judgment has not been entered).  However, the Court's Opinion alleviates a big portion of this "problem" because now, the county police departments will not be burdened with the additional staff time required to inspect a firearm, thus allowing them to process additional applications. Additionally, the county police departments will not be burdened with permits to acquire becoming automatically voided by expiration of the ten-day validity period and those individuals having to reapply and use more police resources.  And to top it off, the county police departments will now be even less subjected to exposure of potential COVID issues because it will not have to expose their staffs to individuals coming back again and again for registration or additional visits.

The Defendant cites to *Duncan v. Becerra*, 366 F. Supp. 3d 1131 (S.D. Cal. 2019), a law which found unconstitutional California's ban on "Large Capacity

---

[4] *See* footnote 5 of the Court's Opinion, acknowledging that the prior law did not "expressly require in-person registration of firearms."  [PageID #983].

Magazines" ("LCM").   Motion at p. 11 [PageID #1033].   But that case is a completely different type of case, as LCMs are not registered, do not undergo a 14-day background check, and have no relation to the instant case whatsoever.   The Defendant's inclusion of this is a red herring because even if the judgment in this case is entered today, Hawaiians still will undergo the mandatory 14-day background check and waiting period and will still be required to do all of the other things Hawaii law mandates, including being entered into the Rap Back database.   The Court need not worry that millions of handguns are going to be shipped to Hawaii because in-person registration and the ten-day expiration of a permit is found unconstitutional and the Defendant's attempt at implying that the issues are even remotely similar is disingenuous.

Additionally, the Defendant posits that "[p]olice officials may start treating permits to acquire as being valid indefinitely."   Motion at p. 12 [PageID #1034].   Well, as the Defendant stated in her Cross-Motion for Summary Judgment, "each permit is good for only one thing" and "a separate application and permit is required for each transaction."   *See* Def.'s Cross Motion, p. 14 [PageID # 715].   It strains credulity that a person is going to go purchase a handgun, go through the 14-day waiting period, receive a permit to acquire, pick up the permit to acquire, and then… not pick up the firearm they already paid for and waited for after taking off time from work to go through the laborious process.   And, as the Defendant admitted in

her Cross-Motion, that permit to acquire "is only good for one thing", and that is to purchase the handgun that the permit authorizes the person to purchase.

Defendant complains that it "is also likely that, whatever each county police department decides to do, the standards will vary between the counties." *See* Motion at p. 12 [PageID # 1034]. As the Attorney General, the Defendant is in the prime position to clarify what she believes the law is after the judgment is issued. The previous Attorney General did just that when *Young v. State of Hawaii* was pending en banc in the Ninth Circuit.[5]

The Plaintiffs', on the other hand, will suffer irreparable harm if the stay is granted. Plaintiffs suffer from "'an irreparable injury' — he has been deprived of a constitutionally-protected right. *See, e.g., Valle del Sol Inc. v. Whiting,* 732 F.3d 1006, 1029 (9th Cir. 2013) (reiterating that 'an alleged constitutional infringement will often alone constitute irreparable harm') (citation omitted); *Ariz. Dream Act Coalition v. Brewer,* 757 F.3d 1053, 2014 WL 3029759, at *11 (9th Cir. 2014) (upholding finding of likelihood of irreparable harm upon violation of equal

---

[5] *See Young v. Hawaii*, 992 F.3d 765, 776 (9th Cir. 2021) "After this litigation began, the Hawai'i Attorney General issued a formal opinion interpreting § 134-9's requirements and clarified that § 134-9 does not reserve open-carry permits to security guards. *See* State of Haw., Dep't of the Att'y Gen., Opinion Letter No. 18-1, Availability of Unconcealed-Carry Licenses (Sept. 11, 2018) (https://ag.hawaii.gov/wp-content/uploads/2018/09/AG-Opinion-No.-18-1.pdf) (Att'y Gen. Letter)."

protection, and stating that '[i]rreparable harm is traditionally defined as harm for which there is no adequate legal remedy, such as an award of damages')" *Fotoudis v. City & Cty. of Honolulu*, 54 F. Supp. 3d 1136, 1145 (D. Haw. 2014).

"It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (*quoting Elrod v. Burns*, 427 U.S. 347, 373, 96 S. Ct. 2673, 49 L. Ed. 2d 547 (1976))." *Hernandez v. Sessions*, 872 F.3d 976, 994-95 (9th Cir. 2017). *See also Ezell v. City of Chi*., 651 F.3d 684, 700 (7th Cir. 2011) (a deprivation of the right to arms is "irreparable and having no adequate remedy at law"). "At issue in this litigation is the alleged infringement of Plaintiff's right to bear arms for self-defense within the home, the very right that the *Ezell* court considered." *Fisher v. Kealoha*, No. 11-00589 ACK-BMK, 2012 U.S. Dist. LEXIS 90734, *40 (D. Haw. June 29, 2012). Because this Court found the two provisions at issue are unconstitutional, there is no question that the Plaintiffs' rights are being violated by these two provisions.  A stay impermissibly prolongs these constitutional violations.

It is the Defendant which has not shown a likelihood of irreparable harm. Her "evidence" consists of what happened during a completely inapposite situation in California regarding ammunition magazines and a concern that more people will exercise their constitutional rights. And then an extremely farfetched hypothetical where the County Police will start registering weapons which are still illegal under

other provisions of Hawaii law. The Counties did not inadvertently begin allowing illegal aliens to own firearms after this Court's ruling in *Fotoudis v. City & Cty. of Honolulu*, 54 F. Supp. 3d 1136 (D. Haw. 2014). There is no reason to believe that they will begin allowing the registration of illegal firearms after this ruling. The Defendant's rationale for granting this stay is puffery and "legalistic argle-bargle" put forward solely to prolong a blatantly unconstitutional regime. *See United States v. Windsor*, 570 U.S. 744, 799, 133 S. Ct. 2675, 2709 (2013) (Scalia, J., dissenting). The Defendant has completely failed to show a likelihood of irreparable harm. And thus, has failed to satisfy this prong of the stay test.

### 3.  <u>The Balance of the Equities Favors the Plaintiffs</u>

The balance of hardships tips sharply in Plaintiffs' favor. This factor considers "the balance of hardships between the parties." *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1137 (9th Cir. 2011). The Defendant "cannot suffer harm from an injunction that merely ends an unlawful practice or reads a statute as required to avoid constitutional concerns." *Rodriguez v. Robbins*, 715 F.3d 1127, 1145 (9th Cir. 2013); see *Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1029 (9th Cir. 2013) ("[I]t is clear that it would not be equitable . . . to allow the state . . . to violate the requirements of federal law." (citations omitted)). And Judge Kay has found "whether issuance of the stay will substantially injure the other parties interested in the proceeding" is another way to formulate this prong. *See Baker v Kealoha*

[Docket #63, p.4]. There is no doubt that Plaintiff will suffer substantial harm if this stay is granted.  As stated in Plaintiffs Verified Amended Complaint, and their Motion for Summary Judgment, Plaintiffs wish to purchase firearms, including handguns, in the future.  *See generally* Verified Amended Complaint [Docket # 78, ¶¶ 50-77] and Motion for Summary Judgment [Docket # 85-1, pp.1-2]. Thus, they suffer ongoing violations of their constitutional rights if this Court grants a stay.

The Defendant erroneously states that the Plaintiffs "suffer no harm by a stay at all."  Motion at p. 13 [PageID #1035].  As briefed above, these provisions were declared facially unconstitutional.  Defendant never grapples with this, but instead just proclaims Plaintiffs were merely "inconvenienced" by having to take time off work and use their permits before they expired in ten days.  *Id*.  This position completely eviscerates the Court's holding that the provisions are unconstitutional as the Defendant still considers them mere inconveniences instead of violations of constitutional rights.

As to Defendant's argument that Plaintiffs did not move for a preliminary injunction at the onset of litigation, this position finds no favor in the law and fundamentally misunderstands the litigation process.  Defendant cites to *Lydo Enters. v. Las Vegas*, 745 F.2d 1211 (9th Cir. 1984) for the proposition that "[a] delay in seeking a preliminary injunction is a factor to be considered in weighing the propriety of relief."  And that is true in seeking a preliminary injunction, a party

14

cannot sit on its hands and then complain to the court years later and demand immediate relief.  Same for the Defendant's other cited case, *Oakland Tribune, Inc. v. Chronicle Pub. Co.*, 762 F.2d 1374 (9th Cir. 1985).  These are both preliminary injunction appeals cases.  They have no bearing on the instant case.

If, under Defendant's theory, a plaintiff must move for a preliminary injunction any time a statute is challenged on constitutional grounds, the courts would be swamped with pleadings, some of which take precedence on the docket over almost all other filings (*see* Fed. R. Civ. Pro. 65(b) (discussing Temporary Restraining Orders and expediting Preliminary Injunction hearings if granted).

It would also contradict the Supreme Court's admonition that "[a] preliminary injunction is an extraordinary remedy never awarded as of right". *Winter v. NRDC, Inc.*, 555 U.S. 7, 9, 129 S. Ct. 365, 367 (2008).  Preliminary injunctions are not supposed to be filed to litigate the merits of a case. "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395, 101 S. Ct. 1830, 1834 (1981). It simply was not appropriate to seek a preliminary injunction in the instant case because the complained of conduct was already in effect at the onset of litigation. Plaintiffs worked as quickly as possible to resolve the merits of their claims by moving directly to summary judgment. A preliminary injunction would have actually delayed the resolution of the overall case because this Court would

have had to resolve the preliminary injunction before moving forward to the merits stage of the litigation.   Defendant's theory is obviously not the law. Just as a preliminary injunction is an extraordinary remedy, so is the stay which Defendant's seek. Defendant's rationale for wishing one does not meet this extraordinary standard. Rather it runs contrary to prior practice.

In *Parker v. District of Columbia*, 311 F. Supp. 2d 103 (D.D.C. 2004), which is the case that later became the seminal *Heller* case in the United States Supreme Court, there is no mention of a filing of a preliminary injunction.  In fact, *Parker* was dismissed because the district court rejected "the notion that there is an individual "right to bear arms separate and apart from service in the Militia…"  *Id.* at 109.  The D.C. Circuit Court reversed, finding that "Heller has standing to raise his § 1983 challenge to specific provisions of the District's gun control laws." *Parker v. District of Columbia*, 375 U.S. App. D.C. 140, 148, 478 F.3d 370, 378 (2007).  Again, no mention of a preliminary injunction.  And the reason why, is that a preliminary injunction is not a prerequisite to filing a lawsuit challenging a statute on constitutional grounds, and perhaps if there were a case that stood for that proposition, Defendant would have cited to it. "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395, 101 S. Ct. 1830, 1834 (1981).

"[T]he balance of the equities tips in Plaintiff's favor. Defendants have not offered any arguments to the contrary". *Fisher,* 2012 U.S. Dist. LEXIS 90734, at *46. ""[I]t is clear that it would not be equitable or in the public's interest to allow the state . . . to violate the requirements of federal law, especially when there are no adequate remedies available." *Ariz. Dream Act Coalition,* 757 F.3d 1053, 2014 WL 3029759, at *12 (quoting *Valle del Sol,* 732 F.3d at 1029)." *Fotoudis v. City & Cty. of Honolulu*, 54 F. Supp. 3d 1136, 1145 (D. Haw. 2014).

### 4.  **The Public Interest Does Not Favor a Stay Pending Appeal**

When challenging government action that affects the exercise of constitutional rights, "[t]he public interest . . . tip[s] sharply in favor of enjoining the" law. *Klein v. City of San Clemente*, 584 F.3d 1196, 1208 (9th Cir. 2009). As the Ninth Circuit has made clear, "all citizens have a stake in upholding the Constitution" and have "concerns [that] are implicated when a constitutional right has been violated." *Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir. 2005). The public interest thus tips sharply in Plaintiffs' favor. *Klein*, 584 F.3d at 1208.

The Ninth Circuit has squarely addressed the "public interest" factor when dealing with constitutional rights, and in this case, it supports the Plaintiffs: "it is always in the public interest to prevent the violation of a party's constitutional rights." *Am. Bev. Ass'n v. City & Cty. of S.F.*, 916 F.3d 749, 758 (9th Cir. 2019).

Here, more specifically the public interest will be served because the County where Plaintiffs live are making access to HPD difficult due to Covid.  Right now, only 40 people may visit HPD firearms department a day. "Beginning September 7, 2021, the number of walk-in Permit-to-Acquire applicants on Tuesday and Thursday will be reduced to the first 40 people in line."[6],[7] The Defendant may respond that it is not her fault that HPD limits this, but she bears responsibility in delaying the Judgment of this Court which will undeniably allow County police departments to allow for additional appointments because they will no longer have to conduct in-person registrations and will no long arbitrarily invalidate permits to acquire.

Someone who wishes to get a permit to acquire or register a firearm must show up first thing in the morning to try and be part of the forty which are given numbers. *See* Declaration of Jon Abbott, Exhibit "1." Getting a number can take multiple trips due to their scarcity. If and only if a person is lucky enough to get a number, they must wait until called to come back when called by HPD. *Id.*  A person has no way of knowing when they will be called. *Id*. Therefore, a person that gets a

---

[6] *See* https://www.honolulupd.org/information/firearms/?fbclid=IwAR0IdKT7JGdsyk5JU5Kf0hAGfVZIgxy9JP7kvK8aOs2VN6fpTvp9Ei3BDok (last visited 9/5/2021).
[7] The Governor has even warned of moving to "extreme measures, lockdowns and potentially shutting businesses."  *See* https://www.hawaiinewsnow.com/2021/08/27/ige-says-extreme-measures-possible-if-covid-surge-worsens/?fbclid=IwAR35l734f4Tg2_mKfGgnuB2_s40z7tVEudZwmPfHNhJNzlAb9AyOjnHTcM0 (last visited 9/7/2021).

18

number must take all day off from work while hoping he will be called by HPD. *Id.* Denying the stay is in the public interest because this will lessen the traffic at HPD for reasons stated above. This will place less of a burden on both HPD and the public.

""[T]he public interest and the balance of the equities favor 'prevent[ing] the violation of a party's constitutional rights." *Fotoudis v. City & Cty. of Honolulu*, 54 F. Supp. 3d 1136, 1145 (D. Haw. 2014) (citation omitted). This Court should conclude "that it is in the public interest to uphold Plaintiff[s'] Constitutional right to bear arms in self-defense within the home, and accordingly finds that this factor weighs in favor of" denying the Defendant's stay motion. *Fisher v. Kealoha*, 2012 U.S. Dist. LEXIS 90734, *44, 2012 WL 2526923.

## IV.   No Legislative "Fix"

In Defendant's correspondence to this Court on August 25, 2021, she represented that she wanted to discuss with the Court, among other things, "Defendant's effort to seek amendment of the subject statutes in the Hawaii Legislature.  [Docket #108].  In her Motion, Defendant simply states "there has not been time for the Legislature to enact statutes to replace those invalidated by the District Court…"  Motion at p.11 [PageID #1033].  What are these efforts to seek amendment to the subject statutes?  The Motion doesn't say.  And it is no secret that the Attorney General cannot mandate the Legislature adopt "fixes" to constitutionally infirm statutes. Previously this Court struck H.R.S. § 134-2's ban on

green card holders and U.S. Nationals from owning firearms as violating the Second Amendment. *See Fotoudis v. City & Cty. of Honolulu*, 54 F. Supp. 3d 1136, 1145 (D. Haw. 2014) and *Alanoa Nickel v. Clare E. Connors, et al.,*1:20-cv-00330-JMS-RT Doc. No. [77]. That offending provision of H.R.S. §134-2 is still on the books.

## V.   <u>Conclusion</u>

This Court should deny the Defendant's motion and allow Plaintiffs, as well as all the People of Hawaii, to exercise their rights free from the challenged unconstitutional laws.

Dated: September 13, 2021

*/s/ Alan Alexander Beck*
Alan Alexander Beck

*/s/ Stephen D. Stamboulieh*
Stephen D. Stamboulieh
*\*Admitted Pro Hac Vice*

Attorneys for Plaintiffs